UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

THE ECLIPSE GROUP LLP, a California limited-liability partnership,

Plaintiff,

v.

TARGET CORPORATION, et al.,

Defendants.

Case No.: 15cv1411-JLS-BLM

**ORDER GRANTING MOTION FOR PERMISSIVE INTERVENTION**

(ECF No. 49)

Presently before the court is intervenor applicant Stephen M. Lobbin's *Ex Parte* Motion to Intervene (Interv. Mot. II) (ECF No. 49). For the reasons stated below, the Court **GRANTS** Lobbin's Intervention Motion.

**BACKGROUND**

This case arises out of a fee dispute between plaintiff law firm The Eclipse Group LLP (Plaintiff) and Defendants who, among others, are Plaintiff's former clients. (Compl. ¶¶ 12, 17, 21, 26, ECF No. 1.) Movant attorney Stephen Lobbin stated in his first Motion to Intervene, (ECF No. 38), that he worked with Plaintiff as an independent contractor, and that he "acted as lead (and, most often, sole) counsel during the entire course of the representations that are the subject and focus of this action." (*Id.* at 2–3 & n.2.) Based on his work in these representations, Lobbin states that he is entitled to a significant portion of the sums Plaintiff seeks in this case, but that "Plaintiff has expressly repudiated

[Lobbin's] entitlement to his contractual share of the unpaid attorney fees to be recovered from the Defendants." (*Id.* at 3.) Accordingly, Lobbin seeks to intervene in this matter to protect his interests.

On May 26, 2016, the Court issued an Order denying with prejudice Lobbin's motion to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a), and denying without prejudice Lobbin's motion for permissive intervention pursuant to Federal Rule of Civil Procedure 24(b). (First Interv. Order) (ECF No. 48.) Lobbin has again moved for permissive intervention, addressing the concerns the Court expressed in its First Intervention Order. The Court now considers Lobbin's current motion.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 24(b) provides the basis for permissive intervention. Applicants seeking intervention under Rule 24(b) must meet three criteria:

> (1) the movant must show an independent ground for jurisdiction; (2) the motion must be timely; and (3) the movant's claim or defense and the main action must have a question of law and fact in common.

*Venegas v. Skaggs*, 867 F.2d 527, 529 (9th Cir. 1989), *aff'd sub nom. Venegas v. Mitchell*, 495 U.S. 82 (1990); *see also Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998) (citing *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996), *as amended on denial of reh'g* (May 30, 1996)). "Permissive intervention is committed to the broad discretion of the district court." *Cty. of Orange v. Air Cal.*, 799 F.2d 535, 539 (9th Cir. 1986) (citing *United States v. $129,374 in U.S. Currency*, 769 F.2d 583, 586 (9th Cir. 1985)). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication or the original parties' rights." Fed. R. Civ. P. 24(b)(3).

**ANALYSIS**

The Court's First Intervention Order explained that Lobbin's first motion seeking permissive intervention satisfied criterions two and three. (First Interv. Order 28–29.) So

does Lobbin's present motion. It is timely because the Court has only issued one substantive ruling before this Order, and, procedurally, this case is in its infancy. It is also clear that Lobbin has claims in common with Plaintiff—in fact, they are the same claims, he just purports to be entitled to a portion of the recovery. The threshold requirement that there be "a claim or defense that shares with the main action a common question of law or fact" is therefore also satisfied. *See* Fed. R. Civ. P. 24(b)(1)(B).

The remaining requirement Lobbin must show in order to be entitled to permissive intervention is an independent ground for subject matter jurisdiction. Lobbin meets this requirement with his present motion.

Federal courts have original subject-matter jurisdiction over civil actions in which there is complete diversity and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1); *Naffe v. Frey*, 789 F.3d 1030, 1039 (9th Cir. 2015) (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)). Under the "legal certainty" test, the amount in controversy is met when the sum the plaintiff claims "is apparently made in good faith." *Naffe*, 789 F.3d at 1039–40 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938)).

