UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ECLIPSE GROUP LLP, a California limited-liability partnership,<br><br>                              Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, et al.,<br><br>                              Defendants. | Case No.:  15cv1411-JLS-BLM<br><br>**ORDER DENYING MOTION FOR MORE DEFINITE STATEMENT**<br><br>(ECF No. 52) |

Presently before the court is Defendants Target Corporation, Kmart Corporation, and Toys "R" Us, Inc. ("Defendants")' Motion for a More Definite Statement ("Statement Motion"), (ECF No. 52), regarding Plaintiff's First Amended Complaint ("FAC"), (ECF No. 50).[1]  Defendants recount the instances of earlier litigation allegedly giving rise to the

---

[1] Defendants also attached to the Statement Motion a Request for Judicial Notice in Support of the Statement Motion ("Judicial Notice Request"). (ECF No. 52-2.)  Federal Rule of Evidence 201(b) provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  "Judicially noticed facts often consist of matters of public record, such as prior court proceedings . . . or other court documents." *Botelho v. U.S. Bank, N.A.*, 692 F. Supp. 2d 1174, 1178 (N.D. Cal. 2010) (citation omitted); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 n.6 (9th Cir. 2006) (The court "may take judicial notice of court filings and other matters of public record.").  While "[a] court may take judicial notice of the existence of matters of public record, such as a prior order or decision," it should not take notice of "the truth of the facts cited therein." *Marsh v. San Diego Cty.*, 432 F. Supp. 2d 1035, 1043 (S.D.

current fee dispute, (Statement Motion at 2–5), and argue that Plaintiff's FAC fails to provide notice to Defendants of "their potential respective, *individual* liability in this case," thus placing in question the validity of Plaintiff's current basis for subject matter jurisdiction, (*id.* at 5 (emphasis original)). The Court disagrees.

A motion for a more definite statement is appropriate "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading . . . ." *Resolution Trust Corp. v. Dean*, 854 F. Supp. 626, 648–49 (D. Ariz. 1994) (citing Fed. R. Civ. P. 12(e)). However, "[s]uch motions are not favored by the courts," and are "designed to strike at unintelligibility rather than want of detail." *Id.* at 649 (citing *A.G. Edwards & Sons, Inc. v. Smith*, 736 F. Supp. 1030, 1032 (D. Ariz. 1989); *Cox v. Me. Mar. Acad.*, 122 F.R.D. 115 (E.D. Mich. 1988); *Farah v. Martin*, 122 F.R.D. 24, 25 (E.D. Mich. 1988); *Woods v. Reno Commodities, Inc.*, 600 F. Supp. 574, 580 (D. Nev. 1984)). Further, "where the information sought by the moving party is available and/or properly sought through discovery the motion should be denied." *Famolare, Inc. v. Edison Bros. Stores*, 525 F. Supp. 940, 949 (E.D. Cal. 1981).

In the present case, Plaintiff's FAC clearly states that in the underlying disputes Plaintiff represented Defendants as "a group of aligned parties," (FAC ¶¶ 8, 9, 13, 14), and that the claims in the underlying disputes were asserted "against the aligned parties," (*id.* ¶¶ 10, 15). Further, the Court has previously recognized that "it is plausible based on the evidence presented" that these aligned-group representations were conducted "for the benefit of all represented parties at once." (*See* May 26, 2016 Order at 9–12, ECF No. 48 (concluding that "[t]he evidence presented does not establish to a legal certainty that the amount in controversy against Toys 'R' Us is less than $75,000")). Additional evidence as to the combined nature of the representations and the actual benefit conferred to each Defendant may well be at issue in discovery, but it need not be set forth here in the

---

Cal. 2006). Accordingly, the Court takes judicial notice of the existence of the three documents attached to Defendants' Judicial Notice Request, but not the truth of the facts cited therein.

pleadings.

Given the foregoing, the Court concludes that Plaintiff has pled sufficient factual matter to apprise Defendants of the claims against them and the damages sought. Accordingly, Defendants Statement Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated:  September 30, 2016

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge