UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ECLIPSE GROUP LLP, | Case No.: 15cv1411-JLS (BLM) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO COMPEL DEPOSITIONS AND FOR SANCTIONS** |
| v. | |
| TARGET CORPORATION, et al, | |
| Defendants. | **[ECF Nos. 97, 98, 100]** |

Currently before the Court is Defendants' April 7, 2017 motion to compel deposition of Intervenor Stephen M. Lobbin [ECF No. 97-1 ("Lobbin MTC")], motion to compel deposition of Plaintiff's Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 30(b)(6) witness [ECF No. 98-1 ("30(b)(6) MTC")], motion to compel deposition of Mr. Edward O'Connor [ECF No. 100-1 ("O'Connor MTC")], Plaintiff's opposition to the motion to compel the deposition of Edward O'Connor [ECF No. 113 ("O'Connor Oppo.")], Plaintiff's opposition to the motion to compel 30(b)(6) witness deposition [ECF No. 114 ("30(b)(6) Oppo.")], and Intervenor's opposition to the motion to compel deposition of Intervenor [ECF No. 115 ("Lobbin Oppo.")]. For the reasons set forth below, Defendants' motions to compel are **GRANTED IN PART AND DENIED IN PART.**

///

///

**BACKGROUND**

The instant matter was initiated on June 26, 2015, when Plaintiff, who is represented by Mr. Edward O'Connor, filed a complaint for breach of quasi-contract, quantum meruit, and unjust enrichment. ECF No. 1. Plaintiff filed an amended complaint for the same claims on June 2, 2016. ECF No. 50 ("FAC"). Plaintiff alleges that in early 2012, it was retained to represent a group of aligned parties[1] in various patent matters referred to as <u>Worldslide</u> litigation.[2] <u>Id.</u> at 2. Plaintiff represented the parties for almost three years and successfully defended them in patent litigation involving three patents. <u>Id.</u> at 3. Plaintiff also alleges that Manley, Aquawood LLC has not paid Plaintiff on any of its invoices since 2013 and now has a past due balance of $91,418.71, plus interest as explained in the engagement letter between Manley, Aquawood LLC and Plaintiff. <u>Id.</u> Plaintiff states that the amount due is based on hourly rates that were well below market value due to the relationship between Manley and Plaintiff and that the actual value of the services is about twice the invoice amounts. <u>Id.</u> Plaintiff further alleges that it was retained in early 2012 to represent aligned parties[3] in a patent case called <u>Aviva Sports, Inc. v. Menard, Inc. et al.</u>, Case No. 09-cv-1091-JNE (D. Minn.). <u>Id.</u> at 4. Plaintiff represented the parties in the <u>Aviva</u> litigation for almost three years and again successfully defended the parties against claims of false advertising and patent infringement. <u>Id.</u> Manley, Aquawood LLC has failed to pay any invoices for the <u>Aviva</u> litigation since 2013 and owes $145,629.41. <u>Id.</u> As with the

---

[1] The parties were (1) Manley, Aquawood LLC ("Toyquest"), (2) Target, and (3) Toys "R" Us ("TRU"). FAC at 2.

[2] The matters included <u>Aquawood LLC v. Worldslide LLC</u>, Case No. 11-cv-5611-JFW-Ex (C.D. Cal.), <u>Worldslide LLC v. Target Corporation</u>, Case No. 2:11-cv-3350-MCE (E.D. Cal.); <u>Worldslide LLC v. Amazon.com</u>, Case No. 2:11-cv-3352-MCE (E.D. Cal.); <u>Worldslide LLC v. Toys "R" Us</u>, Case No. 2:11-cv-3369-MCE (E.D. Cal.); <u>Worldslide LLC v. Target Corp. et al.</u>, Case No. 2:12-cv-872-MCE (E.D. Cal.); and <u>Worldslide LLC v. Target Corp. et al.</u>, Case No. 2:12-cv-873-MCE (E.D. Cal.). FAC at 2.

[3] The parties included Kmart. FAC at 4.

2

Worldslide litigation, Plaintiff alleges that the amount due is below market value.  Id.  Finally, Plaintiff alleges that it was retained to represent Target in a putative class action called Adams v. Target Corporation, Case No. 13-cv-5944-GHK-PJWx (C.D. Cal.).  Id. at 5.  The successful representation lasted for almost two years and Manley, Aquawood now has a past due balance of $250,589.66 that represents hourly rates well below market value.  Id.

On June 1, 2016, Stephen M. Lobbin filed a motion for permission to intervene that was granted on September 15, 2016.  ECF Nos. 49 and 57.  In his motion, Intervenor stated that he is asserting a claim against Target and Kmart for breach of quasi-contract for quantum meruit.  ECF No. 49 at 4.  Intervenor filed his complaint on September 19, 2016.[4]  ECF No. 58.  Intervenor alleges that he worked as an attorney pursuant to a contractual relationship with Plaintiff which entitled Intervenor to 60% of attorney fee revenues collected from Intervenor's clients payable the month after the revenues were collected by Plaintiff.  Id. at 3.  In early 2012, Intervenor was retained to work on the Worldslide, Aviva, and Adams litigation and at no time did Defendants "request or propose that Intervenor or Plaintiff waive or relinquish their right to recover attorney fees directly from the represented parties under the time-honored requirements of quasi-contract, quantum meruit and/or unjust enrichment" nor did Plaintiff or Intervenor do so.  Id. at 3-4.  Intervenor alleges that Defendant Target "assented explicitly to the representation and advocacy of Intervenor and Plaintiff, which lasted for almost two years."  Id. at 6.  Intervenor further alleges that he is entitled to $50,000 of the $91,418.71 past due balance of Manley, Aquawood LLC for the Worldslide litigation, $90,000 of the $153,458.95 past due balance for the Aviva litigation, and $100,000 of the past due balance for the Adams litigation.  Id. at 4-7.  Finally, Intervenor alleges that "Plaintiff and its counsel in this action are one-in-the-

---

[4] Intervenor describes Plaintiff as "a defunct California limited-liability partnership" and states that "Plaintiff's counsel, Avyno Law P.C., is owned and managed by the same individual who has owned and managed Plaintiff for many years."  ECF No. 58 at 2.

