UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

THE ECLIPSE GROUP LLP,

Plaintiff,

v.

TARGET CORPORATION, et al,

Defendants.

Case No.:  15cv1411-JLS (BLM)

**ORDER GRANTING IN PART AND DENYING IN PART INTERVENOR'S MOTION TO COMPEL AND SUPPLEMENTAL MOTION TO COMPEL**

**[ECF Nos. 83 & 116]**

Currently before the Court is Intervenor's March 23, 2017 motion to compel [ECF No. 83-1 ("March MTC")], Defendants' March 30, 2017 opposition [ECF No. 88 ("March Oppo.")], Intervenor's April 19, 2017 supplemental motion to compel [ECF No. 116 ("April MTC")], and Defendants' April 26, 2017, opposition to Intervenor's Supplemental motion to compel [ECF No. 124 ("April Oppo.")].  For the reasons set for the below, Intervenor's motions are **GRANTED IN PART AND DENIED IN PART**.

## PROCEDURAL BACKGROUND

On March 7, 2017, Intervenor filed a motion to compel.  ECF No. 72.  That same evening, Defendants filed a motion to strike Intervenor's motion to compel to give the parties time to meet and confer in an effort to resolve the discovery dispute.  ECF No. 74.  On March 8, 2017, the Court granted Defendants' motion and ordered "the parties to meet and confer regarding the discovery issues addressed in Intervenor Plaintiff's Motion to Compel" and to file a Joint

Status Report detailing the efforts.  ECF No. 78.  The parties' filed their Joint Status Report on March 15, 2017.  ECF No. 81.  Attached to the report as Exhibit A is a summary of the parties' meet and confer efforts, including a number of legal objections and compromises proposed by Defendants.  Id. at 9-13.  In light of the information contained in the Joint Status Report, the Court ordered Intervenor to file his motion to compel on or before March 23, 2017 and stated that if Intervenor is moving to compel a further response to any of the discovery requests described in Exhibit A of the Joint Status Report, he must describe Defendants' proposed compromise or objection and explain why the compromise is not appropriate and/or why the objection is not legally correct."  ECF No. 82.  Intervenor filed his second motion to compel [see March MTC], but did not comply with the Court's Order.  Defendants' timely filed their opposition on March 30, 2017.

On April 4, 2017, Defendants filed a Supplemental Declaration of Jason Cirlin in Opposition to Intervenor's Second Motion to Compel [see ECF No. 91 ("Cirlin Supp. Decl.")] stating that they

> emailed to Intervenor Stephen Lobbin, the following supplemental responses: (a) Defendant Kmart Corporation's Supplemental Responses to Intervenor's Requests for Production of Documents, (b) Defendant Target Corporation's Supplemental Responses to Intervenor's Requests for Production of Documents, (c) Defendant Kmart Corporation's Supplemental Responses to Intervenor's Requests for Admission, (d) Defendant Target Corporation's Supplemental Responses to Intervenor's Requests for Admission, (e) Defendant Kmart Corporation's Supplemental Responses to Intervenor's Interrogatories, (f) Defendant Target Corporation's Supplemental Responses to Intervenor's Interrogatories, incorporating the results of the meet and confer process between counsel. The production of documents is being finalized and will be completed prior to Friday April 7, 2017.

Cirlin Supp. Decl. at 2.  In light of Defendants' representations, the Court ordered Intervenor to file a supplemental pleading on or before April 19, 2017, "clearly stating for each and every request, if the supplemental response and production obviated the need for the motion to compel [ECF No. 83] and, if not, what Defendants provided in the supplemental response or production, why the response or production is still insufficient, and why Defendants' proposed

compromise for the request is not acceptable." ECF No. 96 (emphasis in original). Defendants were ordered to respond on or before April 26, 2017. Id. The parties timely filed their supplemental briefing. See April MTC and April Oppo.

## LEGAL STANDARD

The scope of discovery under the Federal Rules of Civil Procedure is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

District courts have broad discretion to determine relevancy for discovery purposes. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). District courts also have broad discretion to limit discovery to prevent its abuse. See Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)").

## THE PARTIES' INITIAL POSITIONS

In his March motion to compel, Intervenor requests an order from the Court (1) deeming all of Defendants' tardy objections waived, (2) compelling complete discovery responses from Defendants, and (3) permitting Intervenor to take his depositions beyond the April 3, 2017 fact discovery cutoff. March MTC at 9. In support, Intervenor argues that he served 114 written discovery requests on January 27, 2017, well before the April 3, 2017 discovery cutoff, but Defendants have only responded with untimely objections and no substantive responses. Id. at 2-3. Specifically, Intervenor argues that Defendants' objections should have been served via

email within thirty days of receiving the requests, but that he instead received the objections via the United States Postal Service eleven days later. Id. at 3, n3. Intervenor further argues that Defendants' responses are insufficient as they were required to respond to and answer all parts of the requests that were not specifically objected to and to specify if any responsive material was being withheld. Id. at 5. Intervenor notes that Defendants have even failed to produce the documents that they have promised to produce and failed to provide the responses they offered to provide in their compromises. Id. at 5-8. Finally, Intervenor argues that "the relevancy of the requests and interrogatories at issue is obvious" and the Defendants' positions "deserve a stiff rebuke, including an award of reasonable expenses incurred in making the motion, including attorney's fees, as against both Defendants and their counsel." Id. at 4 (internal quotations and citations omitted).

