UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

THE ECLIPSE GROUP LLP,

                        Plaintiff,

v.

TARGET CORPORATION, et al,

                       Defendants.

Case No.:  15cv1411-JLS (BLM)

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO COMPEL**

**[ECF Nos. 108-110]**

      Currently before the Court are Defendants' April 17, 2017 motions to compel Plaintiff to provide further responses to Defendants' (1) Requests for Admission [ECF No. 108-1 ("RFA MTC")], (2) Request for Production of Documents [ECF No. 109-1 ("RFP MTC")], and (3) Interrogatories [ECF No. 110-1 ("ROG MTC")], Plaintiff's April 24, 2017 oppositions to Defendants' motions [ECF No. 119 ("RFA Oppo."), ECF No. 120 ("RFP Oppo."), and ECF No. 121 ("ROG Oppo.")], and Defendants' May 1, 2017 consolidated reply [ECF No. 125 ("Reply")].  For the reasons set forth below, Defendants' motions are **GRANTED IN PART AND DENIED IN PART**.

<u>**PROCEDURAL BACKGROUND**</u>

      Defendants served their First Sets of Requests for Admissions ("RFAs"), Requests for Production of Documents (RFPs") and Interrogatories ("ROGs") on Plaintiff on February 22, 2017.  RFA MTC at 7; <u>see</u> <u>also</u> ECF No. 108-2, Declaration of Jason Cirlin in Support of

Defendants' Motion to Compel Plaintiff to Provide Further Responses to Requests for Admissions ("RFA Cirlin Decl.") at 2, RFP MTC at 7, ECF No. 109-2, Declaration of Jason Cirlin in Support of Defendants' Motion to Compel Plaintiff to Provide Further Responses to Requests for Production ("RFP Cirlin Decl.") at 2, ROG MTC at 7, and ECF No. 110-2, Declaration of Jason Cirlin in Support of Defendants' Motion to Compel Plaintiff to Provide Further Responses to Interrogatories ("ROG Cirlin Decl.") at 2.  Plaintiff served its responses on March 24, 2017 consisting of several objections.  RFA MTC at 7; see also RFA Cirlin Decl. at 2, Exhs. A-C, RFP MTC at 7, RFP Cirlin Decl. at 2, Exh. A-C, ROG MTC at 7, and ROG Cirlin Decl. at 2, Exhs. A-C.  On April 3, 2017, defense counsel held a telephone conference with Plaintiff's counsel to discuss the deficient responses.  RFA Cirlin Decl. at 2, Exh. D; RFP Cirlin Decl. at 2-3, Exh. D, and ROG Cirlin Decl. at 2, Exh. D.  The parties were unable to resolve their dispute.  Id.

On April 11, 2017, the District Court denied Intervenor's motion for summary adjudication to allow time for the instant discovery motions to be considered before deciding Intervenor's motion on the merits.  RFA MTC at 7; see also RFP MTC at 7, ROG MTC at 7, and ECF No. 102.

## LEGAL STANDARD

The scope of discovery under the Federal Rules of Civil Procedure is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

District courts have broad discretion to determine relevancy for discovery purposes.  See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).  District courts also have broad discretion to limit discovery to prevent its abuse.  See Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably

cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)").

## DEFENDANTS' POSITION

Defendants request an order from the Court requiring Plaintiff (1) to fully respond in writing and under oath to Defendant Target's Requests for Admission ("RFAs") 1-6, 8, 9, 11-22, 24-26, 28-29, 31, 33, 40-42, 50-51, and 55-58 and the corresponding RFAs of Defendants Kmart Corporation and Toys "R" US, Inc. [RFA MTC at 7], (2) to further respond to Defendant Target's RFPs 1-6, 8-12, 15, 20, 22-24, 26-29, 31-35, 37, 38-39, 41, 44, 47(-2), 48(-2), 49, 51, and 52 and the corresponding RFPs of Defendants Kmart Corporation and Toys "R" US, Inc. [RFP MTC at 7], and (3) to further respond to Defendant Target's ROGs 1-16 and the corresponding ROGs of Defendants Kmart Corporation and Toys "R" US, Inc., as well as Kmart ROG No. 5 [ROG MTC at 7]. Defendants argue that the requests are relevant because one of their defenses is that Intervenor may not pursue equitable claims for compensation since the work he performed was as an agent for Plaintiff and the requests directly relate to the express agreements that control the payment of compensation and the intent of the parties. RFA MTC at 8-9, RFP MTC at 9-10, ROG MTC at 8-9. Defendants further argue that the requests relate to their position that Intervenor and Plaintiff violated their ethical duties and to their claim of equitable estoppel. RFA MTC at 10, RFP MTC at 11-12, ROG MTC at 10-11. Finally, Defendants argue that the requests are relevant because Plaintiff and Intervenor's billing practices are directly at issue in this litigation. RFA MTC at 10-11, RFP MTC at 12, ROG MTC at 11. Defendants note that Plaintiff has the burden of proof to demonstrate that their requests are improper. RFA MTC at 11, RFP MTC at 13, ROG MTC at 11.

## PLAINTIFF'S POSITION[1]

Plaintiff begins its objections by stating that it has provided first amended responses "which hopefully will resolve many if not all of the issues raised in Defendants' motions." RFA

---

[1] The memorandums in opposition to Defendants' motions are identical. <u>See</u> RFA Oppo. at 2, RFP Oppo. at 2, and ROG Oppo. at 2.

Oppo. at 2, RFP Oppo. at 2, ROG Oppo. at 2. Plaintiff continues by contending that Defendants should not be permitted to bring the instant motion because discovery has closed and asking if the Court has chosen to "simply ignore[] the discovery cutoff" in this case without motion or any determinations regarding due diligence. Id. Plaintiff next contends that Defendants are attempting to use discovery to obtain information about issues and claims that they have failed to properly plead including (1) a theory of third-party beneficiary, (2) whether or not Intervenor can seek redress directly from Defendants, and (3) whether or not Intervenor and Plaintiff violated the Cannon of Ethics and therefore cannot recover their fees. Id. at 2-5. Finally, Plaintiff contends that Defendants' arguments regarding Intervenor's contract with Plaintiff has no merit. Id. at 6. Plaintiff notes that it has supplemented its responses to almost all of the discovery requests to which it previously objected, not because the objections were without merit, but "to avoid the necessity of this Court having to make decisions concerning the status of the pleadings and/or amendments to the pleadings and/or legal sufficiency of Defendants' new un-pled, theoretical defenses" which are decisions to be made by the trial court at a later time. Id. at 7. Plaintiff does not address each individual request in his oppositions. See RFA Oppo., RFP Oppo, and ROG Oppo.

## TIMELINESS

As an initial matter, Defendants' motion is not untimely and Defendants are not required to explain why they are entitled to file the instant motion. Plaintiff's confusion and concern that the Court is treating discovery deadlines "as suggestions" is difficult to understand as this Court's November 21, 2016 Scheduling Order states that

> [a]ll discovery motions must be filed within 30 days of the service of an objection, answer or response which becomes the subject of dispute or the passage of a discovery due date without response or production, and only after counsel have met and conferred and have reached impasse with regard to the particular issue.

See ECF No. 68 at 2. In order to assist Plaintiff who is "unclear as to the meaning of the Court's orders," this means that a discovery motion may be brought even after the close of discovery if

4

1    it is within the thirty-days described above.[2]  Here, Plaintiff served its responses to Defendants'

2    RFAs, RFPs, and ROGs on March 24, 2017.  RFA MTC at 7; see also RFA Cirlin Decl. at 2, Exhs.

3    A-C, RFP MTC at 7, RFP Cirlin Decl. at 2, Exh. A-C, ROG MTC at 7, and ROG Cirlin Decl. at 2,

4    Exhs. A-C.  Thirty days from March 24, 2017 is April 23, 2017.  Defendants filed the instant

5    motion on April 17, 2017 before the thirty days expired.  See RFA MTC; see also RFP MTC, and

6    ROG MTC.  Accordingly, not only were the motions not untimely, they were early and will be

7    considered by this Court.  Id.

