UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

THE ECLIPSE GROUP LLP,

Plaintiff,

v.

TARGET CORPORATION, et al,

Defendants.

Case No.:  15cv1411-JLS (BLM)

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO COMPEL**

**[ECF Nos. 111-112]**

Currently before the Court are Defendants' April 17, 2017 motions to compel Intervenor to provide further responses to Defendants' Interrogatories [ECF No. 111-1 ("ROG MTC")], and Requests for Admission [ECF No. 112-1 ("RFA MTC")], Intervenor's April 24, 2017 oppositions to Defendants' motions [ECF No. 122 ("RFA Oppo.") and ECF No. 123 ("ROG Oppo.")], and Defendants' May 1, 2017 consolidated reply [ECF No. 126 ("Reply")].  For the reasons set forth below, Defendants' motions are **GRANTED IN PART AND DENIED IN PART**.

### PROCEDURAL BACKGROUND

Defendants served their First Set of Requests for Admissions ("RFAs"), and Interrogatories ("ROGs") on Intervenor on February 27, 2017.  RFA MTC at 2; see also ECF No. 112-2, Declaration of Jason Cirlin in Support of Defendants' Motion to Compel Intervenor to Provide Further Responses to Requests for Admissions ("RFA Cirlin Decl.") at 2, Exhs. A-B, ROG MTC at 6, and ECF No. 111-2, Declaration of Jason Cirlin in Support of Defendants' Motion to

Compel Intervenor to Provide Further Responses to Interrogatories ("ROG Cirlin Decl.") at 2, Exhs. A-B. Intervenor served his responses on March 31, 2017 consisting of several objections. RFA MTC at 2; see also RFA Cirlin Decl. at 2, Exh. C, ROG MTC at 6, and ROG Cirlin Decl. at 2, Exh. C. On April 2, 2017, defense counsel wrote to Intervenor and requested that the parties meet and confer to resolve the discovery concerns. RFA MTC at 3; see also RFA Cirlin Decl. at 2, Exh. E, ROG MTC at 7, and ROG Cirlin Decl. at 2, Exh. E. Intervenor failed to respond to the request to meet and confer. Id.

On April 11, 2017, the District Court denied Intervenor's motion for summary adjudication to allow time for the instant discovery motions to be considered before deciding Intervenor's motion on the merits. RFA MTC at 3; see also ROG MTC at 7, and ECF No. 102.

## LEGAL STANDARD

The scope of discovery under the Federal Rules of Civil Procedure is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

District courts have broad discretion to determine relevancy for discovery purposes. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). District courts also have broad discretion to limit discovery to prevent its abuse. See Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)").

## DEFENDANTS' POSITION

Defendants request an order from the Court requiring Intervenor to further respond to

(1) RFAs 7-18, 21, 23, 24, 28, and 35 and the corresponding RFAs of Defendant Toys "R" Us, Inc. [RFA MTC at 18] and (2) interrogatories 1-15 (Kmart) and the corresponding interrogatories of Toys "R" Us, Inc. ROG MTC at 30. Defendants argue that the requests are relevant since they are arguing that Intervenor may not pursue equitable claims for compensation since the work he performed was as an agent for Plaintiff and that the requests directly relate to the express agreements that control the payment of compensation and the intent of the parties. RFA MTC at 4-5; see also ROG MTC at 8-9. Defendants further argue that the requests relate to their position that Intervenor and Plaintiff violated their ethical duties and to their claim of equitable estoppel. RFA MTC at 6-7; see also ROG MTC at 9-10. Finally, Defendants argue that the requests are relevant because Plaintiff and Intervenor's billing practices are directly at issue in this litigation. RFA MTC at 7; see also ROG MTC at 10. Defendants note that Plaintiff has the burden of proof to demonstrate that their requests are unwarranted. RFA MTC at 7-8; see also ROG MTC at 10-11.

## INTERVENOR'S POSITION

Intervenor contends that Defendants' motions should be denied because Intervenor provided substantive responses to Defendants' RFAs and ROGs and that "there is no deficiency in the substance of Intervenor's responses, particularly given the many defects in Defendants' interrogatories [and RFAs] (including addressing issues Defendants never pled which are therefore not at issue)." ROG Oppo. at 2; see also RFA Oppo. at 3. Intervenor also contends that Defendants' motions should be stricken because Defendants failed to meet and confer with Intervenor prior to filing their motion with the Court. Id. Intervenor notes that defense counsel emailed him to set a date to meet and confer on a Sunday when they knew he was on vacation and contacted the Court less than twenty-four hours later for a briefing schedule. Id. Intervenor contends that this violates the Court's Chambers Rules and that Defendants' motion should be treated in the same way Intervenor's previous motion was treated, and "promptly strike[n]." Id.

## INTERVENOR'S REQUEST TO STRIKE DEFENDANTS' MOTION

In his opposition, Intervenor requests that Defendants' motion be stricken "on the same

basis as this Court struck" Intervenor's prior motion, a failure to meet and confer. ROG Oppo. at 2.

On March 2, 2017, Intervenor Plaintiff, Mr. Stephen M. Lobbin, who is representing himself, contacted the Court regarding a discovery dispute. ECF No. 78. After being informed by Intervenor that defense counsel was unable to meet and confer in a timely fashion, the Court instructed Intervenor to file his motion to compel on March 7, 2017. See ECF No. 73. Intervenor filed his motion on March 7, 2017 and the Court issued a briefing schedule for the opposition and reply. ECF Nos. 72-73. That same afternoon, defense counsel, Messrs. Jason Cirlin and Robert Goldberg, contacted the Court and stated that, as they had previously communicated to Intervenor Plaintiff, they were ready and willing to meet and confer on the issues raised in Intervenor Plaintiff's motion to compel. ECF No. 78. That evening, Messrs. Jason Cirlin and Robert Goldberg filed a "MOTION OF TARGET CORPORATION AND KMART CORPORATION TO STRIKE INTERVENOR'S MOTION TO COMPEL" to permit the parties to meet and confer in an effort to resolve the discovery dispute. ECF No. 74. On March 8, 2017, the Court granted Defendants' motion and ordered "the parties to meet and confer regarding the discovery issues addressed in Intervenor Plaintiff's Motion to Compel" and to file a Joint Status Report detailing the efforts. ECF No. 78. After reviewing the Joint Status Report, the Court permitted Intervenor to file his motion to compel. ECF No. 82.

