UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

THE ECLIPSE GROUP LLP,

Plaintiff,

v.

TARGET CORPORATION, et al,

Defendants.

Case No.: 15cv1411-JLS (BLM)

**ORDER DENYING INTERVENOR'S EX PARTE MOTION FOR RECONSIDERATION OF SANCTIONS**

**[ECF No. 138]**

Currently before the Court is Intervenor's June 29, 2017 "*EX PARTE* MOTION FOR RECONSIDERATION OF SANCTIONS" [ECF No. 138 ("Mot.")], Defendants' July 1, 2017 opposition to the motion [ECF No. 139 ("Oppo.")], Intervenor's July 2, 2017 reply [ECF No. 140 ("Reply")], and Defendants' July 5, 2017 supplemental opposition to the motion [ECF No. 142 ("Supp. Oppo.")].[1]  For the reasons set forth below, Intervenor's motion is **DENIED**.

## PROCEDURAL BACKGROUND

On May 12, 2017, the Court issued an "ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO COMPEL DEPOSITIONS AND FOR SANCTIONS."  ECF No. 127.  Defendants sought an order from the Court compelling Intervenor to appear for his deposition and to pay $2,992.50 in sanctions to Defendants. ECF No. 97-1 at 17.  The Court

---

[1] Plaintiff does not oppose this motion.  Mot. at 2, n1.

1

found that

> Defendants properly and timely served the notice for Intervenor's deposition. While Defendants should have contacted Intervenor to coordinate the scheduling of Intervenor's deposition, Defendants repeatedly advised Intervenor that they were willing to reschedule his deposition to a convenient date. Intervenor, on the other hand, refused to work with Defendants to find a new date. This behavior is unacceptable. It only would have taken Intervenor a few minutes to look at his calendar and send defense counsel a list of dates he was available to be deposed, on the condition that defense counsel obtain court approval for the deposition to occur after the close of discovery. Intervenor's refusal to coordinate with defense counsel and his insistence that Defendants file the instant motion to compel warrants the imposition of sanctions.

ECF No. 127 at 8-9.

On June 1, 2017, the parties filed a "JOINT MOTION TO EXTEND DEADLINES FROM COURT'S RECENT ORDERS." ECF No. 131. The parties sought in part, to continue the June 2, 2017 deadline for Intervenor to reimburse defense counsel in the amount of $2,992.50 by thirty days, and the June 9, 2017 deadline for Intervenor to file a declaration verifying the payment by thirty days. Id. at 1-2. The Court granted the parties' motion on June 2, 2017 and ordered Intervenor to pay his sanctions on or before July 3, 2017. ECF No. 132.

On June 29, 2017, Intervenor filed the instant motion. Mot.

On July 5, 2017, Intervenor filed a Declaration stating that on "July 3, 2017, [he] mailed a personal check in the amount of $2,992.50 to defense counsel's office address" in accordance with the Court's orders. ECF No. 141. at 1-2. On the same day, Defendants filed a SUPPLEMENTAL OPPOSITION TO INTERVENOR'S *EX PARTE* MOTION FOR RECONSIDERATION OF SANCTIONS. Supp. Oppo.

## **LEGAL STANDARD**

Pursuant to Local Rule 7.1(i)(1), a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part . . . ." S.D. Cal. Civ.L.R. 7.1(i)(1). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." Id. Local Rule 7.1(i)(2) permits motions for reconsideration within "twenty-eight (28) days after the entry of the ruling,

order or judgment sought to be reconsidered." Additionally, pursuant to Federal Rule of Civil Procedure 59(e), a party must file a "motion to alter or amend a judgment . . . no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

## PARTIES' POSITIONS

Intervenor requests that the Court "reconsider the propriety of the factual basis for the Court's recent sanctions award" and amend or rescind the award because the premise of the Court's rationale does not justify sanctions, at least in the amount assessed. Mot. at 2. Intervenor argues that motion practice regarding his deposition could not have been avoided regardless of what he did or did not do and that it would have been premature of Intervenor to agree to a new deposition date until Defendants secured permission from the Court to take his deposition after the close of discovery. Id. Intervenor also argues that the sanctions are unfair because Defendants have committed "many un-sanctioned violations of clear, unequivocal rules of court" and not been sanctioned. Id. at 6.

