UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ECLIPSE GROUP LLP,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, et al,<br><br>Defendants. | Case No.: 15cv1411-JLS (BLM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART INTERVENOR'S MOTION TO COMPEL REIMBURSEMENT**<br><br>**[ECF No. 152]** |

Currently before the Court is Intervenor's October 2, 2017 "MOTION TO COMPEL REIMBURSEMENT OF EXPERTS UNDER RULE 26(b)(4)(E)(i)" [ECF No. 152 ("Mot.")], Defendants' October 16, 2017 opposition to the motion [ECF No. 156 ("Oppo.")], and Intervenor's October 23, 2017 reply [ECF No. 159 ("Reply")]. For the reasons set forth below, Intervenor's motion is **GRANTED IN PART AND DENIED IN PART**.

## RELEVANT DISCOVERY BACKGROUND

On March 2, 2017, Defendants noticed a percipient witness deposition for Intervenor (Mr. Lobbin). Mot. at 2; see also ECF No. 152-1, Declaration of Stephen M. Lobbin ("Lobbin Decl.") at Exh. A. On March 3, 2017, Intervenor designated himself as an expert witness along with Mr. Frederick S. Berretta. Id.; see also Lobbin Decl. at 3. On May 12, 2017, prior to Mr. Lobbin's deposition, Defendants served a new deposition notice for "Intervenor's Designated Expert Stephen M. Lobbin and Request for Production of Documents." Id.; see also Exh. C. On July 13,

2017, Defendants served an amended notice of deposition of Intervenor, Stephen M. Lobbin, "both as a non-retained expert and percipient witness." Lobbin Decl. at Exh. E.

Intervenor appeared for his deposition on August 31, 2017 and Mr. Berretta appeared for his deposition on September 19, 2017 with Mr. Lobbin as counsel. ECF No. 156-2, Declaration of Robert D. Goldberg ("Goldberg Decl.") at Exhs. B and C. When Mr. Berretta's deposition ended, Defendants' counsel gave him a check for $800 for his one hour of deposition testimony. Oppo. at 10. Mr. Berretta did not submit an invoice to Defendants for unreimbursed time or for travel time to the deposition. Oppo. at 10, 13.

On September 19, 2017, Intervenor emailed counsel for Defendants, Mr. Goldberg, and requested an additional $2,000.00 in reimbursement fees plus some amount to be determined after review of the transcript for Mr. Berretta and $9,100.00 for himself. Lobbin Decl. at Exh. G. The following day, Mr. Goldberg responded that Defendants did "not believe any further compensation is owed to Mr. Berretta" and that no money was owed to Mr. Lobbin because he was not asked to provide his expert opinion during his deposition and, instead, only testified as to his knowledge as a percipient witness. Id. Mr. Lobbin responded that he would accept $3,000.00 for Mr. Berretta, $5,000.00 for himself, or a reasonable counteroffer. Id.

## PARTIES' POSITIONS

Intervenor seeks an order from the Court requiring Defendants to reimburse himself and Mr. Berretta in the amounts of $8800 and $3200 respectively for their expert depositions including time for preparation, travel, and transcript review. Id. at 7. Alternatively, Intervenor requests that the court at least award $5000 and $3,000 respectively. Id. Finally, Intervenor requests that the Court require Defendants to pay reasonable expenses of $4900 incurred in preparing the instant motion. Id. at 8.

In support, Intervenor argues that Defendants are "refusing to comply with well-settled law on travel time, deposition time, and transcript review time." Id. at 4. Intervenor admits that courts in the Ninth Circuit are divided on whether or not preparation time should be reimbursed under Federal Rule of Civil Procedure 26(b)(4)(E)(I), but argues that "all time reasonably spent preparing for the deposition [should be] reimbursable." Id. at 5-6. Intervenor

notes that the requested fees are reasonable and that he proposed a reduced fee to Defendants in order to avoid the instant motion, but Defendants failed to respond. Id. at 3, 7.

