1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11   THE ECLIPSE GROUP LLP, a California    Case No.:  15-CV-1411-JLS (BLM)
     limited-liability partnership,
12
                                            **ORDER DENYING WITHOUT**
13                             Plaintiff,    **PREJUDICE JOINT MOTION TO**
                                            **APPROVE SETTLEMENT**
14   v.
                                            (ECF No. 206)
15   TARGET CORPORATION, et al.,

16                             Defendants.

17

18         Presently before the Court is the Parties' Joint Ex Parte Application to Approve

19   Settlement and Enter Final Judgment to Enforce Settlement, ("MTN," ECF No. 206).

20   Plaintiff The Eclipse Group LLP, Defendants Target Corporation and Kmart Corporation,

21   and Intervenor Stephen Lobbin, have settled this matter.  The Parties request the Court

22   approve and enforce the settlement.

23         In December 2016, unrelated third party Burkhalter, Kessler, Clements & George

24   LLP ("BKCG") filed a Notice of Lien and Abstract of Judgment in this matter pursuant to

25   California Code of Civil Procedure § 708.410.  (ECF No. 69.)  Under California Code of

26   Civil Procedure § 708.440(a):

27                [U]nless the judgment creditor's money judgment is first satisfied
                  or the lien is released, the judgment recovered in the action or
28

                                           1

special proceeding in favor of the judgment debtor may not be enforced by a writ or otherwise, and no compromise, dismissal, settlement, or satisfaction of the pending action or special proceeding or the judgment procured therein may be entered into by or on behalf of the judgment debtor, without the written consent of the judgment creditor or authorization by order of the court.

The statute also provides that the court may, "after a hearing," make such an order "that may include such terms and conditions as the court deems necessary." Cal. Civ. Proc. Code § 708.440(b). "The application for an order under this subdivision shall be made on noticed motion. The notice of motion shall be served on the judgment creditor. Service shall be made personally or by mail." *Id.*

Federal Rule of Civil Procedure 69 requires that, in federal court, procedures for execution of judgment "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Under California law, once proper notice of a judgment lien is made, "[u]nless the judgment lien is first satisfied, no settlement of the pending action may be entered into on behalf of the judgment debtor without the written consent of the judgment creditor or authorization by court order." *Waltrip v. Kimberlin*, 164 Cal. App. 4th 517, 530–31 (Ct. App. 2008) (citing § 708.440); *see also Grannan v. Alliant Law Grp., P.C.*, No. C10 02803 HRL, 2012 WL 216522, at *9 (N.D. Cal., Jan. 24, 2012) ("When the judgment debtor is entitled to money or property in the pending action, either the judgment creditor or some other party must move for the court to apply the debtor's interest in satisfaction of the lien."). "This rule was intended in part to prevent a judgment debtor from entering into collusive agreements/settlements in order to avoid the judgment creditor's lien. A court need not approve a settlement, and the settlement will be ineffective, if the court determines that there was collusion to evade a judgment lien." *Flores v. Jewels Mktg. & Agribusiness*, No. 1:07-CV-334 AWI DLB, 2010 WL 1486913, at *5 (E.D. Cal. Apr. 12, 2010) (citations omitted).

The Parties request the Court approve their settlement pursuant to California Code

15-CV-1411-JLS (BLM)

of Civil Procedure § 708.440 but have not followed the rules of the statute. The present motion is not a noticed motion, nor have the Parties requested a hearing date. Further, the Parties have indicated they served counsel of record of BKCG by electronic mail. (MTN 7.) There is no indication counsel was served personally or by mail, as is required by § 708.440(b). Finally, the Parties have not provided the Court with the settlement. They indicate the settlement is confidential but they can provide it to the Court for an in camera review. (MTN 2 n.1.) The Court cannot review the settlement for any evidence of collusion if it does not have the document to review. The Parties may file the document under seal to protect the confidentiality. For these reasons, the Court **DENIES WITHOUT PREJUDICE** the Ex Parte Motion.

　　　**IT IS SO ORDERED.**

Dated: August 7, 2018

Hon. Janis L. Sammartino
United States District Judge