# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ECLIPSE GROUP LLP, a California limited-liability partnership,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, et al.,<br><br>Defendant. | Case No.: 15-CV-1411 JLS (BLM)<br><br>**ORDER: (1) GRANTING PLAINTIFF'S MOTION TO APPROVE SETTLEMENT, (2) DISMISSING ACTION WITH PREJUDICE, AND (3) DENYING AS MOOT INTERVENOR'S MOTION FOR RECONSIDERATION**<br><br>(ECF Nos. 198, 208) |

Presently before the Court is Plaintiff The Eclipse Group LLP's ("Eclipse") Motion to Approve Settlement and Enter Final Judgment to Enforce Settlement ("Mot.," ECF No. 208). Also before the Court is Burkhalter Kessler Clement and George LLP's ("BKCG") Opposition to ("Opp'n," ECF No. 214), Plaintiff's Reply in Support of ("Reply," ECF No. 215), and the Supplemental Declaration of Jennifer H. Hamilton in Support of ("Supp. Hamilton Decl.," ECF No. 222) the Motion.[1] The Court heard oral argument on September 27, 2018. ECF No. 227. After considering the Parties' arguments and the law,

---

[1] Although the Court authorized BKCG to file a sur-reply to address the Settlement Agreement and the additional documents the Court ordered Plaintiff to file, *see* ECF No. 217 at 2, BKCG filed no additional papers.

1

the Court **GRANTS** Plaintiff's Motion.

**BACKGROUND**

Eclipse was a law firm having its principal place of business at 6345 Balboa Boulevard, Encino, California 91316. ECF No. 1 ("Compl.") ¶ 4; ECF No. 50 ("FAC") ¶ 4. Eclipse was owned by four equity partners, each having a 25% interest in the firm: Edward O'Connor, Jennifer Hamilton, Francisco Rubio, and Greg Gulliver. Declaration of Jennifer H. Hamilton in Support of Reply ("Hamilton Reply Decl."), ECF No. 215-1, ¶ 3. Among the attorneys employed by Eclipse were Paul Kosacz and Jan Sundberg. *See* Declaration of Eric J. Hardeman ("Hardeman Decl.") Ex. 3, ECF No. 214-4. Eclipse began "wind[ing] down" in December 2014, and the attorneys at Eclipse ceased practicing law on behalf of Eclipse beginning January 1, 2015. Hardeman Decl. Ex. 1, ECF No. 214-2 at 32:6–20, 94:10–13.

Prior to winding down its business, Eclipse obtained a secured line of credit with Wells Fargo Bank, N.A. ("Wells Fargo") on June 15, 2009. Declaration of Jennifer Hamilton ("Hamilton Decl.") ¶ 8. The line of credit was secured by Eclipse's "other rights to payment of every kind now existing or at any time hereafter arising." Hamilton Decl. Ex. A, ECF No. 208-3. Wells Fargo filed a UCC Financing Statement with the California Secretary of State on June 24, 2009, *id.*, and a continuation on February 5, 2014. Hamilton Ex. B, ECF No. 208-4. These filings are effective until June 24, 2019. Hamilton Decl. ¶ 9. As of September 11, 2018, Eclipse owes $122,553.80 to Wells Fargo. Supp. Hamilton Decl. ¶ 10 & Ex. D.

In return for a personal loan, Eclipse also granted Liza Buchter a security interest in Eclipse's receivables. *Id.* ¶ 11. Ms. Buchter filed a UCC Financing Statement on May 19, 2014, Hamilton Decl. Ex. C, ECF No. 208-5, which is effective until May 19, 2019. Hamilton Decl. ¶ 11. As of September 13, 2018, Eclipse owes Ms. Buchter $36,612.00. Supp. Hamilton Decl. ¶ 13 & Ex. G.

Mr. Rubio withdrew from Eclipse on December 31, 2014, Hamilton Reply Decl. ¶ 4, and started another firm, Apogee Law Group ("Apogee"), with Mr. Gulliver in January

2015.  *Id.* ¶ 6.  They took with them several non-equity partners of Eclipse, including Robert Hart, Jeff Wilk, and Anna Vradenburgh.  *Id.*  Beginning on February 1, 2015, Apogee leased the space at BKCG's office that formerly had been sublet by Eclipse from November 1, 2012 through January 30, 2015.  *Id.* ¶¶ 7–9.