In the present motion Lobbin abandons several of his original claims, leaving only two: (1) breach of quasi-contract against Defendants Target and Kmart; and (2) quantum meruit against Defendants Target and Kmart. (Interv. Mot. II 4.) Lobbins is a resident and domiciliary of California; Target is incorporated in and maintains its principal place of business in Minnesota; and Kmart is incorporated in Michigan and maintains its principal place of business in Illinois. Accordingly, the complete diversity requirement is met. *See* 28 U.S.C. § 1332(c) (stating that a corporation shall be deemed to be a citizen of every State where it is incorporated and every State where it has its principal place of business).

The amount in controversy requirement is all that remains. Lobbin claims at least $150,000 against Target and $90,000 against Kmart. These figures derive from Lobbin's "conservative estimates" of the alleged 60% fee he is owed on the sums Plaintiffs seek in this action. Further, the underlying past-due sums Plaintiff seeks are only slightly lower

than those Lobbin uses to calculate these figures. (*Compare* Claims of Intervenor Stephen M. Lobbin 8, ECF No. 49-2, *with* Pl.'s First Am. Compl. 7–8, ECF No. 50.) Although Plaintiff asserts that a compensation contract between Plaintiff and Lobbin limits to below 60% the amount of recovery to which Lobbin is entitled—either 45% or 55% of the past-due amounts (*see* Pl.'s Mot. In Opp'n 6–7, ECF No. 51)—Plaintiff has not proved to a legal certainty that Lobbin's calculations should not control. Plaintiff does not specify whether the 45% or 55% provision in the alleged contract controls the fee arrangement in the underlying disputes.[1] Further, Lobbin's proposed claims are equitable causes of action against Defendants to whom Lobbin alleges any purported contract between Lobbin and Plaintiff would be inapplicable. Accordingly, because Lobbin's claims appear to be made in good faith and Plaintiff has not proven to a legal certainty that Lobbin's calculations are not valid, the amount in controversy is met. Subject matter jurisdiction is therefore established.

Finally, there is no indication that granting Lobbin's motion to intervene will unduly delay or prejudice the adjudication of the original parties' rights. Although adding an additional litigant will necessarily add complexity to the case, Lobbin's shared interest in the claims against Defendants indicates that the case should continue to adjudication in a timely fashion. Further, if Lobbin's intervention is denied he likely will bring his own lawsuit asserting nearly identical claims against Defendants for the same work forming the basis of Plaintiff's claims. Given these circumstances, any potential delay arising from Lobbin's intervention is therefore not undue. *See Venegas*, 867 F.2d at 531 (noting that "judicial economy is a relevant consideration in deciding a motion for permissive intervention" and that in present case district court was "in the best position to decide [the relevant] issues" because "[n]o novel or difficult issues of state law appear[ed] to be at

---

[1] The only scenario in which the amount in controversy requirement would not be met is if Lobbin's fees are calculated at 45%, which would be insufficient to support jurisdiction against Kmart. Calculating Lobbin's alleged 60% fee using Plaintiff's lower past-due estimates would still satisfy the amount in controversy requirement against both Target and Kmart, (*see* Pl.'s First Am. Compl. ¶ 38, ECF No. 50), as would calculating Lobbin's fee at 55% using Plaintiff's lower past-due estimates.

issue . . . , and the district court [wa]s well acquainted with the underlying litigation and the parties to this fee dispute”) (citing *Austell v. Smith*, 634 F. Supp. 326, 335 (W.D.N.C. 1986); *Gordon v. Forsyth Cty. Hosp. Auth., Inc.*, 409 F. Supp. 708, 718–19 (M.D.N.C. 1976), *aff'd in part, vacated in part* 544 F.2d 748 (4th Cir.1976)).

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Lobbin’s Intervention Motion.

**IT IS SO ORDERED.**

Dated: September 15, 2016

Janis L. Sammartino

Hon. Janis L. Sammartino
United States District Judge