15cv1411-JLS (BLM)

same; that is, both are very small entities managed by the same individual." Id. at 7.

**I.    MOTION TO COMPEL DEPOSITION OF INTERVENOR, STEPHEN LOBBIN**

Defendants seek an order from the Court compelling Intervenor to appear for his deposition and to pay $2,992.50 in sanctions to Defendants.  Lobbin MTC at 17.

A.    Relevant Background

On March 2, 2017, Defendants served notice for the deposition of Intervenor for April 3, 2017.  Lobbin MTC at 5; see also ECF No. 97-2, Declaration of Jason Cirlin In Support of Defendants' Motion to Compel the Attendance of Stephen M. Lobbin at Deposition ("Cirlin Decl.") at 2, Exh. A.  Almost three weeks later, on March 21, 2017, Intervenor responded to the notice telling Defendants that he was unavailable for a deposition on April 3, 2017 due to his children's spring break.  Lobbin MTC at 5; see also Cirlin Decl. at 2, Exh. B.  On March 23, 2017, defense counsel attempted to meet and confer with Intervenor via email to reschedule the deposition and stated that unless Intervenor was "agreeable to re-schedule [his] deposition, we intend to ask the court to compel your attendance at deposition."  Cirlin Decl. at 2, Exh. C.  On March 24, 2017, Intervenor provided his formal objections to the deposition to defense counsel and stated that his response to the initial notice was delayed because defense counsel failed to contact him prior to serving the notice and, therefore, it was unexpected and he did not notice it.  Id. at 2, Exh. D.  Intervenor objected to the deposition on the grounds that the notice was untimely because he was entitled to thirty days to respond in writing to the request for production of documents contained in the notice, Defendants did not meet and confer regarding his availability prior to serving the notice, and Defendants were not diligent in conducting discovery.  Id. at Exh. D.

On March 28, 2017, District Judge Janis L. Sammartino issued an order granting Defendants' ex parte motion to continue the hearing date and briefing schedule for Intervenor's motion for summary adjudication in part so that Defendants could complete the discovery necessary to respond to the motion.  Cirlin Decl. at 2, Exh. E; see also ECF No. 87.  That same

day, defense counsel emailed Intervenor asking him to provide alternate dates and times for his deposition.  Cirlin Decl. at 3, Exh. F.  Intervenor responded the next day that he was unavailable that week and the following week due to his vacation with his children and that he could not agree to schedule a deposition beyond the Court's discovery deadline, "but if the Court decides to extend discovery generally, we could then discuss availability in late April or May."  Cirlin Decl. at 3, Exh. G.  Defense counsel followed-up via email on March 29, 2017 stating that he left a voicemail for Intervenor and wanted to meet and confer about his deposition.  Id. at 3, Exh. H. Intervenor responded on March 30, 2017 that, as previously mentioned, he was on vacation and unable to work or take phone calls.  Id. at 3, Exh. I.

On March 30, 2017, counsel for Plaintiff, Mr. Edward F. O'Connor, and counsel for Defendants, Mr. Jason N. Cirlin, jointly contacted the court regarding the instant discovery dispute.[5]  ECF No. 89.  In accordance with the Court's briefing schedule, the parties timely filed their motions, oppositions, and reply.  See Lobbin MTC, and Lobbin Oppo.  Fact discovery closed on April 3, 2017.  ECF No. 68 at 1.

B.    Legal Standard

The scope of discovery under the Federal Rules of Civil Procedure is defined as follows:
Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

District courts have broad discretion to determine relevancy for discovery purposes.  See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).  District courts also have broad discretion

_____

[5] Intervenor did not participate in the call.

to limit discovery to prevent its abuse.  <u>See</u> Fed. R. Civ. P. 26(b)(2)(c)(i-iii)(instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)").

Fed. R. Civ. P. 30(a)(1) provides that "[a] party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2).[6]"  Civil Local Rule ("CivLR") 83.4(a)(1)(g) states that "[a]n attorney in practice before this court will: [w]hen possible, confer with opposing counsel before scheduling or rescheduling hearings, depositions, and meetings and notify all parties and the court, as early as possible, when hearings or depositions must be cancelled."

C.    <u>Parties' Positions</u>

Defendants argue that Intervenor should be compelled to appear for his deposition because he is a party to the litigation, a central figure in the dispute between the parties, and has information directly at issue in the matter that is necessary for Defendants' defense and opposition to Intervenor's motion for summary judgment.  Lobbin MTC at 12.  Defendants also

---

[6] Fed. R. Civ. P. 30(a)(2) states that "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2): (A) if the parties have not stipulated to the deposition and: (i) the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants; (ii) the deponent has already been deposed in the case; or (iii) the party seeks to take the deposition before the time specified in Rule 26(d), unless the party certifies in the notice, with supporting facts, that the deponent is expected to leave the United States and be unavailable for examination in this country after that time; or (B) if the deponent is confined in prison."