Defendants object to Intervenor's motion arguing that Intervenor has failed to comply with the Court's order requiring Intervenor to describe Defendants' objections and proposed compromises and explain why the compromise is insufficient or the objection is incorrect. March Oppo. at 4. Defendants note that Intervenor failed to even attach Defendants' responses to the motion, making it impossible for the Court "to properly evaluate the objections that were raised" and that the motion should be denied on this ground alone. Id. Defendants contend that they "timely served their objections to" Intervenor's discovery requests and that because Intervenor failed to meet and confer on the issue of timely service, the issue should be waived in accordance with the Court's Scheduling Order and Chambers' Rules. Id. at 5-6 n2. Defendants further contend that they were not obligated to provide partial answers to Intervenor's requests because they did not object to portions of the requests, but to the entire requests. Id. Defendants emphasize that they offered numerous compromises, but Intervenor refused to narrow the requests and instead moved to compel responses to the requests as originally drafted. Id. at 7. Finally, Defendants contend that Intervenor's request for permission to depose Defendants after the discovery cut-off period should be denied both procedurally and substantively as Intervenor has failed to notice Defendants' depositions or even mention that he intends to take Defendants' depositions. Id. at 17.

4

## THE PARTIES' POSITIONS AFTER SUPPLEMENTAL RESPONSES

In his April MTC, Intervenor again seeks an order from the Court deeming all of Defendants' objections waived as untimely, compelling complete discovery responses and document production from Defendants, and permitting Intervenor to depose Defendants Target and Kmart after the close of discovery. April MTC at 10. Intervenor reiterates his position that Defendants initial objections were untimely and that Defendants failed to respond to or answer any part of the interrogatories or requests for admission that were not specifically objected to. Id. at 2-3, 6. Intervenor also argues that Defendants' "supplemental responses remain deficient in several key areas of essential, relevant, proportional discovery." Id. at 4. Intervenor notes that Defendants have only produced documents that Intervenor already has and have failed to produce even a single internal document. Id. at 6.

In their April Oppo., Defendants contend that Intervenor has again failed to follow the Court's instructions making his motion "exceedingly difficult" to parse through and that the motion should be denied on that ground alone. April Oppo. at 4. Specifically, Defendants contend that Intervenor failed to (1) file a supplemental pleading and, instead, filed a second motion, (2) address each and every request as ordered, (3) discuss the additional documents produced in the supplemental production, (4) provide any legal authority for his position, and (5) provide a proper proportionality analysis. Id. at 5-6.

## REQUESTS FOR PRODUCTION OF DOCUMENTS[1]

Legal Standard

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for

---

[1] The Requests for Production of Documents directed toward Defendant Kmart track the requests directed to Defendant Target and Defendants agreed that their position with respect to Defendant Target's responses to the requests would apply equally to Defendant Kmart's responses to the requests. ECF No. 85-11 at 3.

objecting to the request, including the reasons." <u>Id.</u> at 34(b)(2)(B).  The responding party is responsible for all items in "the responding party's possession, custody, or control."  <u>Id.</u> at 34(a)(1).  Actual possession, custody or control is not required.  Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document."  <u>Soto v. City of Concord</u>, 162 F.R.D. 603, 619 (N.D. Cal. 1995).

<u>Analysis</u>

Despite the Court's explicit instructions and warnings, Intervenor has failed to follow the Court's order regarding the substance of the supplemental briefing [<u>see</u> ECF No. 96].  The Court ordered Intervenor to

> <u>clearly stat[e] for each and every request, if the supplemental response and production has obviated the need for the motion to compel a response and, if not, what Defendants provided in the supplemental response or production, why the response or production is still insufficient, and why Defendants' proposed compromise for the request is not acceptable</u>

<u>Id.</u> at 3 (emphasis in original).[2]  The Court also cautioned Intervenor that

> many of Intervenor's original discovery requests are overbroad and not proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1). Accordingly, it is important that Intervenor heed the Court's order and provide the specified information regarding Defendants' supplemental responses, production, and offers to compromise. A failure to do so may result in the Court denying Intervenor's motion to compel further responses because Intervenor will not have provided sufficient law and facts to justify the broad discovery requests.

<u>Id.</u>  In the document request section of his supplemental pleading Intervenor does not list a single one of the 37 documents requests for which he seeks to compel additional responses.  April MTC at

---

[2] The Court was expecting Intervenor to provide information such as: Request for Production No.1 requests _____.  Defendants objected to the request as _____ and proposed a compromise of _____.  Defendant supplemented their response with _____.  The supplemental response is still insufficient because _____.  Defendants proposed compromise is not acceptable because _____.  While the Court is aware that this may be a tedious and time consuming process, it is the only way for the Court to know what requests are still at issue and to properly analyze the motion.

6-8.  Intervenor does not mention a single specific request, explain how Defendants supplemented their response to that request, or explain why Defendants' proposed compromise to a specific request is unacceptable.  Id.  Instead, Intervenor gives a general, overbroad statement that "Defendants have produced no internal communications or documents concerning the most important subjects" such as (1) internal non-privileged documents concerning Plaintiff, Intervenor or the Worldslide, Aviva, and Adams litigation and (2) internal documents showing how much money was budgeted or paid by Defendants in other similar litigation.  Id. at 6-7.  Intervenor then references, and asks the Court to compel, these two categories of documents without identifying which specific requests fall into which category.[3]  Intervenor's failure to address each request he is seeking to compel, to provide information regarding what documents Defendants provided in response to each request and why the supplemental production is insufficient, to explain why Defendants' proposed compromise narrowing Intervenor's overbroad requests is unacceptable, and to provide case law supporting his broad requests makes it impossible for the Court to evaluate the individual discovery requests.