8                                    **REQUESTS FOR ADMISSION[3]**

9        Legal Standard

10       "A party may serve on any other party a written request to admit, for purposes of the

11   pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to :(A)

12   facts, the application of law to fact, or opinions about either; and (B) the genuineness of any

13   described documents."  Fed. R. Civ. P. 36(a)(1).  "Each matter must be separately stated."  Fed.

14   R. Civ. P. 36(a)(2).  A responding party must admit a matter, specifically deny a matter, or state

15   in detail why they cannot truthfully admit or deny it.  Fed. R. Civ. P. 36(a)(4).  If a matter is

16   denied, the "denial must fairly respond to the substance of the matter; and when good faith

17   requires that a party qualify an answer or deny only a part of a matter, the answer must specify

18   the part admitted and qualify or deny the rest."  Id.  A responding party may object to a request

19   if they state the ground for the objection.  Fed. R. Civ. P. 36(a)(5).  The requesting party may

20   seek a decision from the court determining the sufficiency of an answer or objection.  Fed. R.

21   Civ. P. 36(a)(6).  The court must order that an answer be served unless it finds an objection

---

[2] Fact discovery closed on April 3, 2017. ECF No. 68 at 1.

[3] This motion refers to the RFAs propounded by Defendant Target, but the three sets of RFAs are comparable to each other and Defendants request that to "the extent the Court orders [Plaintiff] to further respond to any RFAs of Target . . . . the order apply equally to the comparable RFAs propounded by Defendants Toys "R" Us, Inc. and Kmart Corporation." RFA MTC at 6-7.  Defendants' request is **GRANTED**.  If Plaintiff is ordered to provide further responses, it must do so for Defendants Target, Kmart Corporation, and Toys "R" Us.

justified.  Id.  "On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served."  Id.

Analysis

RFAs 1-4 and 22 and Plaintiff's responses are as follows:

**RFA 1**: "Admit that Aquawood, LLC hired ECLIPSE to represent Target Corporation in *Worldslide, LLC v. Target Corporation*, Case No. 2:11-CV-3350-MCE (E.D. Cal.)."

**RFA 2**: "Admit that Aquawood, LLC hired ECLIPSE to represent Target Corporation in *Worldslide, LLC v. Target Corp.*, Case No. 2:11-cv-872-MCE (E.D. Cal.)."

**RFA 3**: "Admit that Aquawood, LLC hired ECLIPSE to represent Target Corporation in *Worldslide, LLC v. Target Corp.*, Case No. 2:11-cv-873-MCE (E.D. Cal.)."

**RESPONSE TO RFAs 1-3**: "Objection.  The issues in this case involve the value of the services rendered to Defendants with their knowledge and consent.  Eclipse relationship with Aquawood is not relevant to that issue."  **SUPPLEMENTAL RESPONSE to RFAs 1-3:** "Admit that Eclipse was hired by Aquawood as well as by Target."  RFA Oppo. at Exh. A.

**RFA 4**: "Admit that MANLEY[4] hired ECLIPSE to represent Target Corporation in the *Adams* LITIGATION."[5]  **RESPONSE TO RFA 4**: "Objection.  The issues in this case involve the value of the services rendered to Defendants with their knowledge and consent.  Eclipse relationship with Manley is not relevant to that issue."  **SUPPLEMENTAL RESPONSE TO RFA 4:** "Admit that Eclipse was hired by Manley as well as by Target."  RFA Oppo. at Exh. A.

**RFA 22**: "Admit that Aquawood, LLC selected ECLIPSE to represent Target Corporation in the litigation over U.S. Patent No. 7,309,302."  **RESPONSE TO RFA 22**: "Objection. The issues in this case involve the value of the services rendered to Defendants with their knowledge and consent.  Eclipse relationship with Aquawood is not relevant to that issue."

---

[4] For the purposes of these Requests for Admissions, the term "MANLEY" shall mean and refer to Manley Toys, Ltd.  RFA Oppo. at Exh. A.

[5] The term "Adams LITIGATION" shall mean and refer to *Adams v. Target Corp.*, Case No. 13-cv-5944-GHK-PJWx (C.D. Cal. 2013).  RFA Oppo. at Exh. A.

**SUPPLEMENTAL RESPONSE TO RFA 22:** "Deny.  Eclipse was selected by both Target and Aquawood."  RFA Oppo. at Exh. A.

Defendants argue that the supplemental answers for RFAs 1-4 are "incomplete, evasive and non-responsive" because the fact that Target also hired/selected Plaintiff is not responsive to the RFAs.  Reply at 7.  Defendants argue that the supplemental answer for RFA 22 is "incomplete, evasive, and non-responsive" as the RFA is directed to Aquawood and not Target.  Id. at 10.  Defendants' motion to compel further response to RFAs 1-4 and 22 is **DENIED**.  Plaintiff has responded to the RFAs with reasonable qualifications because the RFAs are unclear since they can be interpreted to seek admission that *only* Aquawood hired/selected Eclipse or that Aquawood was one of the entities that hired/selected Eclipse.  See Mkt. Lofts Cmty. Assoc. v. Nat'l Union Fire Ins. Co., 2016 WL 6237909, at *9 (C.D. Cal. Mar. 9, 2016) (stating that "[g]enerally, qualification is permitted if the statement, although containing some truth, '… standing alone out of context of the whole truth … convey[s] unwarranted and unfair inferences.") (quoting Diederich v. Dep't of Army, 132 F.R.D. 614, 619 (S.D.N.Y. 1990) (quoting Johnstone v. Cronlund, 25 F.R.D. 42, 44 (E.D. Pa. 1960)); see also Fed. R. Civ. P. 36(a)(4) (stating that "when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest").

Defendants state that Plaintiff admitted RFAs 5, 6[6], 16, 18, and 58, "but has not provided any answers to the comparable requests directed to Kmart and TRU."  Reply at 7.  Defendants' motion to compel further response to RFAs 5, 6, 16, 18, and 58 is **DENIED AS MOOT**, however, Plaintiff is ordered to formally serve the supplemental responses on Defendants Kmart and Toys "R" Us.

RFAs 12, 13, 15, and 17 and Plaintiff's responses are as follows:

**RFA 12**: "Admit that ECLIPSE did not obtain the informed written consent of Target Corporation regarding a potential conflict of interest as provided under California Rules of

---

[6] Defendants note that "RFA No. 6 was admitted unconditionally, and therefore is no longer at issue here."  Reply at 4 n3.

Professional Conduct, Rule 3-310(C) during its joint representation of Target Corporation in the *Worldslide* LITIGATION." **RESPONSE TO RFA 12**: "Objection. That has not been pled, and is not an issue in this case." **SUPPLEMENTAL RESPONSE TO RFA 12:** "Deny. There was no potential conflict of interest between the parties." RFA Oppo. at Exh. A.

**RFA 13**: "Admit that ECLIPSE did not obtain a conflict of interest waiver from Target Corporation during its joint representation of Target Corporation in the *Worldslide* LITIGATION." **RESPONSE TO RFA 13**: "Objection. That has not been pled, and is not an issue in this case." **SUPPLEMENTAL RESPONSE TO RFA 13:** "Admit. There was no conflict of interest, therefore no need for a conflict of interest waiver." RFA Oppo. at Exh. A.

**RFA 15**: "Admit that ECLIPSE did not obtain the informed written consent of Target Corporation as provided under the California Rules of Professional Conduct, Rule 3-31[0](F) concerning the arrangement with MANLEY to pay the legal services of ECLIPSE during ECLIPSE's representation of Target Corporation in the *Worldslide* LITIGATION." **RESPONSE TO RFA 15**: "Objection. That has not been pled, and is not an issue in this case." **SUPPLEMENTAL RESPONSE TO RFA 15:** "Deny. Defendants agreed orally and in writing to Plaintiff's representation." RFA Oppo. at Exh. A.