Intervenor argues that Defendants emailed him on April 2, 2017, a Sunday, when they knew he was on vacation to request a meet and confer and then contacted the Court on April 3, 2017 for a briefing schedule. ROG Oppo. at 2; see also RFA Oppo. at 2 (citing ECF No. 90). Defendants contend that this situation is distinguishable because unlike their response to Intervenor which was made six minutes after Intervenor emailed them requesting to meet and confer, Intervenor "has never responded to defense counsel's request to meet and confer regarding Lobbin's deficient responses to Defendants Kmart Corporation ("Kmart") and Toys "R" Us, Inc.'s ("TRU") (collectively "Defendants") Requests for Admission ("RFAs") and Interrogatories ("ROGs")." Reply at 2. Additionally, while defense counsel did email Intervenor during his vacation, Intervenor had been exchanging emails with defense counsel during his

vacation. Id.; see also ECF No. 126-1, Supplemental Declaration of Jason N. Cirlin ("Supp. Cirlin Decl.") at Exh. A.

The instant dispute is procedurally different than the prior dispute as Defendants' motion was not filed until approximately two weeks after defense counsel contacted the Court, Intervenor's motion to strike was not filed until three weeks after the initial Court contact, and Intervenor apparently failed to meet and confer with Defendants during that extended time period. Accordingly Intervenor's request to strike Defendants' motions is **DENIED**.

## **REQUESTS FOR ADMISSION[1]**

Legal Standard

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). "Each matter must be separately stated." Fed. R. Civ. P. 36(a)(2). A responding party must admit a matter, specifically deny a matter, or state in detail why they cannot truthfully admit or deny it. Fed. R. Civ. P. 36(a)(4). If a matter is denied, the "denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Id. A responding party may object to a request if they state the ground for the objection. Fed. R. Civ. P. 36(a)(5). The requesting party may then seek a decision from the court determining the sufficiency of an answer or objection. Fed. R. Civ. P. 36(a)(6). The court must order that an answer be served unless it finds an objection justified. Id. "On finding that an answer does not comply with this rule, the court may order

---

[1] This motion refers to the RFAs propounded by Defendant Kmart, but the ROGs are comparable to the set served by Defendant Toys "R" Us, Inc. RFA MTC at 2. Accordingly, Defendants request that to "the extent the Court orders Lobbin to further respond to any request for admission of Kmart Corporation . . . . the order apply equally to the comparable requests for admission propounded by Defendants Toys "R" Us, Inc. as well." Id. Defendants' request is **GRANTED**. If Intervenor is ordered to provide further responses, it must do so for Defendant Toys "R" Us.

either that the matter is admitted or that an amended answer be served." Id.

Analysis

RFAs 7-11, 14, 16, 18, 21, 23, 24, and 28

The first group of RFAs which Defendants seek to compel further response to include RFAs 7-11, 14, 16, 21, 23, 24, and 28. RFA MTC at 9-10. In support, Defendants argue that Intervenor's response is insufficient because lack of information is not a proper excuse for failing to admit or deny without stating that a reasonable inquiry has been made and "that the information known or readily obtainable by [Intervenor] is insufficient to enable [Intervenor] to admit or deny." Id. at 10-11. Defendants further argue that given the facts of the case and Intervenor's role as a non-equity partner for Plaintiff who reviewed and approved "every invoice relating to the legal services at issue in this litigation," Intervenor's refusals to admit or deny so many RFAs is unsupportable.[2] Id. at 12. Intervenor responded to RFAs 7-11, 14, 16, 21, 23, 24, 28 by stating "Intervenor lacks knowledge or information sufficient to admit or deny" and to RFA 18 by stating "Intervenor objects to the vague reference to an "oral agreement," and as such lacks knowledge or information sufficient to admit or deny." RFA Cirlin Decl. at Exh. C.

_____

[2] RFAs 7-11, 14, 16, 21, 23, 24, and 28 ask Intervenor to Admit that: (7) "ECLIPSE did not invoice Kmart Corporation for its representation of Kmart Corporation in the KMART LITIGATION," (8) "Kmart Corporation was an intended third party beneficiary of the agreement between MANLEY and ECLIPSE to provide legal representation to Kmart Corporation in the KMART LITIGATION," (9) "the emails attached as Exhibit "A" are genuine," (10) "only MANLEY paid ECLIPSE'S invoices for legal services related to the KMART LITIGATION," (11) "ECLIPSE only invoiced MANLEY for legal services ECLIPSE provided to Kmart Corporation in the KMART LITIGATION," (14) "if ECLIPSE had signed a written agreement with MANLEY for legal services in the KMART LITIGATION, that the agreement would have contained the same terms as in the Engagement Letter of February 3, 2012 between Aquawood, LLC and ECLIPSE," (16) "ECLIPSE did not enter into a written agreement with Kmart Corporation for legal services in the KMART LITIGATION," (18) "ECLIPSE entered into an oral agreement with MANLEY for legal services by which MANLEY agreed to pay ECLIPSE to represent Kmart Corporation in the KMART LITIGATION," (21) "ECLIPSE "wrote-off $5,300 in legal fees it had invoiced in the KMART Litigation," (23) "MANLEY paid in full all invoices of ECLIPSE in the KMART LITIGATION through the end of February 2014," (24) "ECLIPSE did not send any invoices to Kmart Corporation for any legal services ECLIPSE performed in the KMART LITIGATION, during the ordinary course of business," and (28) "the email correspondence attached as Exhibit "B" is genuine." RFA Cirlin Decl. at Exh. A and C.