Defendants object to Intervenor's motion because it is untimely and fails to include an affidavit or certified statement disclosing any new or different facts supporting the motion. Oppo. at 2. Defendants further object that Intervenor has not presented any basis for *ex parte* relief and that Intervenor could have filed a duly noticed motion. Id. at 3. Defendants contend that the Court properly awarded sanctions. Id. at 3-4. Finally, Defendants object to Intervenor's "repeated and false statements that Defendants have violated the Court['s] Order." Supp. Oppo. at 3.

Intervenor replies that he "delayed requesting reconsideration because until a few days ago, discovery motions requesting additional sanctions were still pending, and the sanctions at issue are due for payment on July 3, 2017" and that "nothing Intervenor did (or failed to do) actually 'impeded, delayed, or frustrated the fair examination of the deponent' as the Court initially concluded." Id. at 1-2.

///

///

///

15cv1411-JLS (BLM)

## ANALYSIS

As an initial matter, Intervenor's motion is untimely. The order sanctioning Intervenor was issued on May 12, 2017. ECF No. 127. Intervenor was required to file his motion for reconsideration within twenty-eight days after the order for sanctions was entered. S.D. Cal. Civ.L.R. 7.1(i)(2). Twenty-eight days from May 12, 2017 is June 9, 2017. Intervenor filed the instant motion on June 29, 2017, twenty days after his deadline had passed. Mot. Intervenor's footnote stating that he "delayed requesting reconsideration because until a few days ago, discovery motions requesting additional sanctions were still pending, and the sanctions at issue are due for payment on July 3, 2017" does not excuse his lack of compliance with the twenty-eight day requirement for filing motions for reconsideration. Reply at 1, n1. At the parties' request, the Court extended Intervenor's deadline to pay the Court-ordered sanctions from June 2, 2017 to July 3, 2017. ECF No. 132. Nowhere in the June 1, 2017 motion did Intervenor raise the issue of a motion for reconsideration of the sanctions or anything similar. ECF No. 131.

Second, Intervenor has completely failed to provide any "new or different facts and circumstances . . . which did not exist, or were not shown, upon such prior application." S.D. Cal. Civ.L.R. 7.1(i)(1). Instead, Intervenor merely attempts to reargue his belief as to why he should not be sanctioned. That is not an appropriate basis for reconsideration.

Finally, Intervenor's motion was improperly filed as an *ex parte* motion. Intervenor argues that "[t]he emergency necessitating *ex parte* consideration is that the last of a series of related discovery orders issued today, and the sanctions at issue are due for payment in five days, on July 3, 2017." Mot. at 2, n2. This argument is not a justification for filing an *ex parte* motion instead of contacting the Court for a hearing date so that a properly noticed motion could be filed. Intervenor chose to wait until well past the deadline to file his motion for reconsideration which in no way was dependent upon the then pending discovery motions. Additionally, Intervenor has been aware of the requirement to pay sanctions since May 12, 2017. See ECF No. 127. The fact that Intervenor took it upon himself to wait until four days before his payment was due to file a motion for reconsideration does not excuse the untimeliness of the motion or the fact that the motion should have been properly noticed and briefed.

4

Because Intervenor's motion for reconsideration is untimely, lacking in any new or different facts or circumstances, and was improperly filed, Intervenor's motion for reconsideration of sanctions is **DENIED**.

**IT IS SO ORDERED**.

Dated: 7/6/2017

Hon. Barbara L. Major
United States Magistrate Judge

15cv1411-JLS (BLM)