Defendants contend that Intervenor "is not entitled to any expert fees as he did not testify at his deposition regarding any expert opinion that he intended to offer at trial." Oppo. at 4. Defendants additionally contend that Mr. Berretta was paid for his time and never invoiced Defendants for any additional time. Id. Defendants state that Intervenor was noticed to be deposed as a percipient witness on August 31, 2017 at 9:30 a.m. and as an expert witness on August 31, 2017 at 1:30 p.m. Id. at 7. Defendants argue that after deposing Intervenor as a percipient witness, it became clear that any expert opinions of his would either duplicate those of Mr. Berretta or were "extraneous given his testimony as a percipient witness." Id. at 4. Accordingly, Defendants contend that Intervenor's expert deposition never took place. Id. at 7. Defendants further contend that contrary to Intervenor's claims, Intervenor did not respond to the document requests set forth in the notice for the expert witness deposition and that any review of the documents undertaken by Intervenor "was commensurate with the documents [Intervenor] had prepared himself, or reviewed as litigation counsel." Id. Defendants request that the Court award them the $2,000 incurred in opposing the instant motion. Id. at 14.

Intervenor replies that he submitted a declaration substantiating the time that he and Mr. Berretta spent traveling to and preparing for the depositions. Reply at 3. Intervenor also replies that the portions of Mr. Berretta's deposition testimony cited to by Defendants are out of context and that Defendants' position that Intervenor's deposition was not an expert deposition is unreasonable. Id. Intervenor claims that the deposition was not bifurcated and that the deposition involved several questions that drew upon his expertise. Id. at 3-4. Intervenor notes that he "made good faith attempts to amicably and reasonably resolve the issue without resorting to court intervention." Id. at 4. Intervenor spent an additional three hours amounting to $2100 in preparing his reply. ECF No. 159-1, Declaration of Stephen M. Lobbin in Support of Motion ("Lobbin Reply Decl.") at 2.

///

///

## LEGAL STANDARD

Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26(b)(4)(E) states that

> [u]nless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D); and (ii) for discovery under (D), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions.

Fed. R. Civ. P 26(b)(4)(A) states that a "party may depose any person who has been identified as an expert whose opinions may be presented at trial."

## DISCUSSION

1. <u>Mr. Berretta's Deposition</u>

The parties agree that Mr. Berretta has thus far been paid $800.00 for his expert witness deposition. Mot. at 3; <u>see</u> <u>also</u> Oppo. at 10. In support of his request for an additional $3200 in fees for Mr. Berretta, Intervenor argues that (1) Mr. Berretta's hourly rate (which Defendants did not object to) is $800, (2) on September 18, 2017, Mr. Berretta spent two hours in Intervenor's office preparing for the deposition, (3) Mr. Berretta spent one hour traveling to and from the deposition, and (4) Mr. Berretta will spend at least one hour reviewing his deposition transcript and providing clarifications or corrections. Mot. at 4. Defendants contend that (1) Mr. Berretta has never submitted an invoice for unreimbursed time, (2) they are not required to pay for deposition preparation time, (3) Mr. Berretta has not requested to be reimbursed for travel time, and (4) Intervenor's request that Mr. Berretta be paid for time spent reviewing the deposition transcript is premature and unsupported. Oppo. at 10-15.

    A. <u>Mr. Berretta's Preparation Time</u>

With respect to whether an expert's deposition preparation fees must be paid by the deposing party, the courts have generally taken one of four positions. First, some courts have held that the deposing party must pay the expert's fees for time reasonably spent preparing for the deposition. Second, some courts have held that the deposing party must pay the expert's fees for time reasonably spent preparing

4

for the deposition, except for the time the expert spent consulting with the retaining party's counsel. Third, at least one court has held that the deposing party is not required to pay any fees for the time the expert spent preparing for the deposition. And fourth, some courts have held that the deposing party is required to pay the expert's fees for time reasonably spent preparing for the deposition only in complex cases or in extenuating circumstances.

Stevens v. CoreLogic, Inc., 2016 WL 8729928, at *2 (S.D. Cal. May 6, 2016)(internal citations omitted); see also Eastman v. Allstate Ins. Co., 2016 WL 795881, at *4 (S.D. Cal. Feb. 29, 2016) (same). "There is no Ninth Circuit authority on point and no consensus among district courts within this circuit." Eastman, 2016 WL 795881, at *4.