On June 26, 2015, Eclipse filed a complaint against Target Corporation ("Target"); Amazon.com, Inc.; Toys "R" Us, Inc.; Kmart Corporation ("Kmart"); Menard, Inc. ("Menard"); and Fingerhut Direct Marketing, Inc. ("Fingerhut") for breach of quasi-contract, quantum meruit, and unjust enrichment.[2]  *See generally* Compl.  Eclipse filed the operative First Amended Complaint, dropping Menard and Fingerhut as defendants, on June 2, 2016.  ECF No. 50.

Since the inception of this suit, Eclipse has been represented by Avyno Law, P.C. ("Avyno").  *See generally* Compl.  Ms. Hamilton formed Avyno in January 2015, after withdrawing from Eclipse.  Hardeman Decl. Ex. 3; Hamilton Reply Decl. ¶ 10.  Avyno is wholly owned by Ms. Hamilton.  Hamilton Reply Decl. ¶ 10.  Avyno has maintained a contract attorney relationship with three of Eclipse's former attorneys:  Mr. Kosacz, Mr. O'Connor, and Mr. Sundberg.  Hardeman Decl. Ex. 3; Hamilton Reply Decl. ¶ 11.  Avyno's principal place of business is located at Eclipse's former "Main Office" at 6345 Balboa Boulevard, Encino, California  91316.  Hardeman Decl. Ex. 4, ECF No. 214-5.

On February 3, 2016, Eclipse and Avyno executed an engagement agreement concerning this action, pursuant to which Avyno is entitled to forty-five percent of any recovery.  Hamilton Decl. Ex. D, ECF No. 208-6 § 2.  The agreement expressly grants Avyno "a lien on any and all claims that are the subject of [Avyno]'s representation under this Agreement."  *Id.* § 5.  As of September 13, 2018, Avyno has incurred $32,333.03 in costs and $189,739.50 in attorneys' fees representing Eclipse in this litigation, totaling $222,072.53.  Supp. Hamilton Decl. ¶ 16 & Ex. I.

---

[2] Eclipse voluntarily dismissed Amazon.com, Inc. on December 21, 2015, ECF No. 26, and Toys "R" Us, Inc. on October 5, 2017.  ECF No. 153.

Stephen Michael Lobbin first moved to intervene in this case on February 25, 2016, ECF No. 38, and again on June 1, 2016. ECF No. 49. After the Court granted Mr. Lobbin permissive intervention, ECF No. 57, Mr. Lobbin filed an intervenor complaint against Defendants Target and Kmart for breach of quasi-contract and quantum meruit. ECF No. 58 ("IC"). Mr. Lobbin noted in his Intervenor Complaint that "[Eclipse]'s counsel, Avyno . . . , is owned and managed by the same individual who has owned and managed [Eclipse] for many years." *Id.* ¶ 4.

On December 8, 2016, BKCG filed a Notice of Judgment Lien for a $38,085.38 judgment in *BKCG v. Eclipse*, No. 30-2015-00780494-CU-BC-CJC (Cal. Super. Ct., entered June 29, 2016). ECF No. 69. The underlying breach of contract/warranty case concerning back rent was filed April 1, 2015, and summarily adjudicated on June 29, 2016. *See* Case Summary, *available at* https://ocapps.occourts.org/CourtIndex/case_details_civil.jsp?cn=30-2015-00780494-CU-BC-CJC&pi=#ocDetailsA.[3]

On August 1, 2018, Eclipse and Mr. Lobbin entered into a putative settlement agreement with Target and Kmart. *See generally* ECF No. 212. Under the terms of the settlement agreement, Target and Kmart agreed to pay a collective sum of $425,000, with $232,918.92 being paid to Eclipse and $192,081.08 to Mr. Lobbin, in exchange for full releases and after "extinguishment of the Judgment Lien . . . by the filing or compliant service by the lien holder of a written lien release thereof, final Order of the Court in the Litigation . . . [,] or written consent of BKCG approving the settlement." *Id.* at 2–3.