6

argue that CivLR 83.4 does not provide grounds for Intervenor to refuse to appear for his deposition and that Intervenor himself violated the local rule when he failed to "notify all parties and the court, as early as possible, when hearings or depositions must be cancelled." Id. at 13 (quoting CivLR 83.4(a)(1)(g)). Defendants note that Intervenor's behavior is what made rescheduling the deposition before the close of discovery impossible. Id. Defendants further argue that Intervenor is not excused from complying with the deposition because he served objections to the deposition. Id. at 15. Defendants assert that the burden was on Intervenor to seek relief from attending the deposition if he could not come to an agreement with Defendants, but that Intervenor "neither offered alternative dates for his deposition or obtained relief from the court." Id.

Intervenor objects to Defendants' motion and argues that an order requiring his deposition is unwarranted and undeserved. Lobbin Oppo. at 3-4. Intervenor explains that he did not immediately respond to the deposition notice because he was preoccupied with work in another matter and did not read the notice until March 21, 2017. Id. at 2. Intervenor contends that this would not have occurred if defense counsel, in accordance with CivLR 83.4(a)(1)(g), had met and conferred with Intervenor regarding his availability prior to sending the notice. Id. Intervenor also contends that this failure and the failure of defense counsel to meet and confer with him prior to filing the instant motion, should result in the denial of Defendants' motion. Id. at 3-4. Intervenor next asserts that Defendants' own lack of diligence lead to scheduling problems as Defendants chose to notice Intervenor's deposition for the last day of the discovery period without knowing if he was available. Id. Intervenor contends that Defendants waived their right to argue that Intervenor failed to seek a protective order. Id. at 5. Intervenor states that he did not offer alternative dates for the deposition because he could not agree to violate the Court's scheduling order which set an April 3, 2017 discovery cut-off. Id. Finally, Intervenor contends that since he has already filed several declarations in this matter there is no reason to have a deposition which "would be a waste of time, and not proportional to the needs of the

7

case." Id. at 6.  Intervenor states that there is no basis for sanctions.  Id.

D.  Discussion

Defendants' motion to compel the deposition of Intervenor is **GRANTED**.  Contrary to Intervenor's arguments, the deposition of Intervenor seeks relevant information and is proportional to the needs of this case.  Further, the fact that Intervenor has signed and filed declarations does not negate Defendants' right to depose Intervenor.  Accordingly, the parties are **ORDERED** to meet and confer regarding a deposition date for Intervenor.  The deposition must occur by **May 26, 2017**.  If the parties are unable to agree on a date for the deposition, the deposition must take place on **May 24, 2017** at **9:30 a.m.**

Defendants properly and timely served the notice for Intervenor's deposition.  While Defendants should have contacted Intervenor to coordinate the scheduling of Intervenor's deposition, Defendants repeatedly advised Intervenor that they were willing to reschedule his deposition to a convenient date.  Intervenor, on the other hand, refused to work with Defendants to find a new date.  This behavior is unacceptable.  It only would have taken Intervenor a few minutes to look at his calendar and send defense counsel a list of dates he was available to be deposed, on the condition that defense counsel obtain court approval for the deposition to occur after the close of discovery.  Intervenor's refusal to coordinate with defense counsel and his insistence that Defendants file the instant motion to compel warrants the imposition of sanctions.[7]  See Fed. R. Civ. P. 30(d)(2) (providing that a court "may impose an appropriate

---

[7] Defendants seek $2,992.50 in sanctions from Intervenor.  Lobbin MTC at 17.  Defendants argue that Intervenor refused to appear for his deposition, refused to offer alternative dates for his deposition, failed to seek relief from the Court, and forced Defendants to file the instant motion and incur the associated costs.  Id. at 16.  Intervenor contends that there is no basis for sanctions as he was unavailable in March and could not agree to reschedule the deposition date beyond the Court's discovery cut-off.  Intervenor Oppo. at 6.  Intervenor further contends that he should not be faulted for failing to seek a protective order while on vacation or when Defendants specified that they planned to move to compel his deposition and a protective order was no longer necessary.  Id. at 7.

sanction - including the reasonable expenses and attorney's fees incurred by any party - on a person who impedes, delays, or frustrates the fair examination of the deponent."); see also Fed. R. Civ. P. 37(a)(5) (requiring a court to order "the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless the movant failed to meet and confer, the objection was substantially justified, or other circumstances militate against awarding expenses.).

E.    Sanctions

If a motion to compel discovery is granted, Rule 37(a)(5) requires a court to order the "party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless the movant failed to meet and confer, the objection was substantially justified, or other circumstances militate against awarding expenses. See Brown v. Hain Celestial Group, Inc., 2013 WL 5800566, *5 (N.D. Cal. Oct. 28, 2013) ("[t]he party that loses the motion to compel bears the affirmative burden of demonstrating that its position was substantially justified") (internal citations omitted). Rule 30(d)(2) provides that a court "may impose an appropriate sanction - including the reasonable expenses and attorney's fees incurred by any party - on a person who impedes, delays, or frustrates the fair examination of the deponent." Bicek v. C & S Wholesale Grocers, Inc., 2013 WL 5673418, *6-8 (E.D. Cal. Oct. 17, 2013) (finding sanctions appropriate under both Rules 30 and 37 as a result of counsel's delaying, impeding and frustrating depositions, and for causing opposing counsel to seek the court's intervention to resolve the dispute).

"To determine if sanctions are warranted under Rule 30, the court's inquiry is twofold. First, the court must determine whether a person's behavior has impeded, delayed, or frustrated the fair examination of the deponent." Lucas v. Breg, Inc., 2016 WL 2996843, at *2 (S.D. Cal. May 13, 2016) (quoting Dunn v. Wal-Mart Stores, Inc., 2013 WL 5940099 (D. Nev. Nov. 1,

15cv1411-JLS (BLM)

2013), citing Fed. R. Civ. P. 30(d)(2)).  Second, the Court must determine an appropriate sanction.  Id.  "The Ninth Circuit provides District Courts with wide discretion to fashion appropriate sanctions for discovery violations under the Federal Rules."  Brady v. Grendene USA, Inc., 2015 WL 5177760, at *2 (S.D. Cal. Sept. 4, 2015) (citing Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001)).