In his April MTC, Intervenor asserts that Defendants' proposed compromises are problematic because Defendants "are the subjective arbiter of whether a particular document qualifies as an 'internal communication,' or 'reflecting an evaluation,' or a 'damage analysis,' or a 'litigation budget,' or 'commenting on the performance of Intervenor/Plaintiff as counsel of record'" which allows Defendants to produce "just about anything" and states that Defendants' supplemental production is insufficient.  Id. at 8.  However, Intervenor does not identify which discovery request, supplemental production, or offered compromise he is referring to.  Again, Intervenor's failure to tie his objections or concerns to specific document requests makes it impossible for the Court to consider those arguments in deciding whether to compel further responses to specific requests.

The overbreadth of the discovery requests and the inadequacy of Intervenor's pleadings

---

[3] Intervenor states that requests for production 25-30 belong in category 2.  April MTC at 7. The motion does not state which category the remaining thirty-two requests belong in, if any. Id.

can be illustrated by examining one request.  Request for Production No. 27 seeks "[d]ocuments sufficient to show the hourly rates and total attorney fees paid by or on behalf of Target for any of the matters listed in Exhibit A hereto."[4]  ECF No. 116-2, Declaration of Stephen M. Lobbin in Support of Intervenor's Motion to Compel ("Lobbin Decl.") at Exh. 1.  Exhibit A contains a list of more than one hundred cases.  Id.  Defendants objected to the request as (1) vague, ambiguous, and uncertain with respect to the terms "sufficient to show" in connection with the "hourly rates and attorney fees", "most recent" and "patent litigation matters" (2) unduly burdensome, oppressive, and harassing, (3) calling for documents that are not likely to lead to the discovery of admissible evidence, (4) over broad and calling for information with no probative value, (6) lacking proportionality, (7) lacking particularity, (8) seeking private, confidential financial information exchanged between attorney and client, in violation of the right to privacy, and (9) seeking private, confidential financial information of third parties, in violation of the right to privacy and did not provide any supplemental documents.  Id. at Exh 11, Exh. 18.  Intervenor argues that the documents requested in Requests for Production Nos. 25-30

> are relevant and proportional also, because these documents would support the valuation and damages analysis to be provided in Intervenor's expert report. Also, concerning proportionality, these behemoth corporate Defendants have systems in place to easily locate internal documents and records, and Intervenor does not anticipate that Target (or Kmart) has a large volume of responsive documents anyway, given their relatively inactive role in the underlying litigation.  But whatever they do have, Intervenor is entitled to, without further sub-qualification as proposed in Defendants' supplemental responses.

April MTC at 7.  Intervenor does not explain how compelling records from the list of more than one hundred cases dating back to 2008 is proportional to the needs of this case.  Just because Defendants may have systems in place to easily pull the requested documents, does not mean that the requested financial records are relevant or proportional.  Additionally, Intervenor has not provided any law to support his position that the request is relevant or proportional.  See

---

[4] The Court chose Request for Production 27 because it is contained in the only group of requests identified by Intervenor.  In his April MTC, Intervenor identified Requests for Production Nos. 25-30 and provided an argument supporting his request for compelling further responses.  April MTC at 7.  Intervenor did not identify any other requests by number.

April MTC.

Because Intervenor ignored this Court's order and failed to provide specific information regarding every Request for Production at issue, and failed to narrow his overbroad requests or provide law or evidence to support his overbroad requests, the Court is unable to evaluate each individual request and objection and therefore **DENIES** Intervenor's motion to compel the production of documents. See Franklin v. Smalls, 2012 WL 5077630, *31 (S.D. Cal., Oct. 18, 2012) (denying plaintiff's motion to compel requests for admissions where plaintiff failed to satisfy his minimum burden of "informing the court which discovery requests are the subject of his motion to compel, which of defendants' responses are disputed, why he believes defendants' responses are deficient, why defendants' objections are not justified, and why the information he seeks through discovery is relevant to the prosecution of this action and noting that "[t]he Court will not review each of plaintiff's discovery requests and each of defendants' responses thereto in order to determine whether any of the defendants' responses are somehow deficient.") (quoting Masterson v. Campbell, 2009 WL 2824754, at *2 (E.D. Cal. Sept. 1, 2009)). "[A]s a compromise position on []his motion," Intervenor requests that the Court compel Defendants to produce all documents responsive to the two categories he describes in his motion and to state if they have responsive documents to Intervenor's original requests. April MTC at 8. The two categories described by Intervenor are very broad and Intervenor has not established the relevancy and proportionality of the categories. Moreover, they are new requests, which have not been served on Defendants and which appear to have the same problems identified by Defendants and the Court as to the current Requests for Production. Accordingly, Intervenor's request is **DENIED**. However Defendants are ordered to produce to Intervenor all of the documents Defendants agreed to produce in their offers of compromise. The responsive documents must be produced by **June 5, 2017**.

///

///

///

///

///

**REQUESTS FOR ADMISSION[5]**

Legal Standard

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). "Each matter must be separately stated." Fed. R. Civ. P. 36(a)(2). A responding party must admit a matter, specifically deny a matter, or state in detail why they cannot truthfully admit or deny it. Fed. R. Civ. P. 36(a)(4). If a matter is denied, the "denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Id. A responding party may object to a request if they state the ground for the objection. Fed. R. Civ. P. 36(a)(5). The requesting party may then seek a decision from the court determining the sufficiency of an answer or objection. Fed. R. Civ. P. 36(a)(6). The court must order that an answer be served unless it finds an objection justified. Id. "On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." Id.

Analysis

Requests for Admission 1-4 are as follows:

1. Admit that Worldslide claimed and sought over $10 million in damages in "the *Worldslide* litigation" (as defined in Paragraph 9 of Intervenor's Complaint, *see* ECF 58 at 3).

2. Admit that the plaintiff and putative class claimed and sought over $10 million in damages in "the Adams litigation" (as defined in Paragraph 21 of Intervenor's Complaint, *see* ECF 58 at 6.