**RFA 17**: "Admit that ECLIPSE had a duty to specify whether Target Corporation was responsible for paying ECLIPSE's legal services performed in the *Worldslide* LITIGATION." **RESPONSE TO RFA 17**: "Objection. The request is vague and ambiguous. Duty to specify, to whom? In addition, this has nothing to do with the issues in this case which are limited to the value of the services provided by Plaintiff to Defendants with their knowledge and consent." **SUPPLEMENTAL RESPONSE TO RFA 17:** "Objection. This calls for a legal opinion, and the request does not state any basis upon which it makes any claim of such duty." RFA Oppo. at Exh. A.

Defendants argue that the supplemental answers for RFAs 12, 13, and 15 are "evasive" because the qualified denials to RFAs 12 and 15 are not directly responsive to the RFAs, "but rather based upon [Plaintiff's] contention that there was no need for informed consent." Reply at 7-8. Defendants also argue that the supplemental objections to RFA 17 should be waived as

8

untimely since they differ from Plaintiff's initial objections. <u>Id.</u> at 8. Additionally, Defendants reply that RFAs may be directed to "facts, the application of law to fact or opinions about either" and note that Plaintiff fails to address the authorities cited in Defendants' motion. <u>Id.</u>

Defendants' motion to compel further response to RFAs 12, 13, and 17 is **DENIED**. Plaintiff has admitted or denied RFAs 12 and 13 with reasonable and relevant qualifications. <u>See Mkt. Lofts Cmty. Assoc.</u>, 2016 WL 6237909, at *9 ("[g]enerally, qualification is permitted if the statement, although containing some truth, '... standing alone out of context of the whole truth ... convey[s] unwarranted and unfair inferences.") (internal citations omitted). The Court agrees with Plaintiff's initial response to RFA 17 and finds that the request is vague and ambiguous as to "duty to specify" to whom.

Defendants' motion to compel further response to RFP 15 is **GRANTED**. Plaintiff's supplemental response is hereby **STRICKEN**. Plaintiff's supplemental response is not responsive to the RFA which addresses Defendants' consent to a particular arrangement as opposed to Defendants' consent to Plaintiff's overall representation.

RFAs 33, 51, and 40 and Plaintiff's responses are as follows:

**RFA 33**: "Admit that ECLIPSE never disclosed to Target Corporation, at the time ECLIPSE commenced its representation in the Worldslide LITIGATION, that Target Corporation would be responsible for paying ECLIPSE's legal fees." **RESPONSE TO RFA 33**: "Objection. This request has nothing to do with the issue of the value of the services provided to Defendants within their knowledge and consent." **SUPPLEMENTAL RESPONSE TO RFA 33:** "Plaintiff is without knowledge." RFA Oppo. at Exh. A.

**RFA 51**: "Admit that ECLIPSE never disclosed to Target Corporation at the time ECLIPSE commenced its representation in the *Adams* LITIGATION that Target Corporation would be responsible to pay for the legal fees." **RESPONSE TO RFA 51**: "Objection. This case is based on the value of the services rendered to Defendants with their full knowledge and consent." **SUPPLEMENTAL RESPONSE TO RFA 51:** "Plaintiff is without knowledge." RFA Oppo. at Exh. A.

**RFA 40**: "Admit that the legal services ECLIPSE performed in *Aquawood, LLC v.*

*Worldslide, LLC*, Case No. 11-cv-5611-JFW-Ex (C.D. Cal. 2011) would have been performed whether or not the *Worldslide* LITIGATION had been filed." **RESPONSE TO RFA 40**: "Objection. Calls for speculation." **SUPPLEMENTAL RESPONSE TO RFA 40:** "This information is unknown to Eclipse." RFA Oppo. at Exh. A.

Defendants argue that the responses to RFAs 33, 51, and 40 are insufficient because lack of information is not a proper response for failing to admit or deny without stating that a reasonable inquiry has been made and "that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny." Reply at 8-10.

Defendants' motion to compel further response to RFAs 33, 51, and 40 is **GRANTED**. Plaintiff's response that it is "without knowledge" is insufficient. <u>See</u> Fed. R. Civ. P. 36(a)(4) (stating that "[t]he answering party may assert lack of knowledge or information as a reason for failing to admit or deny **only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny**.) (emphasis added).

RFAs 55 and 56 and Plaintiff's responses are as follows:

**RFA 55**: "Admit that Stephen M. Lobbin knew that Aquawood, LLC hired ECLIPSE to provide Target Corporation a defense in the Worldslide LITIGATION as required under the indemnity agreement between Aquawood, LLC and Target Corporation." **RESPONSE TO RFA 55**: "Objection. This request has nothing to do with the issue in this case, which is the value of the legal services provided to the Defendants with their full knowledge and consent." **SUPPLEMENTAL RESPONSE TO RFA 55:** "Admit that Eclipse was hired by Aquawood and Target Corporation." RFA Oppo. at Exh. A.

**RFA 56**: "Admit that Stephen M. Lobbin knew that MANLEY hired ECLIPSE to provide Target Corporation a defense in the Adams LITIGATION as required under the indemnity agreement between MANLEY and Target Corporation." **RESPONSE TO RFA 56**: "Objection. The indemnity agreement has nothing to do with the value of services provided to Defendants with their knowledge and consent." **SUPPLEMENTAL RESPONSE TO RFA 56:** "Admit that Eclipse was hired by Manley and Target Corporation." RFA Oppo. at Exh. A.

1    Defendants argue that the responses to RFAs 55 and 56 are "evasive and do not fairly

2    meet the substance of the requests" and the way Plaintiff qualified the admission, makes it

3    unclear what Plaintiff is admitting.  Reply at 10.

4        Defendants' motion to compel further response to RFAs 55 and 56 is **GRANTED**.

5    Plaintiff's response to the RFAs is incomplete and unclear and Plaintiff must serve amended

6    answers to RFAs 55 and 56.  See Fed. R. Civ. P. 36(a)(6) (a court may order that a matter is

7    admitted or that an amended answer be served where the answer does not comply with Fed.

8    R. Civ. P. 36).

9        There are numerous RFAs raised in Defendants' motion to compel that are not addressed

10   in Defendants' reply.  The Court interprets this as an indication that Plaintiff's supplemental

11   responses were sufficient.  Accordingly, Defendants' motion to compel further response to RFAs

12   8, 9, 11, 14, 19, 20, 21, 24-26, 28, 29, 31, 41, 42, 50 and 57 is **DENIED AS MOOT**.

13                    **REQUESTS FOR PRODUCTION OF DOCUMENTS**[7]

14        Legal Standard

15        A party may request the production of any document within the scope of Rule 26(b).

16   Fed. R. Civ. P. 34(a).  "For each item or category, the response must either state that inspection

17   and related activities will be permitted as requested or state with specificity the grounds for

18   objecting to the request, including the reasons."  Id. at 34(b)(2)(B).  The responding party is

19   responsible for all items in "the responding party's possession, custody, or control."  Id. at

20   34(a)(1).  Actual possession, custody or control is not required.  Rather, "[a] party may be

21   ordered to produce a document in the possession of a non-party entity if that party has a legal

22   right to obtain the document or has control over the entity who is in possession of the

23   _____

24   [7] This motion refers to the RFPs propounded by Defendant Target, but the three sets of RFPs
     are comparable to each other and Defendants request that to "the extent the Court orders
25   [Plaintiff] to further respond to any requests directed to Target Corporation . . . . the order apply
     equally to the comparable RFAs propounded by Defendants Toys "R" Us, Inc. and Kmart
26   Corporation."  RFP MTC at 6-7.  Defendants' request is **GRANTED**.  If Plaintiff is ordered to
     provide further responses, it must do so for Defendants Target, Kmart Corporation, and Toys
27   "R" Us.