15cv1411-JLS (BLM)

Intervenor contends that his response to RFAs 7, 10, 11, 14, 16, 18, 21, 23, 24, and 28 is reasonable because Intervenor is not Plaintiff and the requests are more appropriate for Plaintiff. RFA Oppo. at 3-9. Intervenor further contends that he is not able to request the files from Plaintiff that would allow him to admit or deny the requests with certainty. Id. at 3. With respect to interrogatory 7, Intervenor states that "he is not aware of any formal 'invoice' ever sent from Eclipse to Kmart." Id. at 3. With respect to interrogatory 10, Intervenor states that he "denies that Manley paid Eclipse's invoices, at least not in full, which is the reason this lawsuit was filed." Id. at 5. With respect to interrogatory 11, Intervenor states that he "denies the request because Eclipse also invoiced Manley for legal services in the *Adams* litigation and, indirectly, for legal services in the *Worldslide* litigation. Id. With respect to interrogatory 14, Intervenor states that "the intention of the agreement was to have ***generally*** the 'same terms.'" Id. at 6 (emphasis in original). With respect to interrogatory 16, Intervenor states that he "is not aware of any written agreement ever reached as between Eclipse and Kmart. Id. at 6-7. With respect to interrogatory 18, Intervenor states that he "believes there is a written agreement, not only an oral agreement." Id. at 7. With respect to interrogatory 21, Intervenor states that he "believes there was such a write off, which only occurred under threat by Kmart (through Manley) to cease payment on all past-due invoices, amounting to hundreds of thousands of dollars." Id. at 8. Intervenor does not state that he admits, denies, or believes anything additional with respect to interrogatory 23. Id. With respect to interrogatory 24, Intervenor states that he "is not aware of any formal 'invoice' ever sent from Eclipse to Kmart. Id. at 9. Intervenor does not state that he admits, denies, or believes anything additional with respect to interrogatory 28. Id. Intervenor contends that his response to RFA 8 and 9 is reasonable because the request is not relevant or proportional as Defendants have not pled any claims relating to third-party beneficiaries and that requiring Intervenor to research the law of third-party beneficiaries so that he could respond to the request would not be proportional to the needs of the case. Id. at 4.

Defendants reply that Intervenor should be compelled to further respond to the RFAs without objection or evasion. Reply at 6. Defendants argue that Intervenor's objections should

15cv1411-JLS (BLM)

be waived as the opposition is the first time they are being raised and, therefore, are untimely. Id. Defendants also argue that Intervenor is required to make an inquiry of Plaintiff for any required documentation. Id. Regarding RFAs 14, 16, and 18, Defendants state that Intervenor provided additional response to the RFAs, but should serve formal supplemental responses to the RFAs. Id. at 8.

Defendants' motion to compel further response to 7-11, 14, 16, 21, 23, 24, and 28 is **GRANTED**. Intervenor's response that he "lacks knowledge or information sufficient to admit or deny" is insufficient. See Fed. R. Civ. P. 36(a)(4) (stating that "[t]he answering party may assert lack of knowledge or information as a reason for failing to admit or deny **only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny**.) (emphasis added). While Defendants acknowledge that Intervenor has provided supplemental responses to RFAs 14, 16, and 18, Intervenor has not formally served the supplemental responses on Defendants. Also, the additional information and explanations offered by Intervenor in his opposition for the remaining RFAs, do not constitute properly served formal discovery responses. The Court overrules Intervenor's objections to RFAs 8 and 9 and finds that they are relevant and proportional under Fed. R. Civ. P. 26.

RFAs 12, 13, and 15

Defendants argue that Intervenor should be compelled to provide further responses to RFAs 12, 13, and 15 as his responses do not "fairly meet the substance of" RFAs 12, 13, and 15 and do not directly address if Intervenor obtained the informed written consent as provided under California Professional Rules of Conduct.[3] RFA MTC at 15-16. Intervenor's response to

_____

[3]RFAs 12, 13 and 15 ask Intervenor to Admit that: (12) "ECLIPSE did not obtain the informed written consent of Kmart Corporation regarding a potential conflict of interest as provided under California Rules of Professional Conduct, Rule 3-310(C) during ECLIPSE's joint representation of Kmart Corporation in the KMART LITIGATION," (13) "ECLIPSE did not obtain a conflict of interest waiver from Kmart Corporation during its joint representation of Kmart Corporation in the KMART LITIGATION," and (15) "ECLIPSE did not obtain the informed written consent of Kmart Corporation as provided under the California Rules of Professional Conduct, Rule 3-310(F) concerning the arrangement with MANLEY to pay for the legal services of ECLIPSE during its

RFAs 12 and 13 was "Denied for at least the reasons that no such potential (or actual) conflict existed, and Kmart waived any written consent requirement" and to RFA 15 was "Denied, as Kmart indeed did consent to the arrangement, both orally and in writing." RFA Cirlin Decl. at Exh. C.

Intervenor fails to address RFAs 12, 13, and 15 in his opposition to Defendants' motion and the Court therefore **GRANTS** Defendants' motion to compel further response to RFAs 12, 13, and 15. See Bryant v. Armstrong, 285 F.R.D. 596, 610 (S.D. Cal. 2012) (finding that "Janda did not object to the document request initially or in opposition to the Motion to Compel and has therefore waived any objection") (citing S.D. Cal. Civ. R. 7.1(f)(3)(c)). In addition, Intervenor's response to RFAs 12 and 13 is not responsive to the content of the RFAs and the response to RFA 15 is unclear as to whether the written consent complied with the cited Rule.

RFAs 17 and 35

Defendants argue that Intervenor should be compelled to provide further responses to RFA 17 because a RFA "may request an application of law to fact"[4] and to RFA 35 because his response is evasive since the RFA does not ask Intervenor about his legal status, but to admit that he was an attorney for Eclipse.[5] RFA MTC at 16. Intervenor fails to address RFAs 17 and 35 in his opposition to Defendants' motion. Despite Intervenor's failure to address these RFAs, the Court **DENIES** Defendants' motion as to RFA 35 since Intervenor provided a substantive

representation of Kmart Corporation in the KMART LITIGATION." RFA Cirlin Decl. at Exh. A.

[4] RFA 17 asks Intervenor to "Admit that ECLIPSE had a duty under California Business and Professions Code section 6148 to specify whether Kmart Corporation was responsible to pay for ECLIPSE's legal services performed in the KMART LITIGATION." RFA MTC at Exh. A. Intervenor responded "Intervenor objects to the legal questions, but admits that it did specify that Kmart would be responsible to pay." RFA Cirlin Decl. at Exh. C.