The Court agrees with the cases holding that the deposing party should only be responsible for reasonable expert deposition preparation fees in complex cases or in extenuating circumstances. As other courts in this district have noted, there are a number of concerns that support a finding that the deposing party is not always required to pay for the preparation of an opponent's expert including that (1) the deposing party has no control over how much time an expert will spend preparing for a deposition, (2) preparing an expert for deposition may include work undertaken only for the benefit of the retaining party, (3) there is often overlap between deposition and trial preparation, and (4) judges are not in an ideal position to determine if an expert's preparation time is reasonable.). See Stevens, 2016 WL 8729928, at *3-4; see also Eastman, 2016 WL 795881, at *5-6 (same). The Court finds that these concerns are present in the instant case and holds that requiring a deposing party to pay for an expert's deposition preparation time is the exception and not the rule and is only required in complex cases or other extenuating circumstances. See Stevens, 2016 WL 8729928, at *4 ("this Court holds that requiring a deposing party to pay for an expert's deposition preparation fees should not be the rule but the exception, and this exception should apply only in complex cases or in other extenuating circumstances") (citing Eastman, 2016 WL 795881, at *6 ("The Court therefore holds that fee-shifting for expert preparation is the exception, not the rule, and is only required in extenuating circumstances.")).

The Court finds that this case is not particularly complex and there are no extenuating

circumstances that justify requiring Defendants to pay for Mr. Berretta's deposition preparation. Mr. Berretta was designated as Intervenor's expert on March 3, 2017 and Defendants noticed his deposition in May 2017. Mot. at 2; <u>see also</u> Lobbin Decl. at Exh. B. The notice was amended on July 13, 2017 and Mr. Berretta's deposition took place on September 19, 2017. Mot. at 2-3; <u>see also</u> Lobbin Decl. at Exh. F. Mr. Berretta's deposition lasted for approximately one hour and when asked if he prepared for the deposition, he testified "Not much. I looked at my report. I just looked over my report basically."[1] Mot. at 3; <u>see also</u> Goldberg Decl. at Exh. C at 61. When asked if he brought any documents in response to the documents requests, Mr. Berretta testified "I have not brought any documents. My understanding was that Mr. Lobbin, the attorney, was handling this and did whatever was required with respect to this production and request." <u>Id.</u> at 57. <u>See</u> <u>Stevens</u>, 2016 WL 8729928, at *4 (stating that had defendants not previously agreed to pay for expert's preparation time, the court was inclined to find that there were no extenuating circumstances where expert's deposition was timely noticed and held, expert was deposed for less than eight hours, and the documents the expert reviewed in preparation for the deposition were not exceptionally voluminous); <u>see also</u> <u>Eastman</u>, 2016 WL 795881, at *6 (finding no extenuating circumstances where the gap in time between the expert's last involvement with the case and the deposition was not especially great and where despite there being voluminous records, the experts should have had a good sense of what the key documents and issues were) and <u>3M Co. v. Kanbar</u>, 2007 WL 2972921, at *3 (N.D. Cal. Oct. 10, 2007) (denying plaintiff's motion to recover the costs of the expert's deposition preparation time and noting that "[t]his case does not appear to be especially complex. The deposition of 3M's expert took a modest two and a half hours. There are no extenuating circumstances."). While Intervenor notes that five months elapsed between Mr. Berretta preparing his expert report and his deposition, the Court does not find that this is sufficient to create extenuating circumstances requiring Defendants to pay for Mr. Berretta's preparation. Moreover, the scope of Mr. Berretta's expertise

---

[1] Defendants state that Mr. Berretta's report was "less than 14 pages in length, double spaced (without considering the attachments)." Oppo. at 11.

is limited and does not include complex issues, the instant litigation is not complex, Mr. Berretta did very little to prepare for his deposition, and the deposition lasted only one hour. Accordingly, Intervenor's request that Mr. Berretta be reimbursed $1600 for the two hours spent preparing for his deposition is **DENIED**.