On August 2, 2018, Eclipse filed an *ex parte* motion to approve the settlement agreement. *See generally* ECF No. 206. The Court denied without prejudice the *ex parte*

---

[3] The Court can *sua sponte* take judicial notice of the underlying *BKCG v. Eclipse* case. *See, e.g.*, *Martinez v. Allstar Fin. Servs., Inc.*, No. CV1404661MMMMRWX, 2014 WL 12597333, at *1 (C.D. Cal. Oct. 9, 2014) (citing *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (holding that it is appropriate to take judicial notice of court filings and other matters of public record such as pleadings in related litigation); *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) (holding that courts may take judicial notice of the docket in related cases as materials from a proceeding in another tribunal are appropriate for judicial notice)).

motion on August 7, 2018, *see generally* ECF No. 207, noting that the parties had not complied with California Civil Procedure Code section 708.440 or provided the Court with a copy of the settlement. *See id.* at 2–3. The Court therefore requested that the parties file the settlement agreement and file a noticed motion. *Id.* at 3.

The instant Motion, which BKCG opposes, *see generally* ECF No. 214, followed on August 9, 2018. *See generally* ECF No. 208.

## LEGAL STANDARD

Federal Rule of Civil Procedure 69 requires that, in federal court, procedures for execution of judgment "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Under California law, "[o]nce proper notice of a judgment lien is made, '[u]nless the judgment lien is first satisfied, no settlement of the pending action may be entered into on behalf of the judgment debtor without the written consent of the judgment creditor or authorization by court order.'" *Flores v. Jewels Mktg. & Agribusiness*, No. 1:07-CV-334 AWIDLB, 2010 WL 1486913, at *5 (E.D. Cal. Apr. 13, 2010) (quoting *Waltrip v. Kimberlin*, 164 Cal. App. 4th 517, 530–31 (2008) (citing Cal. Civ. Pro. Code § 708.440)) (citing Cal. Civ. Pro. Code § 708.440(a); *Roseburg Loggers, Inc. v. U.S. Plywood-Champion Papers, Inc.,* 14 Cal. 3d 742, 746 n.4 (1975); *Oldham v. Cal. Capital Fund, Inc.*, 109 Cal. App. 4th 421, 429 (2003); *In re Marriage of Katz,* 234 Cal. App. 3d 1711, 1719 (1991)). "This rule was intended in part to prevent a judgment debtor from entering into collusive agreements/settlements in order to avoid the judgment creditor's lien." *Flores*, 2010 WL 1486913, at *5 (citing *Casa Eva I Homeowners Ass'n v. ANI Const. & Tile, Inc.*, 134 Cal. App. 4th 771, 783–84, *as modified* (Dec. 5, 2005) ("*Casa Eva I*"); *Oldham*, 109 Cal. App. 4th at 430–31; *Marriage of Katz*, 234 Cal. App. 3d at 1719; *Atiya v. Di Bartolo*, 63 Cal. App. 3d 121, 126 (1976)). "The judgment lien statutes are strictly construed and followed, and conduct that does not conform to those statutes is ineffective." *Flores*, 2010 WL 1486913, at *5 (citing *Casa Eva I*, 134 Cal. App. 4th at 778–79). "A court need not approve a settlement, and the settlement will be ineffective, if the court determines that there was

collusion to evade a judgment lien." *Flores*, 2010 WL 1486913, at *5 (citing *Oldham*, 109 Cal. App. 4th at 431–32; *Abatti v. Eldridge*, 112 Cal. App. 3d 411, 415 (1980)).