For the reasons set forth above, the Court finds that Intervenor's actions "impeded, delayed, or frustrated the fair examination of the deponent."  The Court further finds that paying defense counsel its reasonable fees for drafting the motion to compel Intervenor to attend deposition and supporting papers constitutes an appropriate sanction.  Defense counsel Mr. Cirlin declares that "[a]ttorneys working under my supervision have spent 13.3 hours drafting the motion to compel Lobbin to attend deposition and supporting papers.  My firm's hourly rate for this case is $225 per hour."  Cirlin Decl. at 3.  Intervenor does not object to the hourly rate Mr. Cirlin's firm is charging for this case or to the number of hours spent drafting the motion and related papers.  See Lobbin Oppo.  In addition, this Court and other courts in this district have found comparable and even higher rates to be reasonable and the Court finds that in light of the nature of the discovery dispute and the pleadings filed, the 13.3 hours worked by defense counsel was reasonable.  Accordingly, the Court finds it appropriate to award the full amount of costs and attorney's fees requested.  Intervenor is hereby ordered to reimburse defense counsel in the amount of $2,992.50 on or before **June 2, 2017**.  Intervenor is ordered to file a declaration verifying said payment no later than **June 9, 2017**.  Failure to comply with this order may result in the imposition of additional sanctions.

## II.    MOTION TO COMPEL DEPOSITION OF MR. EDWARD O' CONNOR

Defendants seek an order from the Court compelling Mr. Edward O'Connor to appear for his deposition and to pay $2,092.50 in sanctions to Defendants.  O'Connor MTC at 15-16.

### A.    Relevant Background

On March 2, 2017, Defendant served a deposition notice on Plaintiff for the deposition of

10

Mr. O'Connor on March 30, 2017. O'Connor MTC at 5; see also ECF No. 100-2, Declaration of Jason Cirlin In Support of Defendants' Motion to Compel Deposition of Edward O'Connor at Deposition ("Cirlin O'Connor Decl.") at 2, Exh. A. Mr. O'Connor is counsel for Plaintiff and was formerly a partial owner of Plaintiff.[8] O'Connor Oppo. at 3. On March 13, 2017, defense counsel emailed Mr. O'Connor to determine if he would be attending the Fed. R. Civ. P. 30(b)(6) deposition as Plaintiff's designated witness. Cirlin O'Connor Decl. at 2. Mr. O'Connor clarified that he would be attending the deposition by phone as counsel for Plaintiff and that Ms. Jennifer Hamilton would be the 30(b)(6) witness. Id. at 2-3, Exh. B. On March 23, 2017, defense counsel emailed Mr. O'Connor stating that Defendants wanted to depose Mr. O'Connor because he has personal knowledge of the matters at issue and seeking to meet and confer about the deposition. Id. at 3, Exh. B. Mr. O'Connor responded that he only had information from privileged communications and no personal knowledge. Id. Defense counsel responded that Mr. O'Connor's deposition was "reasonable and appropriate" and Mr. O'Connor did not respond. Id. On March 29, 2017, the day before the noticed date of the deposition, Mr. O'Connor's paralegal emailed defense counsel stating that Mr. O'Connor would not be attending the deposition since he was not subpoenaed and lives in Florida and that Mr. O'Connor wished to meet and confer prior to defense counsel filing any motions. Id. at 4, Exh. C. In light of the email, defense counsel called Mr. O'Connor and left a voicemail message and emailed him to meet and confer. Id. at 4, Exh. D. Mr. O'Connor emailed in responses stating "[j]ust so you know I was never an officer, director or managing partner of Eclipse and you already have a 30(b)(6) depo scheduled." Id. Mr. O'Connor did not serve objections to his deposition notice, seek a protective order from the Court, or appear for his deposition. Id. at 4.

B. Parties' Positions

Defendants argue that Mr. O'Connor should be compelled to appear for his deposition

---

[8] Plaintiff "is no longer a functioning entity and there are no longer any lawyers employed by" Plaintiff. 30(b)(6) Oppo. at 3.

15cv1411-JLS (BLM)

because he is a party opponent with percipient knowledge of relevant facts who does not get a "pass" on testifying simply because he is counsel of record for Plaintiff. O'Connor MTC at 12-13. Defendants also argue that Mr. O'Connor violated Fed. R. Civ. P. 30(a)(1) by failing to appear for his deposition or seek a protective order from the Court and that none of the exceptions listed in Fed. R. Civ. P. 30 excuse a party's attorney from being deposed. Id. at 13. Finally, Defendants argue that they were not required to subpoena Mr. O'Connor as he is a party opponent, was one of only three owners of Plaintiff, a law firm partnership, and was the head of Plaintiff's litigation department. Id. at 14-15; see also Cirlin O'Connor Decl. at 4.

Plaintiff objects to Defendants' motion because (1) Plaintiff's attorney, Mr. O'Connor, is not a party opponent simply because he was a partial owner of Plaintiff, (2) there are other means for Defendants to obtain the information they seek apart from deposing Mr. O'Connor, (3) there is no legal support for the idea that Mr. O'Connor can be required to appear at a deposition on notice alone simply because he has (or had) a partnership interest in Plaintiff or was the head of the litigation department, and (4) Mr. O'Connor was not subpoenaed to appear and, therefore, did not need to file a motion for protective order. O'Connor Oppo. at 3-7. Plaintiff contends that Defendants were not diligent in conducting discovery and should have known that discovery disputes surrounding depositions would not be resolved prior to the close of discovery. Id. at 7. Plaintiff further contends that the Court should not have allowed Defendants to file their motions to compel depositions after the close of discovery as it "is unfair to the parties who play by the rules."[9] Id.