3. Admit that Target assented to the representation and advocacy of

---

[5] The Requests for Admission directed toward Defendant Kmart track the requests directed to Defendant Target and Defendants agreed that their position with respect to Defendant Target's responses to the requests would apply equally to Defendant Kmart's responses to the requests. ECF No. 85-11 at 4.

Intervenor on Target's behalf in the *Worldslide* litigation.

4. Admit that Target assented to the representation and advocacy of Intervenor on Target's behalf in the *Adams* litigation.

ECF No. 85-3 at 2. Defendants object that the requests are stated in the conjunctive which creates confusion and ambiguity. March Oppo. at 15. Defendants contend that Intervenor agreed to omit the conjunctive phrases, but insisted on reserving his right to compel further responses to the original requests although he did not dispute that "such requests for admissions are prohibited." Id. at 15-16; see also ECF No. 85-11 at 3. Defendants agree to provide supplemental responses "without the following conjunctive phrases: 'claimed and' (RFA 1), 'claimed and,' 'plaintiff and' (RFA 2), 'and advocacy' (RFA3), and 'and advocacy' (RFA 4)." Id. Intervenor responds that the requests are not improperly conjunctive and that Defendants should have admitted or denied their truthfulness instead of improperly refusing to respond. MTC at 9.

In his supplemental briefing, Intervenor states that (1) Defendant Target served supplemental responses to Requests for Admission 1-4, (2) Defendant Kmart served supplemental responses to Requests for Admission 1-2, and (3) "[t]hese supplemental responses are acceptable in substance, but nonetheless should be stricken for untimely service." April MTC at 9. Intervenor's motion to compel responses to Requests for Admission 1-4 is therefore **DENIED AS MOOT**. Intervenor's request that the responses be stricken for untimely service is **DENIED**.[6]

---

[6] Intervenor argues that Defendants have waived all of their objections to his propounded discovery "for lack of timely service, because the objections were not served (a) by e-mail, as all parties agreed (as required per Fed. R. Civ. P. 5(b)(2)(E)), and/or (b) within 30 days." March MTC at 5; see also April MTC at 3 n.4. Intervenor served his discovery on January 27, 2017. March MTC at 2. Defendants were required to serve their answers and objections within thirty days of being served with the discovery. See Fed. R. Civ. P. 33(b)(2) (interrogatory answers or objections must be served within thirty days of being served); see also Fed. R. Civ. P. 34(b)(2)(A) ("[t]he party to whom the request is directed must respond in writing within 30 days after being served"); and Fed. R. Civ. P. 36(a)(3) ("[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection"). Defendants served their objections to the discovery on February 27, 2016 via United States mail. March Oppo. at 6. When Intervenor informed Defendants that he

Requests for Admission 5-12 are as follows:

5. Admit that there is no written and signed "agreement between all those involved that Plaintiff would not seek compensation from [Target] if Manley failed to pay" (*see* ECF 48 at 19).

6. Admit that there is no consideration supporting any such "agreement between all those involved that Plaintiff would not seek compensation from [Target] if Manley failed to pay."

7. Admit that Plaintiff never stated to anyone that it "would not seek compensation from [Target] if Manley failed to pay."

8. Admit that Plaintiff never stated to Target that it "would not seek compensation from [Target] if Manley failed to pay."

9. Admit that Plaintiff never stated to Manley that it "would not seek compensation from [Target] if Manley failed to pay."

10. Admit that Intervenor never stated to anyone that he "would not seek compensation from [Target] if Manley failed to pay."

11. Admit that Intervenor never stated to Target that he "would not seek compensation from [Target] if Manley failed to pay."

12. Admit that Intervenor never stated to Manley that he "would not seek compensation from [Target] if Manley failed to pay."

ECF No. 85-3 at 2. Defendants object stating that Intervenor improperly attempts to incorporate a partial quotation from the Court's ruling on defendants' Rule 11 motion and that the requests are not self-contained, direct, and clearly understandable. March Oppo. at 16; see also ECF No.

---

had not received their responses, Defendants emailed the responses to Intervenor on March 3, 2017. Id. at 6 n.2

While Intervenor has shown that Defendants agreed to electronic service, Intervenor has not provided any law or evidence in support of the position that agreeing to electronic service means that no other form of service is permitted. March MTC at 5; see also April MTC at 3 n.4. Intervenor questions the veracity of Defendants' proof of service because he did not receive the mailed responses until eleven days after Defendants mailed the responses, however, the Court has no basis upon which to find that Defendants are being disingenuous about the date on which they mailed the responses. April MTC at 3 n.4. In light of the manner in which discovery has progressed in this matter and because Defendants' responses were served at most, one day late, and were emailed to Intervenor when Defendants were made aware that he had not received the mailed responses, Intervenor's request that Defendants' objections be waived and their responses stricken for being untimely is **DENIED**.

85-11 at 4.  Defendants further state that request 5 is stated in the conjunctive and requests 6 -12 do not reference the source of the partial quotation.  Id.  Intervenor declined to modify the requests.  Id.  Intervenor responds that the requests are straightforward and self-explanatory and Defendants should have admitted or denied their truthfulness instead of improperly refusing to respond.  March MTC at 9.  In his supplemental briefing, Intervenor reiterates his previous position.  April MTC at 9.  Defendants argue that Intervenor "offers no explanation why Defendants should be required to divine and explain a partial quotation from the District Court's decision taken out of context."  April Oppo. at 14.