28

document." <u>Soto v. City of Concord</u>, 162 F.R.D. 603, 619 (N.D. Cal. 1995).

<u>Documents that Plaintiff Contends Have Been Produced, RFPs 1-8, 13, 16-19, 25-29, 36, 37, 39, 41, 45-48, and 50</u>

Initially, the parties are fighting over whether or not Plaintiff has produced all of the responsive documents to a large number of RFPs. Defendants argue both that Plaintiff has not produced the responsive documents in this litigation and that Plaintiff has not actually supplemented its document production as it said it would. Reply at 10. Plaintiff counters that it has produced all documents responsive to the RFPs at issue. Oppo. at Exh. A. Defendants respond that Plaintiff should be required to identify by bates-numbers which documents are responsive to which RFPs. Reply at 11. Neither party provides any information regarding the manner of the production, such as whether the documents were produced in the "usual course of business" or were "organize[d] and labele[d] to correspond to the categories in the request." <u>See</u> Fed. R. Civ. P. 34(b)(2)(E). Accordingly, the Court interprets this dispute as a simple disagreement in which Defendants believe there should be more responsive documents and Plaintiff states there are not. Due to the parties' inability to conduct discovery in a professional manner, they apparently are unable to bridge this difference of opinion. To resolve this disagreement, Plaintiff is **ORDERED** to produce all documents responsive to RFPs 1-8, 13, 16-19, 25-29, 36, 37, 39, 41, 45-48, and 50 which have not already been produced. If all such responsive documents have been produced, Plaintiff must serve on Defendants a declaration so stating. The Court **DENIES** Defendants' requests to require Plaintiff to identify which documents are responsive to which RFPs. <u>Rutherford v. PaloVerde Health Care District</u>, 2014 WL 12633523, *3 (C.D. Cal. April 25, 2014) (stating that "[t]he plain language of Rule 34 does not require the responding party to identify each responsive document in its written response to each document request").

<u>Documents Plaintiff Contends Do Not Exist RFPs 9, 11, 12, 15, 20, and 21</u>

Defendants' second general objection is that with regard to RFPs for which Plaintiff did not have responsive documents, Plaintiff failed to "affirmatively state that it has made a reasonably diligent investigation for the responsive documents." Reply at 13. Defendants are

correct.  When a responding party does not have responsive documents in its possession, custody or control, the responding party must conduct a "diligent search and reasonable inquiry."  Thomas v. Saafir, 2007 WL 1063474, at *2 (N.D. Cal. Apr. 9, 2007) (finding that a party's supplemental response stating that a "diligent search and reasonable inquiry of all available sources" was conducted, that the party could not locate the requested documents, and that as a result, the requested documents were not in the party's "possession, custody or control" satisfied the party's obligation under Rule 34); see also Rogers v. Giurbino, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (stating that a "party must make a reasonable inquiry to determine whether responsive documents exist, and if they do not, the 'party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence.'") (quoting Marti v. Baires, 2012 WL 2029720 (E.D. Cal. June 5, 2012)).  Accordingly, Defendants' motion to compel further responses to RFPs 9, 11, 12, 15, 20, and 21 is **GRANTED** and Plaintiff is **ORDERED** to conduct a diligent search and reasonable inquiry and then supplement its responses.  If no documents exist, Plaintiff must provide an explanation of the search that was performed and/or whether or not any responsive documents ever existed.  With respect to RFPs 9 and 20, if written documents exist as Defendants allege based in part on the testimony of Plaintiff's 30(b)(6) witness, those responsive documents must also be produced.  With respect to RFPs 12 and 15, it appears that Plaintiff is stating that the only existing document responsive to this request is Intervenor's contract which has been produced.  If that is accurate, Plaintiff must serve on Defendants a declaration so stating.  If Plaintiff has not produced all responsive documents as it has stated, Plaintiff must do so.

Remaining RFPs

Defendants argue that Plaintiff should be compelled to further respond to RFPs 10 and 33 because Amazon.com was a party to this action, and "assumed a comparable position as the other retailer defendants."  RFP MTC at 17.  Defendants note that the legal services agreement between Plaintiff and Amazon.com for the *Worldslide* litigation states that Manley will pay for the legal services provided by Plaintiff and argue that the agreement and communications between Plaintiff and Amazon.com are indicative of the intent of the retailers as a group

13

(including Defendants) concerning the right to receive legal services paid fully by Manley and not Defendants. Id. Defendants further argue that the supplemental responses to RFPs 10 and 33 simply restate the initial objection and fail to address the arguments raised in Defendants' motion to compel. Reply at 13. Plaintiff does not address Defendants' arguments or the specific requests in its opposition. RFP Oppo. The RFPs and Plaintiff's responses are as follows:

**REQUEST NO. 10**: "All DOCUMENTS and COMMUNICATIONS that refer, relate, or pertain to the written legal services agreement between YOU and Amazon.com in any way related to the LITIGATION." **REQUEST NO. 33**: "All COMMUNICATIONS between YOU and Amazon.com related to YOUR attempt to recover litigation fees and expenses in the LITIGATION." **RESPONSE TO REQUESTS NO. 10 AND 33**: "Objection. Amazon is not a party to this litigation and any such communications have nothing to do with the value of legal services provided to Defendants with their knowledge and consent." **SUPPLEMENTAL RESPONSE:** "Plaintiff's original objection stands. The dispute and resolution thereof between Plaintiff and Amazon has nothing to do with the dispute between Plaintiff and Defendants, and Plaintiff intends to resist Defendants' efforts to create smokescreens and irrelevant side issues." RFP Oppo. at Exh. A.

Defendants' motion to compel additional responses to RFPs 10 and 33 is **GRANTED**.

Defendants argue that Plaintiff's response to RFP No. 52 is muddled and that Plaintiff's previous document productions to Manley, who is not a party to this matter or represented by Defendants, has nothing to do with Plaintiff's obligations in the instant matter. Reply at 13-14. Additionally, Plaintiff's statement falls short of the required statement of compliance. Id. at 14. RFP No. 52 seeks:

**"REQUEST NO. 52**: All draft engagement letters between ECLIPSE and MANLEY for any legal representation in any LITIGATION." **RESPONSE TO REQUEST NO. 52**: "Objection. Other cases have nothing to do with this case." **SUPPLEMENTAL RESPONSE:** "Any draft engagement letters between Eclipse and Manley would have been sent to Manley and to the extent that such documents were in Eclipse['s] possession, custody or control, they would have been sent to Defendants. It should bore [sic] in mind that Manley and Defendants share

14

common attorneys. In fact, Defendants' attorneys are employed by Manley to defend them in this case, as stated by Plaintiff's attorney in his declaration regarding Defendants' attempts to take inappropriate depositions. Accordingly, all files in Manley's possession are also in Defendants' possession. Nonetheless, Plaintiff has made every effort to see to it that Defendants receive the same documents that Manley received." RFP Oppo. at Exh. A.

Defendants' motion to compel additional responses to RFP 52 is **GRANTED IN PART**. Defendants' request as written is overbroad since it contemplates any litigation and Plaintiff's response is unclear as it only states that Plaintiff "has made every effort." Plaintiff must produce all draft engagement letters between ECLIPSE and MANLEY for any legal representation in the Worldslide, Aviva, or Adams litigation.