[5] RFA 35 asks Intervenor to "Admit that YOU performed all of YOUR legal services for Kmart Corporation in the KMART LITIGATION as an attorney with ECLIPSE." RFA Cirlin Decl. at Exh. C. Intervenor responded "Intervenor objects as vague concerning "attorney with Eclipse," but nevertheless states that he was working under an independent contractor arrangement with Eclipse. Id.

1 response. The Court overrules Intervenor's objection to RFA 17 and **GRANTS** Defendants'
2 motion to compel further response to RFA 17.

### INTERROGATORIES[6]

4 Legal Standard

5 An interrogatory may relate to any matter that may be inquired under Rule 26(b). Fed.
6 R. Civ. P. 33(a)(2). "The grounds for objecting to an interrogatory must be stated with
7 specificity, [and] [a]ny ground not stated in a timely objection is waived unless the court, for
8 good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Any interrogatory not objected to
9 must be answered fully in writing under oath. Fed. R. Civ. P. 33(b)(3). In answering
10 interrogatories propounded to a corporation, partnership, association or governmental agency,
11 the officer or agent responding on its behalf "must furnish the information available to the party."
12 Fed. R. Civ. P. 33(b)(1)(B); see also Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 11(IV)-B.

13 Analysis

14 Interrogatories 1-3

15 Defendants argue that Intervenor's responses are "evasive, vague, incomplete and
16 erroneous." ROG MTC at 13. The interrogatories are as follows:

17 • **"INTERROGATORY NO. 1**: For each of Kmart Corporation's Requests for
18 Admissions, Request Nos. 1, 2, and 3 served on YOU[7] concurrently with these
19 Interrogatories for which YOUR response is anything but an unequivocal
20 admission, state all facts that support YOUR response." ROG Cirlin Decl. at Exh.

---

22 [6] This motion refers to the ROGs propounded by Defendant Kmart, but the ROGs are comparable
23 to the set served by Defendant Toys "R" Us, Inc. ROG MTC at 6. Accordingly, Defendants
request that to "the extent the Court orders Lobbin to further respond to any interrogatory of
24 Kmart Corporation . . . . the order apply equally to the comparable interrogatories propounded
by Defendants Toys "R" Us, Inc. as well." Id. Defendants' request is **GRANTED**. If Intervenor
25 is ordered to provide further responses, it must do so for Defendant Toys "R" Us.

26 [7] For purposes of these special interrogatories, the terms "YOU" and "YOUR" as used throughout
27 these interrogatories shall mean and refer to Intervenor Stephen M. Lobbin. ROG Cirlin Decl. at
Exh. A.
28

A.

- **"INTERROGATORY NO. 2**: For each of Kmart Corporation's Requests for Admissions, Request Nos. 1, 2, and 3 served on YOU concurrently with these interrogatories for which YOUR response is anything but an unequivocal admission, IDENTIFY[8] all witnesses that support YOUR response." ROG Cirlin Decl. at Exh. A.

- **"INTERROGATORY NO. 3**: For each of Kmart Corporation's Requests for Admissions, Request Nos. 1, 2 and 3 served on YOU concurrently with these interrogatories for which YOUR response is anything but an unequivocal admission, IDENTIFY all DOCUMENTS that support YOUR response." ROG Cirlin Decl. at Exh. A.

- **RESPONSE TO ROGS 1-3**: Intervenor objects to the extent any potentially relevant, responsive and proportional information is privileged and/or work product (including the common-interest privilege). Besides the pleadings and exhibits already filed in this action, Intervenor terminated its contractual relationship with Plaintiff Eclipse in 2014, leaving any such documents/things in the possession of Plaintiff Eclipse; therefore, any such documents, if any, may be in the possession of Plaintiff Eclipse, but not Intervenor. Nonetheless, Intervenor has explained any non-admissions [and identified witnesses][9]. ROG Cirlin Decl. at Exh. C.

Intervenor states that his "responses to the requests for admission are sufficient, as discussed in connection with the co-pending motion." ROG Oppo. at 3-4. Id. With respect to ROG 2, Intervenor states that it should be clear from the responses that Intervenor is the

---

[8] For the purpose of these interrogatories, the term "IDENTIFY" when used together with respect to a PERSON shall include the full name, last known business and residence address, last known business and residence telephone numbers, and last known job title and job description." ROG Cirlin Decl. at Exh. A.

[9] This part of the response is only applicable to ROG No. 2 and 3. ROG Cirlin Decl. at Exh. C.

witness.  Id. at 4.  With respect to ROG 3, Intervenor states that it should be clear from the responses that he "has referred to conversations, not documents, in support of his responses."  Id.

Defendants reply that Plaintiff fails to (1) state all facts, (2) identify all witnesses, or (3) identify all documents that support Plaintiff's responses to RFAs 1 and 3 as asked in ROGs No. 1-3.  Reply at 3.  Additionally, if no documents support Intervenor's response, he must so state under oath.  Id.  Finally, Defendants reply that Intervenor does not address Defendant Kmart Corporation's interrogatory no. 3 in his opposition, and instead, discusses his response to Defendant Toys "R" Us, Inc.'s interrogatory no. 3.  Id.

Defendants' motion to compel further response to ROGs No. 1-3 is **GRANTED**.  Intervenor must identify in his responses the requested facts, witnesses, and documents.

Interrogatories 4, 11-13

Defendants argue that Plaintiff's response to ROGs Nos. 4 and 11-13[10] is evasive and incomplete.  ROG MTC at 16.   Defendants also argue that a "full and complete response to these interrogatories" is necessary to provide the facts that explain how the services provided benefitted Defendants.  Id.  Defendants state that Intervenor has not met his obligation to make a reasonable inquiry concerning the information sought in the interrogatories and that he has not tried to address the information in his possession, custody, or control.  Id. at 17.  Finally, Defendants argue that Intervenor is attempting to frustrate their ability to conduct discovery by not attempting to obtain relevant information that may be in the possession, custody, or control of Plaintiff.  Id. at 17-18.  The interrogatories and responses are as follows:

- **"INTERROGATORY NO. 4**: For any legal work for which YOU are attempting to recover fees against Kmart Corporation, state all facts that support YOUR contention that Kmart Corporation benefited directly from these legal services."  ROG Cirlin Decl. at Exh. C.