### B. Mr. Berretta's Travel Time

Intervenor seeks an additional $800 in fees for Mr. Berretta for the one hour that he spent traveling to and from his deposition. Mot. at 4; see also Reply at 2. Defendants contend that Mr. Berretta has never requested that he be compensated for his travel time and he has not submitted an invoice for his travel time. Oppo. at 13. Defendants note that Intervenor has not submitted a declaration from Mr. Berretta regarding his travel time or specified the amount of travel time at issue. Id. Accordingly, Defendants contend that they "were not required to accept [Intervenor's] vague characterization of Berretta's travel time or that Berretta was even asking for any reimbursement for his travel time, when [Intervenor] demanded payment." Id.

"Time an expert spent traveling to and from the deposition generally is regarded as an expense that should be shifted to the deposing party." Rock River Commc'ns, Inc. v. Universal Music Grp., 276 F.R.D. 633, 637 (C.D. Cal. 2011) (citing Frederick v. Columbia University, 212 F.R.D. 176, 177–178 (S.D.N.Y.2003); Haarhuis v. Kunnan Enterprises, Ltd., 223 B.R. 252, 258 (D.D.C.1998) aff'd, 177 F.3d 1007 (D.C.Cir.1999); and Magee v. Paul Revere Life Ins. Co., 172 F.R.D. 627, 646 (E.D.N.Y.1997).

In his reply, Intervenor provided further details regarding Mr. Berretta's travel to and from the deposition, stating that Mr. Berretta traveled to and from the deposition with Intervenor from Del Mar, California to downtown San Diego. Reply at 2; see also Lobbin Reply Decl. at 1-2. While Defendants have not provided any legal support establishing that Mr. Berretta is required to submit an invoice for his travel time, the Court finds it appropriate to require him to do so in this case. If Mr. Berretta seeks reimbursement for his travel time, he must submit an invoice to Defendants by **December 6, 2017**. If the invoice is consistent with or less than the representations made by Intervenor, Defendants must pay the invoiced fee.

///

7

15cv1411-JLS (BLM)

### C. Mr. Berretta's Transcript Review Time

Intervenor states that Mr. Berretta spent "nearly an hour" reviewing and correcting the transcript from his deposition and seeks $800 in additional compensation from Defendants. Reply at 3; see also Lobbin Reply Decl. at 2. Defendants contend that an hour is an unreasonable amount of time to spend reviewing a thirty-three page deposition transcript. Oppo. at 14.

"Several district courts have held that deposition transcript review and correction do not qualify as 'time spent in responding to discovery.'" Stevens, 2016 WL 8729928, at *5 (citing Rock River Commc'ns, 276 F.R.D. at 635–36 and Patterson Farm, Inc. v. City of Britton, 22 F. Supp. 2d 1085, 1096 (D.S.D. 1998)); but see Ross-Hime Designs, Inc. v. United States, 124 Fed. Cl. 69, 76–77 (2015) ("preparing an errata sheet should be part and parcel of an expert's time spent responding to discovery under Rule 26(b)(4)(E)(i), and a reasonable fee related to reviewing the deposition for transcription errors is reimbursable.")[2] and Underhill Investment Corp. v. Fixed Income Discount Advisory Co., 540 F.Supp.2d 528, 539 (D. Del. 2008). As the court in Patterson Farm, Inc., explained:

> [I]f the party seeking the deposition were always required to pay for the time spent by the deponent reviewing and making changes to the deposition transcript, expert witnesses would be encouraged to review the transcript in every deposition regardless of the necessity of such an action.... If such costs were borne by the expert witness or by the party who retained him or her, the decision to request the review would be made with greater consideration rather than simply as an act to force the party seeking the deposition to pay additional expenses.

Patterson Farm, Inc., 22 F.Supp.2d at 1096; see also Rock River Commc'ns, 276 F.R.D. at 635–36 (stating that the finding in Patterson is wise and noting that "[a]lthough a deponent has the

---

[2] The Court in Stevens agreed with the finding in Ross-Hime Designs and granted in part plaintiff's motion to compel defendant to pay the expert's deposition review fees, but found that the expert's six hour review of 217 page transcript for the 6.25 hour deposition to be unreasonable and instead, found a reasonable amount of time to be 1.5 hours. Stevens, 2016 WL 8729928, at *6.

right to review and correct the transcript of his or her deposition testimony, see Fed. R. Civ. P. 30(e)(1), he or she is not obliged to do so, even if the deposing party requests it.").