A court also has "discretion, after a hearing, [to] make an order . . . that may include such terms and conditions as the court deems necessary." Cal. Civ. Pro. Code § 708.440(b). This provision was added to the statute in 1982 "to prevent, for example, the judgment creditor from forcing the judgment debtor to proceed with the action when the court concludes that it is in the best interests of the parties to settle." *Id.* Law Revision Comm'n Comments (citing *Abatti*, 112 Cal. App. 3d 411). A court's discretion, however, "is limited by the fact that it is an abuse of discretion for a trial court to make an order that deprives any party of the legal rights to which it is entitled in terms of the priority of its lien, in the absence of appropriate equitable considerations." *Casa Eva I*, 134 Cal. App. 4th at 778 (quoting *Pangborn Plumbing Corp. v. Carruthers & Skiffington*, 97 Cal. App. 4th 1039, 1049 (2002)). "Once the superior court knows *if the judgment debtor or an entity closely connected to the judgment debtor is getting a settlement slice beyond the reach of the judgment creditor's lien,* the court can then determine if equitable considerations justify the evasion of the lien, if terms and conditions should be imposed upon the settlement, or if approval of the settlement should be withheld." *Casa Eva I*, 134 Cal. App. 4th at 778 (quoting *Oldham*, 109 Cal. App. 4th at 432 (emphasis in original).

## ANALYSIS

Because BKCG is a judgment debtor, Eclipse, Mr. Lobbin, Target, and Walmart cannot enter into a settlement without BKCG's written consent or authorization of this Court. *See* Cal. Civ. Pro. Code § 708.440(a). Having failed to obtain the written consent of BKCG, Eclipse has filed the instant Motion seeking the Court's approval of the settlement agreement. *See generally* ECF No. 208. BKCG does not challenge the priority or amounts of the liens held by Wells Fargo and Ms. Buchter. *See generally* Opp'n. These two liens account for $159,165.80 of the $232,918.92 to be paid to Eclipse under the settlement agreement.

///

The dispute therefore concerns the fate of the remaining $73,753.12.[4] Eclipse contends that the entirety should go to Avyno, which is entitled to forty-five percent of Eclipse's settlement proceeds, or $104,813.51, which is less than the $222,072.53 in costs and fees it has incurred representing Eclipse in this litigation. *See* Mot. at 3–4. BKCG, on the other hand, contends that its $38,085.38 lien should be granted priority over Avyno's attorney lien, which amounts to improper collusion because Avyno is merely a continuation of Eclipse. *See* Opp'n at 2–5. BKCG would therefore have the Court order that BKCG's judgment lien be given priority over Avyno's attorney's lien, *see id.* at 5, leaving only $35,667.74 for Avyno.

"The general rule, all things being equal, is that liens have priority among themselves according to the date of their creation." *Pangborn Plumbing Corp.*, 97 Cal. App. 4th at 1049–50 (citing Cal. Civ. Code, § 2897; *Cetenko v. United Cal. Bank*, 30 Cal. 3d 528, 531 (1982); *Bluxome Street Assocs. v. Fireman's Fund Ins. Co.*, 206 Cal. App. 3d 1149, 1157–58 (1988)). "However, this rule only applies when 'all other things are equal.'" *Pangborn Plumbing Corp.*, 97 Cal. App. 4th at 1050 (quoting Cal. Civ. Code, § 2897). "Under certain circumstances, priority may *not* be based upon which lien was *created* first, but may depend upon which lienholder first gave notice to the person in possession of property subject to competing lien claims." *Id.* (emphasis in original).

"While the priority of certain kinds of *statutory* liens, for example, judgment liens, is dependent on the timing of the giving of proper notice . . . , *no* notice is required before a *contractual* lien for attorney's fees is valid and protected against a levy by a judgment creditor." *Id.* at 1050–51 (emphasis in original) (citing *Cetenko*, 30 Cal. 3d at 533; *Bluxome Street Assocs.*, 206 Cal. App. 3d at 1158). "Of course, if an attorney does not enter into an agreement for a contractual lien upon any litigation proceeds until *after* the action has been

---

[4] BKCG also raises procedural objections to the Motion, arguing that it was not properly served with the Motion and that Eclipse neglected entirely to serve the settlement agreement on BKCG. Opp'n at 2. The Court finds that any prejudice suffered by BKCG has been rectified by the Court's September 10, 2018 Order requiring Eclipse to serve BKCG with the settlement agreement and any additional materials filed under seal and granting BKCG the opportunity to file a sur-reply to address those materials.

filed, and *after* a judgment creditor has given notice pursuant to sections 708.410 and 708.420, the judgment creditor's lien will have priority." *Id.* at 1051 (emphasis in original) (citing *Del Conte Masonry Co.*, 16 Cal. App. 3d 678, 681 (1971)). "However, when the provider of a service, such as a doctor or lawyer, has entered into a contract for a lien on any recovery his or her efforts may secure, then equity and public policy requires such lien to have priority." *Id.* at 1052 (citing *Cetenko*, 30 Cal. 3d at 535–36; *Nicoletti v. Lizzoli*, 124 Cal. App. 3d 361, 368 (1981)).