---

[9] Plaintiff's concerns about fairness are misplaced. This Court's Scheduling Order states that "[a]ll discovery motions must be filed within 30 days of the service of an objection, answer or response which becomes the subject of dispute or the passage of a discovery due date without response or production, and only after counsel have met and conferred and have reached impasse with regard to the particular issue." See ECF No. 68 at 2. This means that a discovery motion can be brought even after the close of discovery if it is within the thirty-days described above.

15cv1411-JLS (BLM)

C.    Discussion

Defendants' motion to compel the deposition of Mr. O'Connor is **DENIED**. Defendants argue that Mr. O'Connor is a party opponent, but cite no law or cases in support of their position that Mr. O'Connor's former position as a partner of Plaintiff makes him a party-opponent in the instant matter. See O'Connor MTC. Because Mr. O'Connor is not a party to the instant matter, his deposition must be subpoenaed in accordance with Fed. Civ. R. P. 45.

While Defendants are correct that a subpoena is not necessary to compel the attendance of "an officer, director or managing agent" of a corporate party named in a deposition notice, it is not clear that Mr. O'Connor was a managing agent of Plaintiff simply because he had an ownership interest in Plaintiff and Defendants have failed to provide any law or citations in support of that proposition. Even if Mr. O'Connor was a managing agent of Plaintiff, there is no question that he is not currently a managing agent meaning Defendants were not able to notice Mr. O'Connor's deposition. See Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 11(IV)-F (stating that "[i]f at the time of the deposition the person sought to be deposed is a 'subordinate employee' or is no longer a director, officer or managing agent of the corporation, a subpoena is necessary to compel his or her attendance" and that "*former employees* cannot be managing agents of a corporation") (emphasis in original); see also In re: Lithium Ion Batteries Antitrust Litig., 2016 WL 1161575, at *4 (N.D. Cal. Mar. 24, 2016) (noting that the "determination of an individual's status as a managing agent is "determined as of the time of the deposition, not as of the time when the activities disputed in the litigation occurred" and "[C]ourts have made exceptions to this general rule, for example when a corporation terminates an officer in light of pending litigation, plans to rehire the individual in another position, or an individual continues to act as a managing agent despite no longer being an employee.") (quoting E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc., 268 F.R.D. 45, 49 (E.D. Va. 2010) and Rundquist v. Vapiano

15cv1411-JLS (BLM)

SE, 277 F.R.D. 205, 208 (D.D.C. 2011)).

Courts do permit a party to depose opposing counsel, but only in limited circumstances. See Shelton v. Am. Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986) (creating a test on whether or not opposing counsel should be deposed).[10] Specifically, the party moving to depose opposing counsel must show that "(1) no other means exist to obtain the information other than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." Shelton, 805 F.2d at 1327 (internal citations omitted). Defendants mention a variety of topics they seek to question Mr. O'Connor about during his deposition and argue that "Mr. O'Connor has exclusive knowledge regarding his personal dealings with Manley's attorney over [Plaintiff's] mishandling of Manley funds paid on behalf of Defendants in the Eclipse client trust account." Id. at 14. Plaintiff responds that "Defendants do not identify a single other one of the topics set forth on pages 6 and 7 of its memorandum which require testimony from Plaintiff's lawyer because Defendants cannot possibly obtain that information elsewhere." O'Connor Oppo. at 4. After reviewing the subjects Defendants wish to depose Mr. O'Connor about, it is unclear to the Court that "no other means exist to obtain the information other than to depose" Mr. O'Connor. For example, Defendants seek testimony from Mr. O'Connor regarding the "policies and practices of [Plaintiff] regarding disclosures of fee sharing agreements with the clients of the firm as require[d] by Rule 2-200.

---

[10] The test in Shelton, an Eighth Circuit case, has been adopted in this district. See Erhart v. Bofi Fed. Bank, 2017 WL 840648, at *3 (S.D. Cal. Mar. 2, 2017) (citing Am. Cas. Co. of Reading, Pa. v. Krieger, 160 F.R.D. 582, 585, 588 (S.D. Cal. 1995) (applying Shelton test) and Textron Financial Corp. v. Gallegos, 2016 WL 4169128, *2 (S.D. Cal. Aug. 5, 2016) (stating "Shelton is generally considered the leading authority, and has been adopted in this district") and Townsend v. Imperial County, 2014 WL 2090689, *2 (S.D. Cal. May 19, 2014) (stating "The most recent and analogous cases from the Southern District of California apply Shelton") and Light Salt Investments, LP v. Fisher, 2013 WL 3205918 (S.D. Cal. June 24, 2013) (applying Shelton test); see also Mass. Mutual Life. Ins. Co. v. Cerf., 177 F.R.D. 472, 479 (N.D. Cal. 1998) (stating that Shelton "is generally regarded as the leading case on attorney depositions").

O'Connor MTC at 8.  This is information that Defendants can get from Plaintiff's Fed. R. Civ. P (30)(b)(6) witness and is in fact touched on in topic 11 of the 30(b)(6) deposition notice.[11] Defendants also seek to ask Mr. O'Connor to "address the facts and circumstances under which a non-equity partner, such as [Intervenor], acting on behalf of [Plaintiff], agreed with Aquawood and Manley to represent Defendants."  O'Connor MTC at 8.  This is a subject that can be addressed in Intervenor's deposition.

Defendants argue that all of the information they seek is relevant and non-privileged. O'Connor MTC at 14.  Mr. O'Connor informed Defendants that he has "zero personal knowledge- the only knowledge I have is from attorney-client communications which are privileged."  Cirlin O'Connor Decl. at Exh. B.  Plaintiff also contends that at least one of the topics at issue is irrelevant.  O'Connor Oppo. at 3.  Plaintiff notes that Mr. O'Connor's alleged knowledge about personal dealings with Manley's attorney over the mishandling of Manley's funds by Plaintiff has nothing to do with the instant matter, is not mentioned in Defendants' affirmative defenses, and that Manley is not a party to the litigation.[12]  Id. at 4.  The Court agrees that not all of the topics identified by Defendants are relevant to this litigation.

Defendants also argue that the testimony they seek from Mr. O'Connor is "central to the litigation" and "material to the issues in dispute."  O'Connor MTC at 7, 10-12.  As stated, the Court does not find that all of the topics raised by Defendants are relevant to this litigation and therefore, not all of the topics are "central to the litigation" or "material to the issues in dispute."

---

[11] See Declaration of Jason Cirlin In Support of Defendants' Motion to Compel Deposition of the Eclipse Group LLP's F.R.C.P. Rule 30(b)(6) Witness ("Cirlin 30(b)(6) Decl.") at Exh. A (describing topic 11 as concerning "[t]he facts and circumstances surrounding whether The Eclipse Group LLP complied with California Rules of Professional Responsibility, Rules, 2-200 and 5-500 related to their representation of Defendants in the litigation identified in Plaintiff's First Amended Complaint in the above referenced action.").

[12] Plaintiff also contends that this information is available from Manley itself which has attorneys who are in contact with defense counsel.  O'Connor Oppo. at 4.

15cv1411-JLS (BLM)

Defendant's motion to compel the deposition of Mr. O'Connor is **DENIED** because Defendants did not subpoena him and Defendants have not established that he is an officer, director, or managing partner of Plaintiff. Moreover, Defendants have not established the three factors required to depose opposing counsel for each topic they seek to question Mr. O'Connor about.

E.    Sanctions

Defendants seek $2092.50 in sanctions from Plaintiff. O'Connor MTC at 15-16. Plaintiff requests that the Court sanction Defendants "for pursuing this frivolous motion which is part of a larger strategy, a strategy that should not be allowed to continue without consequence." O'Connor Oppo. at 3. Plaintiff does not state the amount of requested sanctions. Id.

If a motion to compel is denied, the court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees" unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B).

Because the Court has denied Defendants' motion to compel, Defendants' request for sanctions is **DENIED**. Plaintiff's request for sanctions also is **DENIED** as the instant motion was substantially justified given the interactions between the parties and counsel.

**III.    MOTION TO COMPEL DEPOSITION OF 30(b)(6) WITNESS**

Defendants seek an order from the Court compelling Plaintiff to designate, prepare and produce a Fed. R. Civ. P. 30(b)(6) witness to testify on topics 3-15, 18-24, and 26 as listed in the notice of deposition. Fed. R. Civ. P. 30(b)(6) MTC at 18.

A.    Relevant Background

On March 2, 2017, Defendants served Plaintiff with a person most qualified deposition notice to occur on March 31, 2017. Fed. R. Civ. P. 30(b)(6) MTC at 5; see also Declaration of Jason Cirlin In Support of Defendants' Motion to Compel Deposition of the Eclipse Group LLP's

15cv1411-JLS (BLM)

F.R.C.P. Rule 30(b)(6) Witness ("Cirlin 30(b)(6) Decl.") at 2, Exh. A. On March 8, 2017, Plaintiff served objections to the notice. Cirlin 30(b)(6) Decl. at 2, Exh. B. Defendants responded to the objections on March 13, 2017 to see if Mr. O'Connor would be appearing as Plaintiff's 30(b)(6) witness. Id. at 2-3, Exh C. On March 29, 2017, Mr. O'Connor responded to an email from defense counsel stating that a 30(b)(6) witness would appear and that he would be appearing as counsel. Id. at 3, Exh. E. That same evening, Mr. O'Connor sent an additional email stating that Plaintiff would produce one Fed. R. Civ. P. 30(b)(6) witness who would only testify on five of the twenty-six designated topics as the remaining topics were outside of the personal knowledge of Plaintiff and in the purview of Intervenor. Id. at 3-4, Exh. F. The Fed. R. Civ. P. 30 (b)(6) deposition took place as scheduled on March 31, 2017, but the witness, Ms. Liza Buchter, only testified about topics 1, 2, 16, 17, and 25, and "was unprepared and unqualified to testify as to the remaining topics." Id. at 4.

      B.    <u>Legal Standard</u>

Rule 30(b)(6) provides that, "[i]n its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." FRCP 30(b)(6).

      C.    <u>Parties' Positions</u>

Defendants argue that Plaintiff must produce a 30(b)(6) witness to testify about the remaining 21 categories identified in the notice for deposition which was timely served and note that Plaintiff's "vague set of objections" does not excuse attendance from the deposition. 30(b)(6) MTC at 11-13. Defendants also argue that Plaintiff is not required to have personal knowledge of the topics, but is required to prepare a witness or witnesses to testify on those topics. Id. at 13. Defendants note that the topics at issue are "within the purview of [Plaintiff]"

15cv1411-JLS (BLM)

and relate directly to Plaintiff's business.  Id. at 15.  Defendants further argue that it is important for Plaintiff to produce a witness so that the witness's testimony can bind Plaintiff.  Id. Defendants assert that Intervenor's testimony is insufficient as it is not the testimony of Plaintiff. Id. at 16.

Plaintiff contends that Defendants' motion is inappropriate because it was filed after the close of discovery.[13]  30(b)(6) Oppo. at 2.  Plaintiff also contends that while Defendants have correctly stated the law, the law they have cited is irrelevant to the instant matter as most of the noticed topics related to information outside of Plaintiff's possession.  Id.  Plaintiff notes that it "is no longer a functioning entity," it did not have access to the information unique to Intervenor, and Defendants' argument that Plaintiff should have produced a witness to testify about information it didn't have is difficult to understand.  Id. at 3-4.  Plaintiff produced its witness who testified for four hours and cannot be compelled "to provide testimony about matters of which it has no knowledge or information."  Id. at 7.

D.    Discussion

Defendants' motion to compel Plaintiff to designate, prepare and produce a 30(b)(6) witness to testify on topics 3-15, 18-24, and 26 as listed in the notice of deposition is **GRANTED**. Under Fed. R. Civ. P. 30(b)(6), a corporation is required to provide information that is reasonably available to it.  The parties dispute how much testimony was provided on the noticed topics.

---

[13] Plaintiff states that it was everyone's understanding that the close of discovery "included resolution of all discovery motions."  30(b)(6) Oppo. at 2.  The Court is unclear why Plaintiff's counsel had this understanding as the Court's Scheduling Order is quite clear that discovery motions can be brought after the close of discovery.  See ECF No. 68 at 2 (stating "[a]ll discovery motions must be filed within 30 days of the service of an objection, answer or response which becomes the subject of dispute or the passage of a discovery due date without response or production, and only after counsel have met and conferred and have reached impasse with regard to the particular issue.").  Accordingly, Defendants do not need to explain why "they are entitled to pursue discovery motions after the close of discovery" as Plaintiff contends.  30(b)(6) Oppo. at 2; see also ECF 89 (briefing schedule issued by the Court permitting Defendants to file motion to compel on April 7, 2017, after the close of discovery).

15cv1411-JLS (BLM)

Defendants argue that the deposition proceeded in a "very limited fashion" and that the witness "did not answer any questions" about twenty-one of the twenty-six topics described in the deposition notice. 30(b)(6) MTC at 11. Plaintiff, however, contends that its witness testified for around four hours and that the deposition was "extensive" and included topics that were not listed in the notice. 30(b)(6) Oppo. at 2. Because the parties did not provide a transcript or excerpts of the deposition, it is unclear to the Court which characterization of the deposition is most accurate. Plaintiff does not argue with the law provided by Defendants with respect to the requirements of a Fed. R. Civ. P. 30(b)(6) deposition. Instead, Plaintiff contends that "no one presently employed by or having any ownership interest in Plaintiff has any of the information regarding the subjects relating to Mr. Lobbin's contacts with Manley and/or with any of the Defendants" and that Plaintiff "is no longer a functioning entity and there are no longer any lawyers employed by" Plaintiff. 30(b)(6) Oppo. at 3.

Plaintiff contends that the information sought in the remaining topics is not in its possession as its primary responsibility was to "keep track of the billing; to maintain billing and time records; to send statements; to pursue payments, etc." and that its witness testified "on all of the topics of which the corporation had knowledge and information." Id. at 3, 7.

The deposition topics at issues include:

3.     The hiring of The Eclipse Group LLP to represent Aquawood, LLC, Target Corporation and Toys "R" Us, Inc. in the *Worldslide* litigation identified in Plaintiff's First Amended Complaint in the above referenced action.

4.     The hiring of The Eclipse Group LLP to represent Manley Toys, Inc., and Kmart Corporation, among others, in the *Aviva Sports* litigation identified in Plaintiff's First Amended Complaint in the above referenced action.

5.     The hiring of The Eclipse Group LLP to represent Manley Toys, Inc., and Target Corporation in the *Adams* litigation identified in Plaintiff's First Amended Complaint in the above referenced action.

6.      The legal services and work product performed by The Eclipse Group LLP for which Plaintiff is attempting to recover payments in the above captioned action.

7.      The facts and circumstances relative to the failure of The Eclipse Group LLP to obtain written engagement letters with Manley Toys, Ltd for legal services as identified in Plaintiff's First Amended Complaint in the above captioned action.

8.      The communications of The Eclipse Group LLP with Defendants regarding developments in the litigation identified in Plaintiff's First Amended Complaint in the above captioned action.

9.      The communications of The Eclipse Group LLP with Manley Toys, Ltd or Aquawood, LLC regarding developments in the litigation identified in Plaintiff's First Amended Complaint in the above captioned action.

10.     The facts and circumstances surrounding whether The Eclipse Group LLP obtained the informed written consent of Defendants pursuant to the California Rules of Professional Responsibility, Rules 3-310(c) and 3-310(f).

11.     The facts and circumstances surrounding whether The Eclipse Group LLP complied with California Rules of Professional Responsibility, Rules, 2-200 and 5-500 related to their representation of Defendants in the litigation identified in Plaintiff's First Amended Complaint in the above referenced action.

12.     Surrounding facts and circumstances relative to ethical duties and ethical violations of The Eclipse Group LLP and Stephen Lobbin while representing Defendants in the litigation identified in Plaintiff's First Amended Complaint in the above referenced action.

13.     The facts and circumstances relative to the entry and performance of oral and written agreements between the Eclipse Group LLP and Aquawood LLC, and Eclipse Group LLP and Manley Toys, Ltd concerning legal representation in the litigation identified in Plaintiff's First Amended Complaint in the above reference action.

15cv1411-JLS (BLM)

14.    The facts and circumstances relative to the negotiations and drafting of the Engagement Letter of May 21, 2012 between The Eclipse Group LLP and Amazon.com.

15.    The facts and circumstances relative to the negotiations and drafting of the Engagement Letter of February 3, 2012 between The Eclipse Group LLP and Aquawood, LLC.

18.    The facts and circumstances under which Target Corporation paid the last two invoices addressed to Manley Toys, Ltd. in the *Adams* Litigation.

19.    The facts and circumstances under which Stephen M. Lobbin sought to obtain payment on the invoices of The Eclipse Group LLP from Manley Toys, Ltd. asking Target to withhold money it owed to Manley Toys, Ltd.

20.    The facts and circumstances relating Stephen M. Lobbin's threat to withhold services from Target Corporation if the legal service invoices addressed to Manley Toys, Ltd. were not paid.

21.    Any factual basis for Plaintiff The Eclipse Group LLP to recover compensation from Defendants for legal work performed for Aquawood LLP and Manley Toys, Ltd.

22.    The monetary value of the legal services of the Eclipse Group LLP alleged in the First Amended Complaint in the above captioned action.

23.    Any benefits Defendants allegedly received from the legal services of The Eclipse Group LLP alleged in the First Amended Complaint in the above captioned action.

24.    Any damages and calculation of damages of The Eclipse Group LLP in the above reference action.

26.    The terms under which Avyno Law, PC has been retained to represent the Eclipse Group LLP in the above captioned action as alleged at paragraph 29 in the

Claims of Intervenor Stephen M. Lobbin, Document 58 filed on September 19, 2016.

Cirlin 30(b)(6) Decl. at Exh. A. It seems unlikely that Plaintiff has no information or ability to get information on most of the topics at issue. While Plaintiff contends that Intervenor was responsible for bringing in cases and entering into any contracts or agreements on behalf of Plaintiff, it is difficult to imagine that Intervenor is the only person with any information and that the information is not reasonably available to Plaintiff. As such, Plaintiff must make reasonable efforts to prepare and produce a witness to testify as to the additional topics. If Plaintiff is truly without knowledge of the remaining topics, its 30(b)(6) witness must be prepared to testify as to the efforts made by Plaintiff to obtain the responsive information and why it was unable to do so. See Klorczyk v. Sears, Roebuck & Co., 2015 WL 1600299, at *5 (D. Conn. Apr. 9, 2015) (requiring defendant to designate a 30(b)(6) witness on certain topics, and stating that if defendant "genuinely does not have knowledge on these topics, its designated witness should be prepared [to] testify concerning the company's efforts to obtain this information and why it lacks sufficient knowledge to testify concerning topics 9, 10, 11 and 13."). The Court notes that if Plaintiff's witness testifies that he or she does not know the answer to defense counsel's questions, Plaintiff may be bound by that testimony and unable to offer evidence at trial on those topics. See QBE Ins. Corp. v. Jorda Enterprises, Inc., 277 F.R.D. 676, 690 (S.D. Fla. 2012) (quoting advice regarding corporate depositions including that "[w]hen a corporation's designee legitimately lacks the ability to answer relevant questions on listed topics and the corporation cannot better prepare that witness or obtain an adequate substitute, then the 'we-don't-know' response can be binding on the corporation and prohibit it from offering evidence at trial on those points. Phrased differently, the lack of knowledge answer is itself an answer which will bind the corporation at trial.") (internal citations omitted).

The parties are **ORDERED** to meet and confer regarding a deposition date for Plaintiff's Fed. R. Civ. P. 30(b)(6) witness. The deposition must occur by **May 31, 2017**. If the parties

15cv1411-JLS (BLM)

are unable to agree on a date for the deposition, the deposition must take place on **May 26, 2017** at **9:30 a.m.**

       E.    <u>Sanctions</u>

Defendants seek $4,005.00 in sanctions from Plaintiff for the time defense counsel spent preparing the motion to compel Plaintiff to produce a 30(b)(6) witness for the specified topics. Cirlin 30(b)(6) Decl. at 4. Defense counsel Mr. Cirlin declares that "[a]ttorneys working under my supervision have spent 17.8 hours drafting the motion to compel Eclipse to attend deposition and supporting papers. My firm's hourly rate on this case is $225 per hour." <u>Id.</u>

If a motion to compel discovery is granted, Rule 37(a)(5) requires a court to order the "party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless the movant failed to meet and confer, the objection was substantially justified, or other circumstances militate against awarding expenses. <u>See</u> <u>Brown</u>, 2013 WL 5800566 at *5 ("[t]he party that loses the motion to compel bears the affirmative burden of demonstrating that its position was substantially justified") (internal citations omitted).

Rule 30(d)(2) provides that a court "may impose an appropriate sanction - including the reasonable expenses and attorney's fees incurred by any party - on a person who impedes, delays, or frustrates the fair examination of the deponent." <u>Bicek</u>, 2013 WL 5673418 at *6-8 (finding sanctions appropriate under both Rules 30 and 37 as a result of counsel's delaying, impeding and frustrating depositions, and for causing opposing counsel to seek the court's intervention to resolve the dispute).

While the Court is granting Defendants' motion to compel the deposition of Plaintiff's Fed. R. Civ. P. 30(b)(6) witness, Defendants' request for sanctions is **DENIED** as the circumstances weigh against awarding expenses. Plaintiff did not object to the deposition and produced a witness who testified for four hours, and according to Plaintiff, "provided testimony on all of the topics of which the corporation had knowledge and information." 30(b)(6) Oppo. at 7.

15cv1411-JLS (BLM)

Moreover, it is unclear to the Court whether the deponent explained what efforts Plaintiff made to obtain responsive information to the additional topics and why it was unsuccessful. Accordingly, the instant motion and opposition are substantially justified and the Court declines to impose sanctions.

**IT IS SO ORDERED**.

Dated: 5/12/2017

Hon. Barbara L. Major
United States Magistrate Judge