The quoted language in Requests for Admission 5-12 comes from the district judge's order but it summarizes an argument or statement made by Defendants in their motion for sanctions "that there was some kind of tacit agreement between all those involved that Plaintiff would not seek compensation from Defendants if Manley failed to pay."  ECF No. 48 at 19.  Given the facts of this case, the Court finds that Requests for Admission 5-12 are appropriate.  While Request for Admission 5 is compound, the phrase "written or signed" is not confusing or misleading.  Accordingly, Intervenor's motion is **GRANTED** and Defendants are ordered to respond to Requests for Admission 5-12.  Defendants must serve the ordered supplemental responses by **June 2, 2017**.

Requests for Admission 13-15 are as follows:

13.    Admit that Target never requested or proposed any agreement (written or otherwise) stating the terms of its relationship with Intervenor or Plaintiff.

14.    Admit that Target never requested or proposed that Intervenor or Plaintiff waive or relinquish any right to recover attorney fees directly from Target.

15.    Admit that neither Intervenor nor Plaintiff ever waived or relinquished any right to recover attorney fees directly from Target.

ECF No. 85-3.  Defendants object because the requests contain one or more conjunctive phrases.  March Oppo. at 17; see also ECF No. 85-11 at 4.  Defendants note that Intervenor himself argued that "waive" had a distinct meaning from "relinquish" and that the terms "requested" and "proposed" have two different meanings and that the requests are compounded by referring to both Plaintiff and Intervenor.  Id.  The parties could not agree on which

conjunctive phrases to drop.  Id.  Intervenor responds that the requests are not improperly conjunctive and that Defendants should have admitted or denied their truthfulness instead of improperly refusing to respond.  March MTC at 9.

In his April MTC, Intervenor reiterates his previous position and argues that the requests are not improperly conjunctive and that they are "clear, straightforward and self-explanatory requests, and Defendants should have either admitted or denied the truthfulness of the statements presented."  April MTC at 9.  Intervenor does not cite any law or cases in support of his position.  Id.  Defendants disagree and contend that the requests are improperly stated in the conjunctive.  April Oppo. at 14-15.  Defendants also objected to request no. 13 as vague and ambiguous with respect to the term Manley and requests 13-15 as irrelevant.[7]  Lobbin Decl. at Exh. 15.

The Court disagrees with Defendants and finds that the Requests for Admission are relevant.  However, Defendants are correct that all three Requests for Admission are inappropriately compound.  The clearest example is Request for Admission No. 14 which asks Defendants to admit that Target never (1) requested that Intervenor waive any right to recover attorney fees directly from Target, (2) requested that Intervenor relinquish any right to recover attorney fees directly from Target, (3) proposed that Intervenor waive any right to recover attorney fees directly from Target, (4) proposed that Intervenor relinquish any right to recover attorney fees directly from Target, (5) requested that Plaintiff waive any right to recover attorney fees directly from Target, (6) requested that Plaintiff relinquish any right to recover attorney fees directly from Target, (7) proposed that Plaintiff waive any right to recover attorney fees directly from Target, and (8) proposed that Plaintiff relinquish any right to recover attorney fees directly from Target.

Requests for admission "may not contain compound, conjunctive, or disjunctive (e.g.,

---

[7] Defendants contend that the requests are irrelevant "and not likely to lead to the discovery of admissible evidence as The Eclipse Group, LLP was counsel of record in the litigation, not Intervenor. Manley Toys, Ltd. hired The Eclipse Group, LLP to represent Target Corporation with the understanding that only Manley would pay for the legal fees."  Lobbin Decl. at Exh. 15.

14

"and/or") statements." <u>U.S. ex rel. Englund v. Los Angeles Cty.</u>, 235 F.R.D. 675, 684 (E.D. Cal. 2006) (citing <u>Herrera v. Scully</u>, 143 F.R.D. 545, 549 (S.D.N.Y.1992)). However, "[a] party may not avoid responding based on technicalities. For example, a party who is unable to agree with the exact wording of the request for admission should agree to an alternate wording or stipulation." <u>Id.</u> (internal citations omitted) (citing <u>Marchand v. Mercy Med. Ctr.</u>, 22 F.3d 933, 938 (9th Cir.1994), citing <u>Milgram Food Stores, Inc. v. United States</u>, 558 F.Supp. 629, 636 (W.D. Mo. 1983)). When the purpose and significance of a request are reasonably clear, courts do not permit denials based on an overly-technical reading of the request. <u>Id.</u> "It is not ground for objection that the request is 'ambiguous' unless so ambiguous that the responding party cannot, in good faith, frame an intelligent reply. Parties should 'admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted.'" <u>Id.</u> at 685 (quoting <u>Marchand</u>, 22 F.3d at 938).

Intervenor's motion to compel responses to Requests for Admission 13 and 15 is **GRANTED**. While these requests are compound, they are not misleading, confusing, or ambiguous given the facts of this case. Defendants' object that Request No. 13 is vague and ambiguous as to the term Manley, but the term Manley does not appear in the request. Even if it did, the Court does not find that the request is so ambiguous Defendants cannot form an intelligent reply. Intervenor's motion to compel a response to Request for Admission 14 is **DENIED** as that request is ambiguous because it contains so many conjunctive terms. Accordingly, Defendants must serve an amended response to Requests for Admission 13 and 15 on or before **June 2, 2017**. <u>See</u> Fed. R. Civ. P 36(a)(6) (stating that "[t]he requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.").

///

///

///

# **INTERROGATORIES[8]**

## Legal Standard

An interrogatory may relate to any matter that may be inquired under Rule 26(b). Fed. R. Civ. P. 33(a)(2). "The grounds for objecting to an interrogatory must be stated with specificity," and any interrogatory not objected to must be answered fully in writing under oath. Fed. R. Civ. P. 33(b)(3-4).

## Analysis

Interrogatories 1-2 are as follows:

1.      State the total amount of attorney fees paid by or on behalf of Target for its defense of "the *Worldslide* litigation" (as defined in Paragraph 15 of Intervenor's Complaint, *see* ECF 58 at 3).

2.      State the total amount of attorney fees paid by or on behalf of Target for its defense of "the *Adams* litigation" (as defined in Paragraph 21 of Intervenor's Complaint, *see* ECF 58 at 6).

ECF No, 85-5 at 1-2. Defendants object to the fact that the interrogatories are stated in the conjunctive and propose breaking down each interrogatory into their subparts and providing separate responses. ECF No. 85-11 at 4. Defendants further propose limiting the responses to fees paid to Eclipse as they are the only ones relevant to the action. Id. Intervenor contends that Defendants' limitations on scope are not proper objections. March MTC at 9. Defendants agreed to serve supplemental responses. March Oppo. at 17. Those responses were supplemented on April 4, 2017. Cirlin Supp. Decl. at 2. Intervenor states that the supplemental responses are "acceptable in substance, but nonetheless should be stricken for untimely service." March MTC at 8 n5. Accordingly, Intervenor's motion to compel responses to Interrogatories 1-2 is **DENIED AS MOOT**. Intervenor's request that the interrogatories be stricken for untimely service is **DENIED**.

---

[8] The Interrogatories directed toward Defendant Kmart track the interrogatories directed to Defendant Target and Defendants agreed that their position with respect to Defendant Target's responses to the interrogatories would apply equally to Defendant Kmart's responses to the requests. ECF No. 85-11 at 5.

Interrogatories 3-4 read:

> 3.    State the total amount of invoiced but unpaid attorney fees related to Target's defense of "the *Worldslide* litigation."
>
> 4.    State the total amount of invoiced but unpaid attorney fees related to Target's defense of "the *Adams* litigation."

ECF No, 85-5 at 2.  Defendants agreed to supplement by limiting the scope to invoices of Eclipse since Target did not receive invoices from any other attorney.  ECF No. 85-11 at 4.  Intervenor contends that Defendants' limitations on scope are not proper objections. March MTC at 9. Defendants' responses were supplemented on April 4, 2017.  Cirlin Supp. Decl. at 2.  Intervenor states that the supplemental responses are "acceptable in substance, but nonetheless should be stricken for untimely service."  April MTC at 8 n5.  Accordingly, Intervenor's motion to compel responses to Interrogatories 3-4 is **DENIED AS MOOT**.  Intervenor's request that the interrogatories be stricken for untimely service is **DENIED**.

Interrogatory 5 asks Defendants to:

> 5.    Explain in detail the monetary value of the admitted "valuable services [Intervenor provided] on behalf of . . . Target" as stated in Paragraph 33 of the Complaint (*see* ECF 58 at 8).

ECF No, 85-5 at 2.  Defendants agreed to supplement their response after hearing Intervenor's clarification of the interrogatory.  ECF No. 85-11 at 4.  Intervenor contends that Defendants' limitations on scope are not proper objections.  March MTC at 9.  Defendants' response was supplemented on April 4, 2017.  Cirlin Supp. Decl. at 2.  Intervenor states that the supplemental response is "acceptable in substance, but nonetheless should be stricken for untimely service." April MTC at 8 n5.  Accordingly, Intervenor's motion to compel a response to Interrogatory 5 is **DENIED AS MOOT**.  Intervenor's request that the interrogatory be stricken for untimely service is **DENIED**.

Interrogatories 6-7 ask Defendants to:

> 6.    State the damages claimed or sought by Worldslide in "the *Worldslide* litigation."
>
> 7.    State the damages claimed or sought by Adams in "the *Adams* litigation."

ECF No, 85-5 at 2.  Defendants noted that the interrogatories are comparable to requests for admission 1-2, but agreed to supplement their responses with non-privileged information.  ECF No. 85-11 at 4. Intervenor contends that Defendants' limitations on scope are not proper objections.  March MTC at 9.  Defendants' responses were supplemented on April 4, 2017.  Cirlin Supp. Decl. at 2.  Intervenor states that the supplemental responses are "acceptable in substance, but nonetheless should be stricken for untimely service."  April MTC at 8 n5. Accordingly, Intervenor's motion to compel responses to Interrogatories 6-7 is **DENIED AS MOOT**.  Intervenor's request that the interrogatories be stricken for untimely service is **DENIED**.

Interrogatories 8-9 ask Defendants to:

8.     Explain in detail any assessment of potential damages in "the *Worldslide* litigation."

9.     Explain in detail any assessment of potential damages in "the *Adams* litigation."

ECF No, 85-5 at 2.  Defendants agreed to supplement their response "with the understanding that the interrogatory is asking Target to explain its evaluation of damage exposure, if any, in the subject litigation, to the extent not privileged."  ECF No. 85-11 at 4.  Intervenor contends that Defendants' limitations on scope are not proper objections.  March MTC at 9.  Defendants' responses were supplemented on April 4, 2017.  Cirlin Supp. Decl. at 2.  Intervenor states that the supplemental responses are "acceptable in substance, but nonetheless should be stricken for untimely service."  April MTC at 8 n5.  Accordingly, Intervenor's motion to compel responses to Interrogatories 8-9 is **DENIED AS MOOT**.  Intervenor's request that the interrogatories be stricken for untimely service is **DENIED**.

Interrogatories 10-11[9] ask Defendants to:

10.     Explain in detail the hourly rates and total attorney fees paid by or on behalf of Target for its most recent ten (10) patent litigation matters.

11.     Explain in detail the hourly rates and total attorney fees paid by or on behalf

---

[9] Interrogatories Nos. 6 and 10 for Defendant Kmart.  April MTC at 8.

of Target for its most recent ten (10) class action matters.

ECF No, 85-5 at 2. Defendants object that the requests are not particularized and "do not bear on the issues in dispute, and are not at all proportional to the needs of the case." March Oppo. at 12. Defendants note that the interrogatories are comparable to requests for production 25-30 and decline to supplement their responses. ECF No. 85-11 at 5. Intervenor argues that Defendants' refusal to respond is improper. March MTC at 9. In his supplemental pleading Intervenor again argues that "Defendants refusal to respond is improper" and that the information sought via Interrogatories 10-11 concerns "key evidence in the case regarding the expert valuation of the provided but unpaid-for services as *quantum meruit*, and concerning clear statements from the pleadings." April MTC at 9.

Defendants objected to interrogatories 10-11 as (1) vague, ambiguous, and uncertain with respect to the terms "most recent" and "patent litigation matters", (2) conjunctive and including subparts, (3) unduly burdensome, oppressive, and harassing, (4) calling for information that is not likely to lead to the discovery of admissible evidence, (5) over broad and calling for information with no probative value, and (6) seeking private, confidential financial information exchanged between attorney and client, in violation of right to privacy, (7) seeking private, confidential information of third parties, in violation of the right to privacy, and (8) lacking proportionality. Lobbin Decl. at Exh 13. Defendants contend that Intervenor has "failed to demonstrate that he is entitled generally to the litigation budgets of Defendants or legal fees and invoices of lawyers who may or may not have the same background and professional experience as [Intervenor] on matters concerning 'intellectual property' disputes" and notes that Intervenor has failed to provide any legal authority in support of his position. April Oppo. at 12. Defendants further contend that the requests are not proportional where Intervenor agreed to represent Defendants at the maximum rate of $300.00 per hour and that attempting to recover more than the agreed upon rate would be unethical. Id. Defendants note that Intervenor has objected to Defendants' requests seeking the rate Intervenor has charged for his work on patent infringement and false advertising litigation as privileged, irrelevant, and not proportional to the needs of this case. Id. Defendants emphasize that the relevant value of services is not the

value to the client, but "the reasonable value of the services in the community where they were rendered, by the person who rendered them." Id. at 13 (quoting <u>Citron v. Fields</u>, 30 Cal App. 2d 51, 62 (1938)).

The Court finds that the interrogatories seek a significant amount of irrelevant information and are not proportional to the instant case. Intervenor fails to explain how detailed hourly rates and total attorneys' fees paid in unrelated cases in potentially dissimilar venues by attorneys of unknown experience are relevant to the issues in this case. Intervenor also fails to provide any legal support for his request. Accordingly, Intervenor's motion to compel responses to Interrogatories 10-11 is **DENIED**.

Interrogatories 12-13 ask Defendants:

12. If Target disputes that it assented to the representation and advocacy of Intervenor on Target's behalf in the *Worldslide* litigation, explain in detail the factual basis for disputing this allegation.

13. If Target disputes that it assented to the representation and advocacy of Intervenor on Target's behalf in the *Adams* litigation, explain in detail the factual basis for disputing this allegation.

ECF No, 85-5 at 2. Defendants noted that the interrogatories are comparable to requests for admission 3-4, but agreed to supplement their responses by removing reference to "and advocacy." ECF No. 85-11 at 5. Intervenor contends that Defendants' limitations on scope are not proper objections. MTC at 9. Defendants supplemented their responses on April 4, 2017. Cirlin Supp. Decl. at 2. Intervenor states that the supplemental responses are "acceptable in substance, but nonetheless should be stricken for untimely service." April MTC at 8 n5. Accordingly, Intervenor's motion to compel responses to Interrogatories 12-13 is **DENIED AS MOOT**. Intervenor's request that the interrogatories be stricken for untimely service is **DENIED**.

Interrogatories 14-15 ask Defendants:

14. If Target disputes that it "is a beneficiary of services provided by Intervenor," explain in detail the factual basis for disputing this allegation.

15. If Target disputes that it "benefited directly from valuable services provided by Intervenor," explain in detail the factual basis for disputing this allegation.

ECF No, 85-5 at 3. Defendants state that these are contention interrogatories and use quotations without identifying the source. ECF No. 85-11 at 5. Defendants agreed to supplement their response after Intervenor clarified that the quote is from the Complaint in Intervention. Id. Intervenor contends that Defendants' limitations on scope are not proper objections. MTC at 9. Defendants supplemented their responses on April 4, 2017. Cirlin Supp. Decl. at 2. Intervenor states that the supplemental responses are "acceptable in substance, but nonetheless should be stricken for untimely service." April MTC at 8 n5. Accordingly, Intervenor's motion to compel responses to Interrogatories 14-15 is **DENIED AS MOOT**. Intervenor's request that the interrogatories be stricken for untimely service is **DENIED**.

Interrogatory 16 asks Defendants to:

16. Explain in detail the factual basis for any allegation about an "agreement between all those involved that Plaintiff would not seek compensation from [Target] if Manley failed to pay" (*see* ECF 48 at 19).

ECF No. 85-5 at 3. Defendants note that the interrogatory is comparable to requests for admission 5-12, and decline to supplement further. March Oppo. at 16; see also ECF No. 85-11 at 5. Intervenor argues that Defendants' refusal to respond is improper. MTC at 9. In his supplemental pleading Intervenor again argues that "Defendants refusal to respond is improper" and that the information sought via Interrogatory No. 16[10] supports Defendants' responses to Interrogatories 10-11. April MTC at 9. Defendants objected to the interrogatory as (1) vague, ambiguous, and uncertain with respect to the terms "agreement between all those involved", "Manley", and "see ECF 48 at 19," (2) argumentative, (3) unduly burdensome, oppressive, and harassing, (4) calling for information that is not likely to lead to the discovery of admissible evidence, (5) over broad and calling for information with no probative value, and (6) exceeding the number of interrogatories allowed to be served. Lobbin Decl. at Exh 13. Defendants contend that Intervenor fails to "address the merits of Defendants' objections at all." April Oppo. at 13. Defendants further contend that the interrogatory contains a partial quotation that was lifted

---

[10] Interrogatory No. 10 for Defendant Kmart. April MTC at 9.

from a previous order of the District Court and that Intervenor "offers no explanation why Defendants should be required to divine and explain a partial quotation from the District Court's decision taken out of context." Id. at 14.

Intervenor's motion to compel responses to Interrogatory 16 is **GRANTED**. As the Court found with respect to Requests for Admission 5-12, the substance of Interrogatory 16 is relevant to the issues in dispute in this litigation and proportional to the needs of the case. Defendants must serve the ordered supplemental responses by **June 2, 2017**.

## DEPOSITIONS

Intervenor argues that he was unable "to take depositions of Defendants in an orderly fashion before the close of fact discovery" because Defendants did not timely complete their document production. April MTC at 9. Accordingly, Intervenor seeks permission from the Court to notice and depose Fed. R. Civ. P. 30(b)(6) witnesses for each of the Defendants once their production is complete. Id. at 10. Intervenor states that the purpose of the depositions will be to "discuss with these Defendants their usual budgets and payments for attorney fees in other patent and class action litigation, in order to support and buttress the correctness of Intervenor's expert valuation and damages analysis in this action." Id. Defendants contend that Intervenor is not entitled to take Fed. R. Civ. P. 30(b)(6) depositions that have not been noticed. April Oppo. at 15; see also March Oppo. at 17.

Intervenor's request to notice Fed. R. Civ. P. 30(b)(6) witness depositions after the close of discovery is **DENIED**. Discovery in this matter closed on April 3, 2017. ECF No. 68 at 1. Intervenor states that he was unable to conduct the desired depositions because Defendants did not provide him with all of the discovery he requested. April MTC at 9. While the Court understands why Intervenor would not want to *take* the depositions without the requested discovery, the Court does not understand how the lack of complete discovery prevented Intervenor from *noticing* the depositions. Intervenor does not address this issue; he merely emphasizes that he could not take the depositions without the requested discovery. April MTC at 9-10. This is insufficient. If Intervenor wanted to conduct Rule 30(b)(6) depositions, he should have noticed them prior to the close of discovery and then, if Defendants' document

production was incomplete or inadequate, the Court could have allowed the noticed depositions to occur after the close of discovery. While Intervenor sought permission to take the depositions in his initial motion to compel which was filed one week before the close of discovery, Intervenor had not actually noticed any depositions at that point. March Oppo. at 17. And, Intervenor failed to notice the depositions prior to the close of fact discovery.

Intervenor's failure to notice the depositions is critical because they are corporate depositions. Pursuant to Rule 30(b)(6), the requesting party "must describe with reasonable particularity the matters for examination." Intervenor did not do so. Moreover, in his supplemental filing, Intervenor states that he wants to "discuss with these Defendants their usual budgets and payments for attorney fees in other patent and class action litigation." April MTC at 10. As discussed earlier in this order, Intervenor has not established the relevancy and proportionality of the Defendants' litigation budgets and attorney fee payments in unrelated litigation conducted in different venues by different attorneys with unknown experience. If Intervenor had noticed the Rule 30(b)(6) depositions, the Defendants likely would have objected to the scope of the deposition topics and the Court would have resolved the dispute in this order. Because Intervenor did not notice the depositions and because the topic described by Intervenor in his moving papers is overbroad, not described with reasonable particularity, seeks irrelevant information, and is not proportional to the needs of this case, the Court **DENIES** Intervenor's request to notice corporate depositions after the close of fact discovery. The Court also notes that Intervenor has failed to provide the Court with legal authority supporting his position.

## SANCTIONS

Intervenor's request for "an award of reasonable expenses incurred in making the motion, including attorney's fees, as against both Defendants and their counsel" [see March MTC at 4] is **DENIED**. If a motion to compel discovery is granted, or if the disclosure or requested discovery is provided after the motion was filed, Rule 37(a)(5)(A) requires a court to order the "party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless the movant failed to meet and confer, the objection was

23

substantially justified, or other circumstances militate against awarding expenses. If the motion is granted in part and denied in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). Here, while requested discovery was provided after Intervenor's motion was filed, the Court finds that an award of sanctions is not appropriate because much of the late production was due to counsel's failure to adequately meet and confer. In addition, as discussed above, many of Defendants' objections to the requested discovery were substantially justified as evidenced by the fact that Intervenor's motion was granted in part and denied in part.

## CONCLUSION

In conclusion, Intervenor's motion to compel further responses to:

1.      Requests for Production of Documents 1-37 is **DENIED**.

2.      Requests for Admission 1-4 is **DENIED AS MOOT**;

3.      Requests for Admission 5-13 and 15 is **GRANTED**;

4.      Requests for Admission 14 is **DENIED**;

5.      Interrogatories 1-9 and 12-15 is **DENIED AS MOOT**;

6.      Interrogatories 10-11 is **DENIED**; and

7.      Interrogatory 16 is **GRANTED**.

Intervenor's motion to compel the Depositions of Defendants is **DENIED**. Intervenor's request for sanctions is **DENIED**.

**IT IS SO ORDERED**.

Dated: 5/19/2017

Hon. Barbara L. Major
United States Magistrate Judge

15cv1411-JLS (BLM)