Defendants argue that the amended responses to RFPs 22-24, 34, 35, and 38 are "evasive and non-responsive" because RFP 24 is not directed toward Mr. Lobbin's violation of ethical rules and RFP 38 is not to be limited to "any failure by Mr. Lobbin to follow any ethical rules." Reply at 14-15. The requests read as follows:

**REQUEST NO. 22:** "Any of YOUR written policies, practices, or procedures in effect at any time during the LITIGATION that refer, pertain, or relate to entering into written legal services agreements as provided under Business & Professions Code section 6148." **REQUEST NO. 23**: "All COMMUNICATIONS that refer, relate, or pertain to any ethical violations of Stephen M. Lobbin committed during the LITIGATION, including without limitation, any violations of the California Rules of Professional Conduct." **REQUEST NO. 34**: "Any of YOUR written policies, practices, or procedures in effect at any time during the LITIGATION that refer, pertain, or relate to disclosing potential conflicts of interest to clients, and obtaining their informed written consent to joint representation." **REQUEST NO. 35**: "Any of YOUR written policies, practices, or procedures in effect at any time during the LITIGATION that refer, pertain, or relate to obtaining clients' informed written consent when legal fees and expenses are paid by a third party." **RESPONSE TO REQUEST NO. 22-23 and 34-35**: "Objection. Such documents are of no relevance to the issues which have been pled in this case." **SUPPLEMENTAL RESPONSE**: Without waiving objections, Plaintiff does not maintain written policies and practices relating to

the Rules of Professional Conduct Code [6148][8]. Each attorney is expected to know and follow the Rules of Professional Conduct. There are no documents relating to any failure by Mr. Lobbin to follow any ethical rules. There is nothing in his personal files that concerns his job performance relating to any ethical rules. There are no reported ethical violations or disciplinary actions. Finally, Mr. Lobbin's contract with Eclipse relating to his right to earn fees has already been produced to Defendants. RFP Oppo. at Exh. A.

**REQUEST NO. 24**: "All COMMUNICATIONS that refer, relate, or pertain to any violation of YOUR policies, practices, or procedures by Stephen M. Lobbin committed during the LITIGATION." **REQUEST NO. 38**: "The personnel file of Stephen M. Lobbin at ECLIPSE that concerns his job performance and any rules, ethical violations, or disciplinary action." **RESPONSE TO REQUEST NO. 24 AND 38**: "Objection. Such documents are of no relevance to the issues which have been pled in this case." **SUPPLEMENTAL RESPONSE:** "There are no documents relating to any failure by Mr. Lobbin to follow any ethical rules. There is nothing in his personal files that concerns his job performance relating to any ethical rules. There are no reported ethical violations or disciplinary actions." RFP Oppo. at Exh. A.

Defendants' motion to compel additional responses to RFPs 24, 34, and 35 is **GRANTED**. Plaintiff's response to RFP 24 is limited to ethical violations. Plaintiff must supplement its response to include any violations of Plaintiff's policies, practices, and procedures. Defendants' motion to compel is **DENIED** as to RFPs 22, 23, and 38.

Defendants argue that RFP 44 is relevant because they should have the right to enforce the terms of any contract made for their behalf as third-party beneficiaries to the contracts between Plaintiff and Aquaqwood and Plaintiff and Manley. RFP MTC at 16. Defendants note that Plaintiff did not supplement its response to this request. Reply at 12. The request and Plaintiff's response is as follows:

**REQUEST NO 44**: All COMMUNICATIONS that concern YOUR "write-offs" identified in

---

[8] This is only included in the supplemental response to RFP 22. RFP Oppo. at Exh. A.

paragraphs 16 and 20 of YOUR FIRST AMENDED COMPLAINT. **RESPONSE TO REQUEST NO. 44**: Objection. Any write offs would have involved Manley and Plaintiff only, and do not address the issues in this case, to wit, the value of the legal service provided to Defendant." RFP MTC at Exh. A.

Defendants' motion to compel further responses to RFP 44 is **GRANTED.**

Regarding RFPs 49 and 51, Defendants argue that the requests are directly relevant since evidence of the value of a professional's services can be demonstrated through evidence of a professional's customary charges and earnings in similar matters. RFP MTC at 23. Defendants note that lawyers disclose their rates every time they make an attorneys' fees application to the court and that the rates are not privileged. Id. at 24. Defendants further note that Plaintiff can redact any privileged attorney-client information in its legal services agreements, "but still produce the documents that reflect the scope of the services and the agreed rates for its legal services." Id. Defendants argue that the supplemental response to RFP No. 49 and 51 inappropriately attempts to assert additional objections and contain arguments. Reply at 16. Defendants argue that the attorney-client privilege objection raised in the supplemental response is waived because Intervenor did not make the objection initially, only in his supplemental response and, therefore, is untimely. Reply at 16. The requests seek the following:

**REQUEST NO. 49:** "YOUR legal services agreements that YOU entered into with clients from 2012 to 2015 involving defense of patent infringement litigation or class action litigation." **REQUEST NO. 51**: "Every motion for attorney's fees, and supporting papers, filed by Stephen Lobbin between 2010 to 2015." **RESPONSE to NO. 49:** "Objection. Irrelevant to the issues in this case, plus highly confidential attorney-client privileged information." **RESPONSE TO NO. 51**: "Objection. Other cases have nothing to do with this case." **AMENDED RESPONSE TO BOTH:** "Plaintiff will stand by its original objection. Those documents are highly confidential attorney-client privilege. In addition, this is a gross abuse of discovery which should be limited and focused in scope." RFP Oppo. at Exh. A.

Defendants' motion to compel additional responses to RFPs 49 and 51 is **DENIED**. The

15cv1411-JLS (BLM)

Court finds that the requests as written are overbroad and not proportional to the needs of the case. Defendants' sole argument is that the requests are relevant because the rates that Plaintiff charged for its services in similar actions "are directly relevant to the value of its legal services." RFP MTC at 22. However, Defendants' requests seek much more than the rates Plaintiff charged in other matters as legal services agreements are not limited to rates and "every motion for attorneys' fees and supporting papers" is not limited to similar actions. Additionally, the Court finds that the information sought, Plaintiff's rates, is more appropriately obtained via interrogatories. See infra p. 26-27.

In regards to RFPs 47(-2)[9] and 48(-2)[10], Defendants argue that Lobbin has placed the requested documents in dispute through his claims in intervention. RFP MTC at 24 (citing ECF No. 58 paragraph 27). Additionally, Defendants argue that if fee sharing agreements are not disclosed, it would be a violation of the Rules of Professional Conduct 2-200 and that these requests are related to the claims and defenses of the parties. Id. Defendants also argue that Plaintiff failed to supplement RFPs 47(-2) and 48(-2). Reply at 16. Plaintiff does not address the specific requests in its opposition. RFP Oppo. The requests are as follows:

**REQUEST NO. 47(-2)**: "All contracts between Stephen M. Lobbin and ECLIPSE related to any compensation to be paid arising from the legal representation in the LITIGATION." **RESPONSE TO REQUEST NO. 47(-2)**: "Objection. This is an internal matter between Eclipse and Lobbin and in no way relates to the claims made by Plaintiff against Defendants."

**REQUEST NO. 48(-2)**: "All DOCUMENTS that support the contention of ECLIPSE that Stephen M. Lobbin is not entitled to recovery of any compensation in this action." **RESPONSE TO REQUEST NO. 48(-2)**: "Objection. This is an internal matter between Eclipse and Lobbin

---

[9] Because RFPs 47 and 48 were used twice to identify different requests, Defendants have designated the requests as 47(-2) and 48(-2) to distinguish them from RFPs 47 and 48. RFP MTC at 24, n8.

[10] The reply says 49(-2), however, the RFP MTC says 48(-2) and the description of the RFA provided by Defendants in the MTC matches RFP No. 48. RFP MTC at 24; see also Reply at 16. Additionally, there does not appear to be a second RFP No. 49. RFP Cirlin Decl. at Exh. A.

and in no way relates to the claims made by Plaintiff against Defendants." RFP Oppo. at Exh. A.

Defendants' motion to compel additional responses to RFPs 47(-2) and 48(-2) is **GRANTED**. Plaintiff does not provide any facts or law to support its objection and responses. If the responsive documents, or portions thereof, are protected by a privilege that has not been waived, Plaintiff may withhold the privileged information and must provide Defendants with an appropriate privilege log.

There are RFPs raised in Defendants' motion to compel that are not addressed in Defendants' reply. The Court interprets this as an indication that Plaintiff's supplemental responses were sufficient. Accordingly, Defendants' motion to compel further response to RFPs 31 and 32 is **DENIED AS MOOT**.

### INTERROGATORIES[11]

Legal Standard

An interrogatory may relate to any matter that may be inquired under Rule 26(b). Fed. R. Civ. P. 33(a)(2). "The grounds for objecting to an interrogatory must be stated with specificity, [and] [a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Any interrogatory not objected to must be answered fully in writing under oath. Fed. R. Civ. P. 33(b)(3). In answering interrogatories propounded to a corporation, partnership, association or governmental agency, the officer or agent responding on its behalf "must furnish the information available to the party." Fed. R. Civ. P. 33(b)(1)(B); see also Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 11(IV)-B.

---

[11] This motion refers to the ROGs propounded by Defendant Target, but the three sets of ROGs are comparable to each other and Defendants request that to "the extent the Court orders [Plaintiff] to further respond to any Interrogatories of Target . . . . the order apply equally to the comparable Interrogatories propounded by Defendants Toys "R" Us, Inc. and Kmart Corporation." ROG MTC at 6-7. Defendants' request is **GRANTED**. If Plaintiff is ordered to provide further responses, it must do so for Defendants Target, Kmart Corporation, and Toys "R" Us.

15cv1411-JLS (BLM)

<u>Analysis</u>

Defendants argue that Plaintiff fails to (1) state all facts, (2) identify all witnesses, and (3) identify all documents that support Plaintiff's responses to RFAs 5 and 15 as asked in ROGs No. 1-3.   Reply at 4.

The interrogatories and responses are as follows:

**"INTERROGATORY NO. 1**: For each of Target Corporation's Requests for Admissions, Request Nos. 5, 6, 8 and 15 served on YOU concurrently with these interrogatories for which YOUR response is anything but an unequivocal admission, state all facts that support YOUR response." **"INTERROGATORY NO. 2**: For each of Target Corporation's Requests for Admissions, Request Nos. 5, 6, and 15 served on YOU concurrently with these interrogatories for which YOUR response is anything but an unequivocal admission, IDENTIFY all witnesses that support YOUR response." **"RESPONSE TO ROGs 1-2**: Objection. Plaintiff's response to those requests consisted of legal objections. Accordingly there is no need to provide facts." **SUPPLEMENTAL RESPONSE TO ROGs 1-2:** "Plaintiff admits to the terms set forth in the written agreement."  ROG Oppo. at Exh. A.

**INTERROGATORY NO. 3**: "For each of Target Corporation's Requests for Admissions, Request Nos. 5, 6 and 15 served on YOU concurrently with these interrogatories for which YOUR response is anything but an unequivocal admission, IDENTIFY all DOCUMENTS that support YOUR response." **RESPONSE TO ROG 3**: "Objection. Plaintiff's response to those requests consisted of legal objections. Accordingly, there is no need to provide facts." **SUPPLEMENTAL RESPONSE TO ROG 3:** "The indemnity agreement with Defendants and Aquawood, as well as emails between Mr. Lobbin and Defendants, as well as numerous oral conversations with Defendants and Mr. Lobbin establish that defendants were at all times fully aware that Manley, pursuant to the demands of Defendants, and pursuant to its indemnity agreements had contacted and retained Plaintiff to defend Defendants, to which representation Defendants explicitly assented."  ROG Oppo. at Exh. A.

Defendants' motion to compel further response is **GRANTED** as to ROGs No. 1 and 2. Plaintiff's responses to interrogatories 1 and 2 do not provide the requested facts and witnesses.

Interrogatory 3 states that the only responsive document is the indemnity agreement. If that is accurate, Plaintiff does not need to supplement its response. If it is inaccurate, Plaintiff must serve a supplemental response.

Defendants argue that Plaintiff's responses to ROGs No. 4-6[12] are inadequate because Plaintiff does not "state all facts" and does not respond for each of the Defendants. Reply at 4-5. Defendant further argues that Plaintiff did not file motions for summary judgment in all of the actions, motions for summary judgment were not brought on behalf of all the parties, most of the work performed in *Aviva Sports* was after Kmart had been dismissed, and Plaintiff invoiced thousands of dollars in attorneys' fees so it is unclear how Defendants benefit. Id. The interrogatories are as follows:

"**INTERROGATORY NO. 4**: State all facts that support YOUR contention that Target Corporation benefited directly from all of the legal services YOU invoiced in *Aquawood LLC v. Worlds/ide, LLC*, Case No. 11-cv-5611-JFW-Ex (C.D. Cal. 2011)." "**INTERROGATORY NO. 5**: State all facts that support YOUR contention that Target Corporation benefited directly from all of the services YOU invoiced in *Adams v. Target Corp.*, Case No. 13-cv-5944-GHK.-PJWx (C.D. Cal. 2013)." "**INTERROGATORY NO. 6**: State all facts that support YOUR contention that Target Corporation benefited directly from all of the services YOU invoiced in *Aviva Sports, Inc. v. Fingerhut Direct Marketing, Inc., et al.*, Case No. 09-cv-1 091-JNE (D. Minn. 2009)." **RESPONSE TO ROGs 4-6**: "The results." **SUPPLEMENTAL RESPONSE TO ROGs 4-6:** "Plaintiff successfully defended all claims against Defendants and obtained summary judgments and dismissals on behalf of Defendants." ROG Oppo. at Exh. A.

Defendants' motion to compel further response to ROGs No. 4-6 is **GRANTED**. Plaintiff's response does not adequately respond to the individual interrogatories.

Defendants argue that the responses to interrogatories 7 and 15 do not comply with the law which requires Plaintiff to conduct a reasonably diligent search for responsive information.

---

[12] Kmart's corresponding ROGs are Nos. 11-13. Toys "R" Us's corresponding ROG is No. 4. ROG MTC at 16 n6.

Reply at 5, 7. Defendants note that while Plaintiff claims that Intervenor would be able to respond to ROG 7, Intervenor's discovery responses state that he does not know and that Plaintiff should be able to respond. Id. The interrogatories ask Plaintiff to:

"**INTERROGATORY NO. 7**: State all facts concerning the oral agreement that YOU reached with MANLEY concerning the representation of Target Corporation in any of the LITIGATION." **RESPONSE TO ROG 7**: "Objection. The issue in this case is the value of the legal services provided to Defendants with their knowledge and consent. Any oral agreements with Manley are irrelevant and not likely to lead to the discovery of admissible evidence." **SUPPLEMENTAL RESPONSE TO ROG 7**: "Plaintiff is unaware of the facts concerning any alleged oral agreements with Manley. That information would be known to the Intervenor." ROG Oppo. at Exh. A.

"**INTERROGATORY NO. 15[13]**: State all facts as to why ECLIPSE did not enter into a written contract with MANLEY for legal services to represent Target Corporation in *Adams v. Target 24 Corp.*, Case No. 13-cv-5944-GHK-PJWx (C.D. Cal. 2013). **RESPONSE TO ROG 15**: Objection. Any reasons relating to plaintiff entering into or not entering into a contract with a nonparty is of no relevance to the issues in this case which relate to the value of the legal services provided to defendants with their knowledge and consent." **SUPPLEMENTAL RESPONSE TO ROG 15:** "That information is not in possession of Eclipse. Defendants' attorneys should ask their client Manley for that information and/or they should attempt to obtain it from Intervenor." ROG Oppo. at Exh. A.

Defendants' motion to compel further response to ROGs No. 7 and 15 is **GRANTED.** See Franklin v. Smalls, 2012 WL 5077630, at *6 (S.D. Cal. Oct. 18, 2012) (stating that the "responding party must state under oath that he is unable to answer the interrogatory and must describe the efforts made to obtain the answer" and finding that defendants did not comply with Fed. R. Civ. P. 33 where they "did not explain under oath why they are unable to provide the information requested, nor do they describe the efforts made to obtain the information.") (citing

---

[13] The corresponding interrogatory for Kmart is No. 14. ROG MTC at 25 n15.

<u>Hansel v. Shell Oil Corp.</u>, 169 F.R.D. 303, 305 (E.D. Pa. 1996); <u>see also</u> 7 James Wm. Moore et al., Moore's Federal Practice § 33.102[3], at 33–75)); <u>see also</u> <u>Bryant v. Armstrong</u>, 285 F.R.D. 596, 612 (S.D. Cal. 2012) (finding that defendant failed to comply with Rule 33 and noting that if defendant was unable to respond to the interrogatory "he must state so under oath and describe the steps taken to answer interrogatories") (citing <u>Frontier–Kemper Constructors, Inc. v. Elk Run Coal Co.</u>, 246 F.R.D. 522, 529 (S.D.W.Va.2007) (finding that a responding party has a "severe duty" to make every effort to obtain the requested information and, if unsuccessful, must provide an answer detailing the attempts made to ascertain the information)).

Defendants argue that while the parties may argue over whether or not consent was required, Plaintiff must properly respond to interrogatories 8 and 9 and state whether or not it obtained the consent, which it has not done. Reply at 6. The interrogatories ask Plaintiff to:

**"INTERROGATORY NO. 8**: State whether YOU obtained the informed written consent of Target Corporation regarding a potential conflict of interest as provided under California Rules of Professional Conduct, Rule 3-310(C) during YOUR representation of Target in the LITIGATION. **RESPONSE TO ROG 8**: Objection. This interrogatory is not related to any of the issues pled in this case." **SUPPLEMENTAL RESPONSE TO ROG 8:** "There was no potential conflict of interest." ROG Oppo. at Exh. A.

**"INTERROGATORY NO. 9**: State whether YOU obtained the informed written consent of Target Corporation as provided under the California Rules of Professional Conduct, Rule 3-310(F) concerning the arrangement with MANLEY to pay for the legal services of ECLIPSE during its representation of Target in any of the LITIGATION." **RESPONSE TO ROG 9**: Objection. This interrogatory is not related to any of the issues pled in this case. **SUPPLEMENTAL RESPONSE TO ROG 9:** "Manley had agreed to retain and pay for the services of Plaintiff pursuant to the express demand of Defendants, pursuant to their written indemnity agreements with Manley. Accordingly, any assertion that there is a violation of the rules of professional conduct concerning payments by Manley would clearly be waived in this case. Accordingly, there was no need to obtain an express written agreement, although based on conversations and communication between Intervenor and Defendants, it was clear that at all times Defendants were fully aware

of the financial arrangements between Plaintiff and Manley. At a minimum, Defendants should be estopped from attempting to assert this clearly bad faith defense which has never been pled, and which is obviously the afterthought of someone attempting to misuse a technicality." ROG Oppo. at Exh. A.

Defendants' motion to compel further responses to ROGs No. 8 and 9 is **GRANTED**. Plaintiff's responses do not answer the interrogatories.

Defendants argue that the supplemental responses to ROGs No. 10 and 11 simply restate the original objections and that the opposition does not address the moving papers' position on relevance. Reply at 6. In its motion, Defendants argue that further response is necessary because "it is evident that [Plaintiff] knew that Defendants would not agree to pay for the legal services of [Plaintiff] if Manley failed to pay" and that Plaintiff should be estopped from recovering anything from Defendants. ROG MTC at 21. Defendants further argue that evidence of custom and practice is admissible. Reply at 6. The interrogatories are as follows:

"**INTERROGATORY NO. 10**[14]: State whether it was YOUR practice at the time of the LITIGATION to obtain written legal services agreements with clients YOU represented in litigation. **RESPONSE TO ROG 10**: Objection. Plaintiff's general practices have nothing to do with the issues in this case which relate to the value of the legal services provided to Defendants with their knowledge and consent." **SUPPLEMENTAL RESPONSE TO ROG 10:** "Objection Eclipse's practices with regard to other clients have nothing to do with the issues in this case. This is just a blatant attempt by Defendants to raise another red herring." ROG Oppo. at Exh. A.

"**INTERROGATORY NO. 11**: State whether it was YOUR practice at the time of the LITIGATION to obtain written legal services agreements with clients such as Target Corporation who did not agree to pay for YOUR services." **RESPONSE TO ROG 11**: Objection. Plaintiff's general practices have nothing to do with the issues in this case which relate to the value of the

---

[14] The corresponding ROG for Kmart and Toys "R" Us is No. 9. ROG MTC at 21 n11.

legal services provided to Defendants with their knowledge and consent. **SUPPLEMENTAL RESPONSE TO ROG 11:** "Objection Eclipse's practices with regard to other clients have nothing to do with the issues in this case. This is just a blatant attempt by Defendants to raise another red herring. Moreover, Target did agree to pay for the services rendered by accepting the representation and the benefits of that representation. Such agreement results from the time-honored principles of quasi-contract and *quantum meruit*." ROG Oppo. at Exh. A.

Defendants' motion to compel further responses to ROGs No. 10 and 11 is **GRANTED**. These interrogatories are not seeking specific details regarding unrelated cases; they are seeking Plaintiff's general practice regarding conduct at issue in this case.

Defendants argue that with the exception of the word "no," Plaintiff's entire response to ROG No. 12 should be stricken. Reply at 6. The ROG is as follows:

**"INTERROGATORY NO. 12**: State whether YOU agreed with Amazon.com that any legal services that YOU performed for Amazon.com in the LITIGATION would only be paid by MANLEY. **RESPONSE TO ROG 12**: Objection. Amazon is not a party to this litigation and any agreements with it are not only not relevant, they are privileged." **SUPPLEMENTAL RESPONSE TO ROG 12:** "Objection. Amazon is not a party to this litigation and any agreements with it are of no relevance whatsoever. They are privileged. This is another blatant attempt by Defendants to raise another red herring and divert the Court from the issues between the parties. Moreover, NO." ROG Oppo. at Exh. A.

Defendants' motion to strike Plaintiff's entire response with the exception of the word "no" is **GRANTED**. See <u>Mancini v. Ins. Corp. of N.Y.</u>, 2009 WL 1765295, at *2 (S.D. Cal. June 18, 2009) (striking portion of interrogatory response that was a ten-page long section of a legal brief containing plaintiff's legal and factual arguments).

Defendants argue that the supplemental response to ROG 13 simply repeats the original response and that the opposition does not respond to the moving papers which argue that Plaintiff should provide the facts upon which it depends as the interrogatory is directed towards facts not expert opinions and that Plaintiff has not responded in accordance with Fed. R. Civ. P. 33. Reply at 6; <u>see</u> <u>also</u> ROG MTC at 23. The interrogatory reads:

**"INTERROGATORY NO. 13[15]**: State all facts that support YOUR contention that YOU may recover fees from Target Corporation at rates higher than those negotiated with MANLEY to represent Target Corporation in the LITIGATION. **RESPONSE TO ROG 13**: Those facts will be presented by the experts, but will at a minimum include the outstanding results obtained."

**SUPPLEMENTAL RESPONSE TO ROG 13:** "Those facts will be presented by the experts, but will at a minimum include the outstanding results obtained." ROG Oppo. at Exh. A.

Defendants' motion to compel further response to ROG No. 13 is **GRANTED**. Plaintiff must state the facts that support the contention.

Defendants argue that the supplemental responses for ROGs 14 and 5 (Kmart Set) parody the original responses, add a new objection for invasiveness, and offer "extraneous" argument. Reply at 6. Defendants further argue that the supplemental responses do not address the points raised in their motion that the information requested is not privileged and that evidence of the value of services can be demonstrated by customary charges and earnings in similar matters. Id.; see also ROG MTC at 24-25. The interrogatories are as follows:

**"INTERROGATORY NO. 14**: Describe in detail each matter wherein YOU represented a client in a patent infringement case, including, the case name and number, the name of the client, the name of the opposing party, the claims asserted in the litigation, and the rates YOU charged for the services provided between 2012 and 2015. **RESPONSE TO ROG 14**: Objection. Fees charged to other clients and other cases are privileged and of no possible relevance to the issues in this case, which is the value of the services provided to defendants with their knowledge and consent." **SUPPLEMENTAL RESPONSE TO ROG 14:** "Fees charged to other clients in other cases are privileged and are of no possible relevance to the issues in this case, which is the value of the services provided to Defendants with their knowledge and consent. In addition, this interrogatory is highly invasive. It asked for client names; names of opposing counsel; claims asserted and Eclipse rates. This is an abuse of discovery." ROG Oppo. at Exh. A.

**"INTERROGATORY NO. 5 (K-MART SET)**: Describe in detail each matter wherein

---

[15] The corresponding ROG for Kmart is No. 10 and for Toys "R" Us is No. 5. ROG MTC at 23.

YOU represented a client in a false advertising case, including, the case name and number, the name of the client, the name of the opposing party, the claims asserted in the litigation, and the rates YOU charged for the services provided between 2012 and 2015. **RESPONSE TO ROG 5 (K-MART SET)**: Objection. Representations in other cases are not relevant to this case and in this inquiry is inappropriate, including the fact that would involve confidential attorney-client information for clients unrelated to this case and unrelated to the Defendants. This is just another smokescreen by Defendants." **SUPPLEMENTAL RESPONSE TO ROG 5 (K-MART SET):** "Fees charged to other clients in other cases are privileged and are of no possible relevance to the issues in this 'case, which is the value of the services provided to Defendants with their knowledge and consent. In addition, this interrogatory is highly invasive. It asked for client names; names of opposing counsel; claims asserted and Eclipse rates. This is an abuse of discovery." ROG Oppo. at Exh. A.

Defendants' motion to compel further response to ROG No. 14 and Kmart No. 5 is **GRANTED IN PART**. The Court finds that the requests are relevant for purposes of Fed. R. Civ. P. 26[16] and that Plaintiff's objections concerning relevancy and privilege are without merit. See Cohen v. Trump, 2015 WL 3617124, at *2 (S.D. Cal. June 9, 2015) (noting that "[g]enerally the attorney-client privilege 'does not safeguard against the disclosure of either the identity of the fee-payer or the fee arrangement.'") (quoting Ralls v. U.S., 52 F.3d 223, 225 (9th Cir.1995); see also Gusman v. Comcast Corp., 298 F.R.D. 592, 599–600 (S.D. Cal. 2014) (noting that "[t]he Ninth Circuit has repeatedly held retainer agreements are not protected by the attorney-client privilege or work product doctrine" and that "[c]ommunications between attorney and client that concern the identity of the client, the amount of the fee, the identification of payment by case

---

[16] Courts often use rate determinations from other cases and affidavits from other attorneys in the relevant community to determine a prevailing market rate which can be helpful in determining attorneys' fees under the lodestar method. While this may not be the determining factor in a *quantum meruit* analysis, the value of Plaintiff's services provided to Defendants is at issue and the rates that Plaintiff has charged other parties for similar services is relevant to Defendants' "claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege.") (quoting <u>Hoot Winc, LLC v. RSM McGladrey Fin. Process Outsourcing, LLC</u>, 2009 WL 3857425, at *1–2, (S.D. Cal. Nov. 4, 2009) and <u>Paul v. Winco Holdings, Inc.</u>, 249 F.R.D. 643, 654 (D. Idaho Feb. 27, 2008)).  However, the requests as written are overbroad.  Accordingly, Plaintiff is **ORDERED** to respond to modified Interrogatories 14 and 5(K-MART SET) as follows: (14) "Describe each matter wherein YOU represented a client in a patent infringement case, including the case name, court, and number, the claims asserted in the litigation, and the rates YOU charged for the services provided between 2012 and 2015" and (5 K-MART SET) "Describe each matter wherein YOU represented a client in a false advertising case, including the case name, court, and number, the claims asserted in the litigation, and the rates YOU charged for the services provided between 2012 and 2015."

Defendants do not address ROG 16 in their reply.  ROG Reply.  The Court interprets this as an indication that Plaintiff's supplemental response was sufficient.  Accordingly, Defendants' motion to compel further response to ROG No. 16 is **DENIED AS MOOT.**

**SANCTIONS**

Defendants request that the Court sanction Plaintiff and its counsel of record in the amount of $3,330.00 for the motion to compel further responses to Defendants' RFAs as Plaintiff "has unreasonably forced Defendants to file the instant motion and incur the costs to bring this matter before the Court based largely upon baseless and unwarranted 'relevance' objections." RFA MTC at 30.  Defendants also seek an award of $2,790.00 in attorney's fees for the motion to compel further responses to Defendants' RFPs because Plaintiff's objections to the RFPs are not substantially justified.  RFP MTC at 25.  Finally, Defendants seek an award of $2,812.50 in sanctions because Plaintiff's objections to the ROGs are not substantially justified.  ROG MTC at 27-28.  Plaintiff does not address Defendants' request for sanctions.  <u>See</u> RFA Oppo.; <u>see also</u> RFP Oppo. and ROG Oppo.

If a motion to compel discovery is granted, or if the disclosure or requested discovery is provided after the motion was filed, Rule 37(a)(5)(A) requires a court to order the "party or

28

deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless the movant failed to meet and confer, the objection was substantially justified, or other circumstances militate against awarding expenses. If the motion is granted in part and denied in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

Defendants' request for sanctions is **DENIED**. While requested discovery was supplemented after Defendants' filed their motions to compel, the Court finds that an award of sanctions is not appropriate because many of Plaintiff's objections were justified as evidence by the fact that many of Defendants' requests were denied.

## CONCLUSION

1. Defendants' motion to compel further response to RFAs 1-4, 12, 13, 17, and 22 is **DENIED**.

2. Defendants' motion to compel further response to RFAs 15, 33, 40, 51, 55, and 56 is **GRANTED**.

3. Defendants' motion to compel further response to RFAs 5, 6, 8, 9, 11, 14, 16, 18, 19, 20, 21, 24-26, 28, 29, 31, 41, 42, 50, 57, and 58 is **DENIED AS MOOT**.

4. Defendants' motion to compel additional responses to RFPs 1-9, 10-13, 15, 16-21, 24-29, 33-36, 37-39, 41, 44-48, 47(-2), 48(-2), and 50 is **GRANTED**.

5. Defendants' motion to compel additional responses to RFPs 22, 23, 38, 49, and 51 is **DENIED**.

6.  Defendants' motion to compel additional responses to RFP 52 is **GRANTED IN PART**.

7. Defendants' motion to compel additional responses to RFPs 31 and 32 is **DENIED AS MOOT**.

8. Defendants' motion to compel further response to interrogatories 1, 2, 4-11, 13, and 15 is **GRANTED**.

9. Defendants' motion to strike Plaintiff's entire response with the exception of the

29

word "no" to Interrogatory 12 is **GRANTED**.

10. For interrogatory no. 3, if the only responsive document is the indemnity agreement as Plaintiff suggests, Plaintiff does not need to supplement its response. If it is inaccurate, Plaintiff must serve a supplemental response.

11. Defendants' motion to compel further response to interrogatories 14, 5(KMART) is **GRANTED IN PART**.

12. Defendants' motion to compel further response to interrogatory 16 is **DENIED AS MOOT**.

13. Plaintiff must serve all supplemental responses or declarations on or before **July 7, 2017**.

14. Defendants' request for sanctions is **DENIED**.

   **IT IS SO ORDERED**.

Dated:  6/21/2017

Hon. Barbara L. Major
United States Magistrate Judge

15cv1411-JLS (BLM)