---

[10] The corresponding ROG for Defendant Toys "R" Us, Inc. is ROG No. 4.  ROG MTC at 15, n5.

- **"INTERROGATORY NO. 11**: State all facts that support YOUR contention that Kmart Corporation directly benefited from YOUR legal work performed regarding Aviva Sports, Inc.'s cross-appeal in the KMART LITIGATION." ROG Cirlin Decl. at Exh. C.

- **"INTERROGATORY NO. 12**: State all facts that support YOUR contention that Kmart Corporation directly benefited from YOUR legal work performed regarding the motion for attorney's fees YOU filed in the KMART LITIGATION." ROG Cirlin Decl. at Exh. C.

- **"INTERROGATORY NO. 13**: State all facts that support YOUR contention that Kmart Corporation directly benefited from YOUR legal work performed in connection with the denial of the motion for attorney's fees in the KMART LITIGATION." ROG Cirlin Decl. at Exh. C.

- **RESPONSE TO ROGs No. 4, 11-13**: "Intervenor objects to the extent any potentially relevant, responsive and proportional information is privileged and/or work product (including the common-interest privilege). Besides the pleadings and exhibits already filed in this action, Intervenor terminated its contractual relationship with Plaintiff Eclipse in 2014, leaving any such documents/things in the possession of Plaintiff Eclipse; therefore, any such documents, if any, may be in the possession of Plaintiff Eclipse, but not Intervenor. Nonetheless, Intervenor states that Kmart benefited directly from all legal services because all were necessary to achieve a summary adjudication and dismissal with prejudice of all claims against Kmart[11], [thru all appeals including Kmart's own post-trial motions and its own appeal, which it chose to pursue to completion.][12]." ROG Cirlin Decl.

---

[11] The response to ROG No. 4 ends here. ROG MTC at 16; <u>see also</u> ROG Cirlin Decl. at Exh. C.

[12] This part of the response is only applicable to ROG Nos. 11-13. ROG MTC at 16; <u>see also</u> ROG Cirlin Decl. at Exh. C.

at Exh. C.

Intervenor contends that his response is sufficient, however, Intervenor "elaborates further that Kmart also benefited directly from all legal services after summary adjudication because Kmart chose to pursue a recovery of costs and/or attorney fees, and chose to appeal the district court's decision denying any recovery of costs and/or attorney fees."[13]  ROG Oppo. at 5.  Defendants reply that Intervenor acknowledges that his responses were deficient by offering "additional though very limited and equivocal information in his Opposition."  Reply at 3.  Defendants argue that "full and complete verified answer" are still required.  Id.

Defendants' motion to compel further response to ROGs No. 4 and 11-13 is **GRANTED**.

Interrogatory 5

Defendants argue that none of the requested information is privileged and that the request is proportional to the needs of the case as the value of Intervenor's services is central to his equitable claims.  ROG MTC at 19. The interrogatory asks Plaintiff to:

- **"INTERROGATORY NO. 5[14]**: Describe in detail each matter wherein YOU represented a client in a false advertising case, including, the case name and number, the name of the client, the name of the opposing party, the claims asserted in the litigation, and the rates YOU charged for the services provided between 2012 and 2015."  ROG Cirlin Decl. at Exh. C.

- **RESPONSE TO ROG 5**: "Intervenor objects to the extent any potentially relevant, responsive and proportional information is privileged and/or work product (including the common-interest privilege). Besides the pleadings and exhibits already filed in this action, Intervenor terminated its contractual relationship with

---

[13] For ROGs 11-13, Intervenor also includes the additional sentence "Kmart's appeal required its participation with the defendants' group in all appeals and cross-appeals" at the end.  ROG Oppo. at 9-11.

[14] "This interrogatory only appears in Kmart's set of interrogatories directed to [Intervenor]." ROG MTC at 18, n6.

15cv1411-JLS (BLM)

Plaintiff Eclipse in 2014, leaving any such documents/things in the possession of Plaintiff Eclipse; therefore, any such documents, if any, may be in the possession of Plaintiff Eclipse, but not Intervenor. Nonetheless, Intervenor states that such information is irrelevant to Intervenor's claims for *quantum meruit*, and not proportional to the needs of this action." ROG Cirlin Decl. at Exh. C.

Intervenor contends that his response "is sufficient. Nonetheless, Intervenor elaborates further that the only matters responsive to this interrogatory that Intervenor can recall are the *Aviva* litigation and the *Adams* litigation." ROG Oppo. at 6. Defendants reply that "a full and complete verified answer is required." Reply at 4.

Defendants' motion to compel further response to ROG No. 5 is **GRANTED IN PART.** The Court finds that the requests are relevant for purposes of Fed. R. Civ. P. 26[15] and that Intervenor's objections concerning relevancy and privilege are without merit. See Cohen v. Trump, 2015 WL 3617124, at *2 (S.D. Cal. June 9, 2015) (noting that "[g]enerally the attorney-client privilege 'does not safeguard against the disclosure of either the identity of the fee-payer or the fee arrangement.'") (quoting Ralls v. U.S., 52 F.3d 223, 225 (9th Cir.1995); see also Gusman v. Comcast Corp., 298 F.R.D. 592, 599–600 (S.D. Cal. 2014) (noting that "[t]he Ninth Circuit has repeatedly held retainer agreements are not protected by the attorney-client privilege or work product doctrine" and that "[c]ommunications between attorney and client that concern the identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege.") (quoting Hoot Winc, LLC v. RSM McGladrey Fin. Process Outsourcing, LLC, 2009 WL 3857425, at *1–2, (S.D. Cal. Nov. 4, 2009) and Paul v. Winco Holdings, Inc., 249

---

[15] Courts often use rate determinations from other cases and affidavits from other attorneys in the relevant community to determine a prevailing market rate which can be helpful in determining attorneys' fees under the lodestar method. While this may not be the determining factor in a *quantum meruit* analysis, the value of Plaintiff's services provided to Defendants is at issue and the rates that Plaintiff has charged other parties for similar services is relevant to Defendants' "claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

F.R.D. 643, 654 (D. Idaho Feb. 27, 2008)). However, the request as written is overbroad. Accordingly, Intervenor is **ORDERED** to respond to a modified Interrogatory 5 as follows: "Describe each matter wherein YOU represented a client in a false advertising case, including the case name, court, and number, the claims asserted in the litigation, and the rates YOU charged for the services provided between 2012 and 2015."

<u>Interrogatory 6</u>

Defendants argue Intervenor's response to ROG No. 6 is difficult to decipher. ROG MTC at 21. Defendants note that there are no privilege concerns with the request as no attorney-client privilege exists between "the jointly represented Manley and Kmart" and that Intervenor must make a reasonable inquiry and describe his efforts to obtain the information sought or his response is insufficient. <u>Id.</u> The interrogatory asks Plaintiff to:

- **INTERROGATORY NO. 6[16]**: "State all facts concerning the oral agreement that ECLIPSE reached with MANLEY concerning the representation of Kmart Corporation in any of the KMART LITIGATION." ROG Cirlin Decl. at Exh. C.

- **RESPONSE TO ROG 6**: "Intervenor objects as "vague" concerning "the oral agreement," and to the extent any potentially relevant, responsive and proportional information is privileged and/or work product (including the common-interest privilege). Besides the pleadings and exhibits already filed in this action, Intervenor terminated its contractual relationship with Plaintiff Eclipse in 2014, leaving any such documents/things in the possession of Plaintiff Eclipse; therefore, any such documents, if any, may be in the possession of Plaintiff Eclipse, but not Intervenor. Nonetheless, based on its objections. Intervenor is not able to respond." ROG Cirlin Decl. at Exh. C.

Intervenor contends that his response "is sufficient. Nonetheless, Intervenor elaborates further that according to Intervenor's understanding, the agreement between Eclipse and

---

[16] The corresponding ROG for Toys "R" Us is No. 6. ROG MTC at 20, n7.

Manley was written, not oral." ROG Oppo. at 7. Defendants reply that Intervenor acknowledges that his responses were deficient by offering "additional though very limited and equivocal information in his Opposition" and that "a full and complete verified answer is required." Reply at 4.

Defendants' motion to compel further response to ROG No. 6 is **GRANTED**. The interrogatory is not vague and Intervenor's response is insufficient as it does not state any facts regarding an oral agreement and does not adequately describe the efforts Intervenor undertook to obtain the information sought. See Franklin v. Smalls, 2012 WL 5077630, at *6 (S.D. Cal. Oct. 18, 2012) (stating that the "responding party must state under oath that he is unable to answer the interrogatory and must describe the efforts made to obtain the answer" and finding that defendants did not comply with Fed. R. Civ. P. 33 where they "did not explain under oath why they are unable to provide the information requested, nor do they describe the efforts made to obtain the information.") (citing Hansel v. Shell Oil Corp., 169 F.R.D. 303, 305 (E.D. Pa. 1996); see also 7 James Wm. Moore et al., Moore's Federal Practice § 33.102[3], at 33–75)); see also Bryant, 285 F.R.D. at 612 (finding that defendant failed to comply with Rule 33 and noting that if defendant was unable to respond to the interrogatory "he must state so under oath and describe the steps taken to answer interrogatories") (citing Frontier–Kemper Constructors, Inc. v. Elk Run Coal Co., 246 F.R.D. 522, 529 (S.D.W.Va.2007) (finding that a responding party has a "severe duty" to make every effort to obtain the requested information and, if unsuccessful, must provide an answer detailing the attempts made to ascertain the information)).

Interrogatories 7-9

Defendants argue that Intervenor's responses to ROGs 7-9 are "evasive and non-responsive" and that his response to No. 7 references a conflict of interest even though the interrogatory did not ask whether such a conflict existed. ROG MTC at 22. As with interrogatory No. 7, Defendants argue that Intervenor does not answer the question asked with his response to interrogatory no. 8. Id. at 23. Defendants conclude that Intervenor "cannot escape responding to these interrogatories by not answering the question that was asked." Id. at 24.

- **"INTERROGATORY NO. 7**: State whether YOU obtained the informed written

consent of Kmart Corporation regarding a potential conflict of interest as provided under California Rules of Professional Conduct, Rule 3-310(C) during YOUR representation of Kmart Corporation in the KMART LITIGATION." ROG Cirlin Decl. at Exh. C.

- **INTERROGATORY NO. 8[17]**: "State whether YOU obtained the informed written consent of Kmart Corporation as provided under the California Rules of Professional Conduct, Rule 3-310(F) concerning the arrangement with MANLEY to pay for the legal services of ECLIPSE during its representation of Kmart Corporation in any of the KMART LITIGATION." ROG Cirlin Decl. at Exh. C.

- **INTERROGATORY NO. 9[18]**: "State whether it was YOUR practice at the time of the pending KMART LITIGATION to obtain written legal services agreements with clients such as Kmart Corporation who did not agree to pay for YOUR services."

- **RESPONSE TO ROG 7 and 8**: Intervenor objects to the extent any potentially relevant, responsive and proportional information is privileged and/or work product (including the common-interest privilege). Besides the pleadings and exhibits already filed in this action, Intervenor terminated its contractual relationship with Plaintiff Eclipse in 2014, leaving any such documents/things in the possession of Plaintiff Eclipse; therefore, any such documents, if any, may be in the possession of Plaintiff Eclipse, but not Intervenor. Nonetheless, Intervenor states that there was never any such potential (or actual) conflict of interest [Nonetheless, Intervenor responds that (a) such informed written consent was not required, (b) Kmart waived any such requirement, if any, and (c) Kmart indeed gave its informed written consent regardless.][19]

---

[17] The corresponding ROG for Toys "R" Us is Nos. 7-8. ROG MTC at 21, n9.

[18] The corresponding ROG for Toys "R" Us is No. 9. ROG MTC at 24, n11.

[19] This part of the response is only applicable to ROG No. 8. ROG Cirlin Decl. at Exh. C.

- **RESPONSE TO ROG 9**: "Intervenor objects as "vague" because KMART did agree to pay for our services, and to the extent any potentially relevant, responsive and proportional information is privileged and/or work product (including the common-interest privilege). Besides the pleadings and exhibits already filed in this action, Intervenor terminated its contractual relationship with Plaintiff Eclipse in 2014, leaving any such documents/things in the possession of Plaintiff Eclipse; therefore, any such documents, if any, may be in the possession of Plaintiff Eclipse, but not Intervenor. Nonetheless, based on its objections. Intervenor is not able to respond." ROG Cirlin Decl. at Exh. C.

With respect to ROG No. 7, Intervenor contends that his response "is sufficient, because Kmart's interrogatory is limited to a circumstance of 'informed written consent . . . regarding a potential conflict of interest.' Here, there was no such '***potential conflict of interest***,' which is the substance of Intervenor's response." ROG Oppo. at 7 (emphasis in original). With respect to ROG No. 8, Intervenor contends that his response "is sufficient, particularly because Kmart's interrogatory is limited to a request to 'state whether,' which by its terms asks only for a YES or NO. Intervenor has provided much more." Id. at 8. With respect to ROG No. 9, Intervenor contends that his response "is sufficient because Kmart's interrogatory is limited to a circumstance of 'obtain[ing] written legal services agreements with clients . . . who did not agree to pay for YOUR services.' Here, there was no circumstance, which is the substance of Intervenor's response." Id.

Defendants reply that that while the parties may argue over whether or not consent was required, Plaintiff must properly respond to interrogatories 7 and 8 and state whether or not it obtained the consent, which it has not done. Reply at 4-5. For interrogatory no. 9, Defendants reply that Intervenor acknowledges that his responses were deficient by offering "additional though very limited and equivocal information in his Opposition" and that "a full and complete verified answer is required." Id. at 5.

Defendants' motion to compel further responses to ROG No. 7 is **GRANTED**. Intervenor's response does not answer the interrogatory. Defendants' motion to compel further responses

15cv1411-JLS (BLM)

to ROG No. 8 is **DENIED**.  In the final sentence of his response, Intervenor states that Kmart provided written consent so Intervenor has fully responded to ROG No. 8.  Defendants' motion to compel further responses to ROG No. 9 is **GRANTED**.  The response is insufficient as it does not address Intervenor's "practice" regarding such agreements and does not adequately state why Intervenor "is not able to respond." .

Interrogatory 10

Defendants argue that Intervenor evades the question and that he should provide the facts supporting his claim for two or three times the rates invoiced for his services.  ROG MTC at 26.  The interrogatories and responses are as follows:

- **INTERROGATORY NO. 10[20]**: "State all facts that support YOUR contention that YOU may recover fees from Kmart Corporation higher than the fees negotiated with MANLEY to represent Kmart Corporation in the KMART LITIGATION."  ROG Cirlin Decl. at Exh. C.

- **RESPONSE TO ROG 10**: "Intervenor objects to the extent any potentially relevant, responsive and proportional information is privileged and/or work product (including the common-interest privilege).  Besides the pleadings and exhibits already filed in this action, Intervenor terminated its contractual relationship with Plaintiff Eclipse in 2014, leaving any such documents/things in the possession of Plaintiff Eclipse; therefore, any such documents, if any, may be in the possession of Plaintiff Eclipse, but not Intervenor.  Nonetheless, Intervenor states that the law of *quantum meruit* allows and commands such a recovery."  ROG Cirlin Decl. at Exh. C.

Intervenor contends that his response "is sufficient, but nonetheless, Intervenor will soon serve an expert report which will provide additional responsive information, based on the expert's analysis of many factors."  ROG Oppo. at 9.  Defendants reply that Intervenor

---

[20] The corresponding ROG for Toys "R" Us is No. 5.  ROG MTC at 26, n12.

acknowledges that his responses were deficient by offering "additional though very limited and equivocal information in his Opposition" and that "a full and complete verified answer is required." Reply at 5. Defendants further reply that the production of an expert's report "does not excuse [Intervenor] from providing his full and complete verified answer to" the interrogatory. Id.

Defendants' motion to compel further responses to ROG No. 10 is **GRANTED**. Intervenor's attempt to supplement his response to the interrogatory by referencing a soon-to-be-served expert report does not satisfy his discovery obligations under Fed. R. Civ. P. 33. See Mancini v. Ins. Corp. of N.Y., 2009 WL 1765295, at *2 (S.D. Cal. June 18, 2009) (noting that a party cannot respond to interrogatories by stating "that all facts can be found within the entire universe of documents involved in the underlying litigation" since "referring to a wide universe of documents does not specify the records in sufficient detail" and finding that Plaintiffs' "attempt to respond to Interrogatory Numbers 2, 3, 12, and 22 by reference to expert reports and depositions also does not comport with Rule 33(d)").[21]

Interrogatory 14

Defendants argue that the interrogatory is not vague and that Intervenor must answer the interrogatory by stating the facts upon which he relies if he disputes a statement in the interrogatory. ROG MTC at 27. Defendants note that Intervenor cannot "bury" his answer in his objection and that the agreements are related to the claims and defenses of the parties. Id. at 27-28. The interrogatory and Intervenor's response are as follows:

- **INTERROGATORY NO. 14[22]**: "State all facts why ECLIPSE did not enter into a

---

[21] See also Lawman v. City & Cty. of San Francisco, 159 F. Supp. 3d 1130, 1140 (N.D. Cal. 2016) ("[a]n answer to an interrogatory must be responsive to the question. It should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories, at least where such references make it impossible to determine whether an adequate answer has been given without an elaborate comparison of answers" and that "[i]ncorporation by reference is not a responsive answer.") (quoting Scaife v. Boenne, 191 F.R.D. 590, 594 (N.D.Ind.2000)).

[22] The corresponding ROG for Kmart is No. 14. ROG MTC at 27, n13.

15cv1411-JLS (BLM)

written contract with MANLEY for legal services to represent Kmart Corporation in the KMART LITIGATION." ROG Cirlin Decl. at Exh. C.

- **RESPONSE TO ROG 14**: "Intervenor objects as vague, as Manley did enter into a written contract, and to the extent any potentially relevant, responsive and proportional information is privileged and/or work product (including the common-interest privilege). Besides the pleadings and exhibits already filed in this action, Intervenor terminated its contractual relationship with Plaintiff Eclipse in 2014, leaving any such documents/things in the possession of Plaintiff Eclipse; therefore, any such documents, if any, may be in the possession of Plaintiff Eclipse, but not Intervenor. Nonetheless, based on its objections, Intervenor is not able to respond." ROG Cirlin Decl. at Exh. C.

Intervenor contends that his response "is sufficient, but nonetheless, as discussed elsewhere, Intervenor recalls that Manley did sign an engagement agreement with Eclipse. Intervenor cannot locate a copy of the signed agreement." ROG Oppo. at 12. Defendants reply that Intervenor acknowledges that his responses were deficient by offering "additional though very limited and equivocal information in his Opposition" and that "a full and complete verified answer is required." Reply at 5. Defendants note that neither Intervenor nor Plaintiff have produced any written agreement between Plaintiff and Manley for the representation of Kmart. Id.

Defendants' motion to compel further responses to ROG No. 14 is **GRANTED**. Intervenor must answer by providing all requested facts.

Interrogatory 15

Defendants argue that Intervenor's response "is evasive, incomplete, and non-responsive." ROG MTC at 29. Defendants also argue that the relationship between Plaintiff and Intervenor directly concerns the claims and defenses of the parties. Id. The interrogatory reads:

- **INTERROGATORY NO. 15**[23]: "State all facts explaining YOUR relationship WITH ECLIPSE during the period of time that YOU performed services on behalf of Kmart Corporation in the KMART LITIGATION."  ROG Cirlin Decl. at Exh. C.

- **RESPONSE TO ROG 15**: "Intervenor objects as vague, and to the extent any potentially relevant, responsive and proportional information is privileged and/or work product (including the common-interest privilege).  Besides the pleadings and exhibits already filed in this action, Intervenor terminated its contractual relationship with Plaintiff Eclipse in 2014, leaving any such documents/things in the possession of Plaintiff Eclipse; therefore, any such documents, if any, may be in the possession of Plaintiff Eclipse, but not Intervenor.  Nonetheless, Intervenor has explained its relationship, as an independent contractor, many times in the pleadings."  ROG Cirlin Decl. at Exh. C.

Intervenor's response is sufficient, but nonetheless, please refer to discussion in Intervenor's complaint. *See* ECF No. 58 at 7."  ROG Oppo. at 13.  Defendants reply that Intervenor acknowledges that his responses were deficient by offering "additional though very limited and equivocal information in his Opposition" and that "a full and complete verified answer is required."  Reply at 5-6.

Defendants' motion to compel further responses to ROG No. 15 is **GRANTED**.  <u>See</u> <u>Mancini</u>, 2009 WL 1765295, at *2 (finding that Plaintiffs' "attempt to respond to Interrogatory Numbers 2, 3, 12, and 22 by reference to expert reports and depositions also does not comport with Rule 33(d)"); <u>see also</u> <u>Lawman</u>, 159 F. Supp. 3d at 1140 ("[a]n answer to an interrogatory must be responsive to the question. It should be complete in itself and should not refer to the pleadings, or to depositions or other documents" and that "[i]ncorporation by reference is not a responsive answer.") (quoting <u>Scaife</u>, 191 F.R.D. at 594).

///

---

[23] The corresponding ROG for Toys "R" Us is No. 10.  ROG MTC at 28, n14.

## SANCTIONS

Defendants request that the Court sanction Intervenor[24] in the amount of $1,192.50 as Intervenor "has unreasonably forced Defendants to file the instant motion and incur the costs to bring this matter before the Court based largely upon baseless and unwarranted 'relevance' objections." RFA MTC at 18. Defendants also seek an award of $1,755.00 in sanctions because Plaintiff's objections to the ROGs are not substantially justified. ROG MTC at 30.

> Intervenor responds that
> Sanctions are inappropriate under the circumstances here. Frist, Defendants failed to follow this Court's meet and confer requirement. Second, Defendants' requests are mostly irrelevant based on the pleadings, mis-directed to Intervenor rather than Eclipse, and not proportional to the needs of the case. Third, Intervenor has, herein, clarified its responses and in some instances, admitted or denied within the limits of its information available.

RFA Oppo. at 9; see also ROG Oppo. at 13.

If a motion to compel discovery is granted, or if the disclosure or requested discovery is provided after the motion was filed, Rule 37(a)(5)(A) requires a court to order the "party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless the movant failed to meet and confer, the objection was substantially justified, or other circumstances militate against awarding expenses. If the motion is granted in part and denied in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

Defendants' request for sanctions is **DENIED**. While Intervenor attempted to supplement many of his responses in his opposition, which supports sanctions, it is not clear that Defendants made appropriate efforts to meet and confer with Intervenor and the motions were granted in part and denied in part.

///

---

[24] Defendants' motion says Eclipse, as opposed to Intervenor as does defense counsel's declaration. RFA MTC at 30; see also RFA Cirlin Decl. at 3, RFA MTC at 18 and RFA Cirlin Decl. at 3. However, the Court will assume that these are typographical errors as the pleadings they are contained in refer to Intervenor.

## CONCLUSION

1. Intervenor's request to strike Defendants' motions is **DENIED**.

2. Defendants' motion to compel further response to RFAs 7-18, 21, 23, 24, and 28, is **GRANTED**.

3. Defendants' motion to compel further response to RFA 35 is **DENIED.**

4. Defendants' motion to compel further response to ROGs 1-4, 6, 7, 9, and 10-15, is **GRANTED.**

5. Defendants' motion to compel further response to ROG 5 is **GRANTED IN PART**.

6. Defendants' motion to compel further response to ROG 8 is **DENIED.**

7. Defendants request that to "the extent the Court orders Lobbin to further respond to any [interrogatory or] request for admission of Kmart Corporation . . . . the order apply equally to the comparable [interrogatories and] requests for admission propounded by Defendants Toys "R" Us, Inc. as well" is **GRANTED**.

8. All supplemental responses must be served on or before **July 14, 2017**.

9. Defendants' request for sanctions is **DENIED**.

**IT IS SO ORDERED**.

Dated: 6/29/2017

Hon. Barbara L. Major
United States Magistrate Judge

15cv1411-JLS (BLM)