Intervenor's request that Mr. Berretta be reimbursed $800 for the one hour he spent reviewing and correcting his deposition transcript is **DENIED**.

2. Mr. Lobbin's Deposition

Mr. Lobbin seeks $8800 in expert fees in this case in which he is the Intervenor, and in which he designated himself as a non-retained expert on essentially the same issues he raises as the Intervenor. Not surprisingly, Mr. Lobbin does not provide any legal authority supporting expert fees in such a situation. With respect to the expert testimony he actually provided during his deposition as opposed to his percipient witness testimony, Mr. Lobbin provides broad general statements, but no specific examples. For example, Mr. Lobbin stated

> Defendants indeed asked many questions calling for expert testimony, in the form of Mr. Lobbin's opinions on many subjects within his expertise and within his planned trial testimony supporting each of Intervenor's claims, and rebutting each of Defendants' defenses.

Mot. at 4 n.2. This does not identify any actual expert testimony given by Mr. Lobbin or provide any detail on the "many subjects within his expertise." Id. Additionally, Mr. Lobbin declared that his

> deposition testimony includes numerous expert opinions, which were elicited in the questioning of Defendants' counsel. For example, I was asked "Do you have any expert opinions?" and about my opinions as to a lawyer's duties in representing litigation clients.

Lobbin Decl. at 3. This statement does not shed any light on whether the opinions he offered were in response to questions about his duties in representing the parties at issue in the instant matter or were truly directed at his "expert" knowledge.

In his expert designations, Mr. Lobbin described the subject matter of his expertise as "the reasonable value of the extraordinary results achieved by Intervenor on behalf of clients Target and Kmart," but does not explain how that knowledge comes from his expertise as opposed to his percipient witness knowledge. Lobbin Decl. at Exh. B (Intervenor's Expert Designations). Finally, in his reply, Mr. Lobbin

9

acknowledges the overlap with percipient testimony, and does not contend that
every deposition question was directed specifically to eliciting expert testimony,
[but also contends that] certainly the deposition covered many opinions drawing
on Mr. Lobbin's expertise.

Reply at 4. Again, Mr. Lobbin fails to highlight any actual expert testimony he provided and simply assures that Court that he provided "many opinions drawing on [his] expertise." Id.

The Court has reviewed the transcript from Intervenor's deposition and agrees with Defendants that Intervenor's testimony covered his percipient witness knowledge and did not delve into his expert opinion. Although Intervenor asserts in his motion that his testimony "included numerous expert opinions which were elicited in the questioning of Defendants' counsel," the example provided by Intervenor consisted only of the question asked by defense counsel: "Do you have any expert opinions?" Mot. at 2-3. The Court finds it very telling that Intervenor does not list or cite to the specific opinions he testified to, but rather identifies only the question he was asked. The Court's review of the deposition transcript shows that the identified question was asked near the end of Intervenor's deposition and no testimony based on Intervenor's expertise was provided after the question was asked.[3] See Goldberg Decl. at Exh. B at 47-48. Intervenor has not identified, and the Court has not found, expert opinions provided by Mr. Lobbin during his deposition that are not part of his percipient witness testimony.

---

[3] The identified questions and responses are:

    Q. Do you have any expert opinions that have not been expressed in the report and declaration of exhibit witness Frederick S. Beretta?

    A. Well, those are his opinions, not mine. So I'm -- I was designated because I have expertise on the matters that bear on this case, which, if appropriate at trial, I'll offer. But --

    Q. All my question is: Do you have any opinions that differ from Mr. Beretta's?

    A. Oh, that differ? Okay. Well I suppose I have additional opinions on the –issues that Mr. Beretta doesn't address, such as how you run client engagements, how you --as an experienced attorney, how you handle communications with clients; how do you run a case-- when you have, you know, one client paying the bill, the other client being the represented party, you know, how do you-- you know, what-- what expertise is involved in patent litigation; how often does patent litigation resolve favorably on summary judgment, any number of things; which are the –the ethical rules required, all that stuff would be subject matters that, at trial, I may offer opinions on.

Goldberg Decl. at Exh. B at 47-48.

As such, and given the lack of legal and factual authority, the Court finds no basis to require Defendants to pay Mr. Lobbin expert fees for his deposition testimony.

Even if Intervenor's deposition had covered topics drawing upon Intervenor's expertise, the Court would have denied Intervenor's request to be reimbursed for four hours of deposition preparation. As stated above, the Court does not find this case to be particularly complex and there are no extenuating circumstances justifying requiring Defendants to pay for expert preparation in this matter. In addition, while Intervenor argues that "he spent at least four hours preparing for the anticipated expert deposition testimony, including reviewing and responding to the 15 document requests, each of which related to matters concerning relevant expertise," the pleadings show that Intervenor had no responsive documents for at least half of the requests and that many of the other requests only required basic responses that did not demand much time or effort from Intervenor other than a review of the pleadings and discovery in the matter (which he presumably did before or would have done for purposes of the litigation regardless of any expert deposition). Mot. at 2; see also Goldberg Decl. at Exh A.[4]

---

[4] Intervenor's responses to the document requests included:
    1-My CV and publications are available on my firm's website and via google, and I have no prior expert witness testimony.
    2-The documents I have reviewed within the scope of my expert designation are limited to the pleadings filed and the discovery served in this action.
    3-Besides the materials identified *supra*, none.
    4-Besides the materials identified *supra*, none.
    5-Besides the materials identified *supra*, none.
    6-None.
    7-Besides the materials identified *supra*, none.
    8-Besides the materials identified *supra*, none.
    9-None at this time, but will be provided in supplemental disclosure.
    10-Besides the materials identified *supra*, none.
    11-None.
    12-None.
    13-None.
    14-None.
    15-Besides the materials identified *supra*, none.
Goldberg Decl. at Exh. A.

The Court also would have denied the request for forty-five minutes of travel time to the deposition as Intervenor also was traveling for his percipient witness deposition and did not incur an additional expense because of the expert deposition. Finally, for the reasons the Court has explained above in regards to Mr. Berretta, the Court also would have denied Intervenor's request to be compensated for the two hours he spent reviewing and correcting his deposition transcript.

## **SANCTIONS**

Intervenor requests the Defendants be ordered to pay $7,000 for the costs he incurred in making the instant motion. Intervenor declares that he spent seven hours preparing the instant motion and three hours preparing the reply which amounts to $4,900 and $2,100 respectively. Lobbin Decl. at 4; see also Lobbin Reply Decl. at 2. Defendants request that Intervenor be ordered to pay them $2,000 for the costs they incurred in opposing the motion.

If a motion to compel discovery is granted in part and denied in part, Federal Rule of Civil Procedure 37(a)(5)(C) permits a court to "after giving an opportunity to be heard, apportion the reasonable expenses for the motion."

The parties' requests for fees incurred in briefing and opposing the motion are **DENIED.** The Court finds that sanctions are inappropriate given the unusual facts and limited legal authority.

## **CONCLUSION**

Intervenor's request that Mr. Berretta be reimbursed $1600 for the two hours spent preparing for his deposition is **DENIED**.

If Mr. Berretta seeks reimbursement for his travel time, he must submit an invoice to Defendants by **December 6, 2017**. If the invoice is consistent with or less than the representations made by Intervenor, Defendants are **ORDERED** to pay the invoiced fee on or before **December 20, 2017**.

Intervenor's request that Mr. Berretta be reimbursed $800 in expert fees for the one hour he spent reviewing and correcting his deposition transcript is **DENIED**.

Intervenor's request that he be paid $8,800 is **DENIED**.

Intervenor's request that Defendants be sanctioned in the amount of $7,000 is **DENIED**. Defendants' request that Intervenor be sanctioned in the amount of $2,000 is **DENIED**.

**IT IS SO ORDERED**.

Dated: 11/29/2017

Hon. Barbara L. Major
United States Magistrate Judge