Here, Eclipse and Avyno entered into an engagement agreement on February 3, 2016. *See* Hamilton Decl. Ex. D. BKCG filed its Notice of Judgment Lien over ten months later, on December 8, 2016. *See* ECF No. 69. It is undisputed that Avyno's liens predates BKCG's.

BKCG argues, however, that Avyno's lien was collusive and that "Eclipse is required to demonstrate to the Court's satisfaction that there was [not] collusion to evade BCKG's judgment lien." *See* Opp'n at 3 (citing ECF No. 207 at 2 (quoting *Flores*, 2010 WL 1486913, at *5)). This is not the law. BKCG reads into *Flores* a requirement that cannot be found in the statute or case law: Section 708.440 does not exist to allow a judgment creditor blindly to play the collusion card, thereby shifting to the proponents of the settlement—and the Court—the burden of proving that the settlement is not collusive. Rather, the judgment lienholder may object (as BKCG did here) and, if the objecting lienholder comes forward with credible allegations supporting a plausible inference of collusion, the Court is required to assuage itself that the settlement has not been formulated so as to evade the lien.

BKCG points here to the fact that Ms. Hamilton was the prior managing partner of Eclipse, which ceased practicing law in December 2014, is now the sole equity partner of Avyno, which opened its doors in January 2015 before Eclipse wound down its business. Yes, Ms. Hamilton owned a 25% stake in Eclipse, and yes, Ms. Hamilton has a 100% stake in Avyno. But the fact that Ms. Hamilton continued to lease the same office space after opening a new law practice does not suffice to show that Eclipse hired Avyno in February

8

2016 to evade the lien filed by BKCG ten months later. Here, two of the other former equity partners of Eclipse—Mr. Gulliver and Mr. O'Connor—engaged Avyno to represent Eclipse in this matter. *See* Hamilton Decl. Ex. D at 5. By that time, Mr. Gulliver had already left Eclipse to form Apogee, a competing law practice. *See* Hamilton Decl. ¶ 6. That Mr. Gulliver signed the engagement agreement on behalf of Eclipse weighs against any intimation of collusion, as does the ten-month gap between Eclipse's engagement of Avyno and BKCG's filing of the notice of judgment lien. Even if BKCG had already filed its motion for summary judgment in the underlying *BKCG v. Eclipse* matter, as BKCG asserted for the first time at the hearing on this matter, BKCG did not prevail on its motion until June 29, 2016, several months after the engagement letter was signed. The Court therefore finds there was no basis for collusion in February 2016, when the engagement letter was signed, given the hypothetical nature of BKCG's recovery at that time. Given that conclusion, the Court finds no basis to stray from the general rule of first in time, first in right.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's Motion (ECF No. 208). Accordingly, the settlement agreement between the remaining parties to this action is **HEREBY APPROVED** pursuant to California Code of Civil Procedure section 708.440, notwithstanding The Eclipse Group LLP's inability to satisfy the judgment lien filed by Burkhalter, Kessler, Clements & George in the amount of $38,085.38 per the Notice of Lien and Abstract of Judgment filed with the Court on December 8, 2016 (ECF No. 69). The parties are **HEREBY OBLIGATED** to comply with the terms of the Settlement Agreement (ECF No. 212).[5] Intervenor Stephen Michael Lobbin's Motion for Reconsideration (ECF No. 198) is **DENIED AS MOOT** and this case is **DISMISSED WITH PREJUDICE**, with the Court retaining jurisdiction over this case only for purposes

---

[5] Although Mr. Lobbin requested at the hearing that the Court address the payment deadlines contained in the Settlement Agreement in its Order, the Court declines to do so.

of enforcing the terms of the Settlement Agreement between the Parties.  The Clerk of the Court **SHALL CLOSE** the file.

    **IT IS SO ORDERED.**

Dated:  September 28, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge