1
2
3
4
5
6
7
8     UNITED STATES DISTRICT COURT
9     SOUTHERN DISTRICT OF CALIFORNIA
10
11  THE ECLIPSE GROUP LLP, a California      Case No.:  15-CV-1411 JLS (BLM)
    limited-liability partnership,
12                                           **ORDER GRANTING IN PART AND**
                              Plaintiff,     **DENYING IN PART DEFENDANT**
13                                           **TARGET CORPORATION'S**
    v.                                       **SUPPLEMENTAL MOTION FOR**
14                                           **ATTORNEY'S FEES**
    TARGET CORPORATION, et al.,
15                                           (ECF No. 260)
                              Defendants.
16
17

18          Presently before the Court is the Supplemental Brief on Reasonableness of
19  Attorney's Fees ("Supp. Br.," ECF No. 260) filed by Defendant Target Corporation
20  ("Target") in response to the Court's June 23, 2020 Order Granting in Part and Denying in
21  Part Target's Motion for Attorney's Fees, ECF No. 257, as well as Intervenor Stephen M.
22  Lobbin's Opposition ("Opp'n," ECF No. 261).   Plaintiff The Eclipse Group LLP
23  ("Eclipse") did not file an opposition.  The Court concludes that this matter is suitable for
24  resolution on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1).
25  Having carefully considered the Parties' arguments, the evidence, and the law, the Court
26  **GRANTS IN PART AND DENIES IN PART** Target's supplemental motion and
27  **AWARDS** Target attorney's fees in the amount of $66,563.10 and a capped expert fee of
28  $5,000, for a total amount of $71,563.10.

1

**BACKGROUND**

The Court incorporates by reference the factual background as detailed in the Court's May 21, 2019, *see* ECF No. 240 at 2–3; February 10, 2020, *see* ECF 248 at 1–3; and June 23, 2020 Orders, *see* ECF No. 257 at 2–3; however, to recap, briefly:

On September 28, 2018, the Court approved pursuant to California Code of Civil Procedure § 708.440 a settlement agreement (the "Settlement Agreement," ECF No. 212) executed by Eclipse, Intervenor, and Defendants Target and Kmart Corporation on August 1, 2018. *See generally* ECF No. 228. In relevant part, the Settlement Agreement provided that Target and Kmart "will each pay a portion of the Settlement Payment." Settlement Agreement § 3; ECF No. 248 at 2. Although Target timely paid $155,279.28 to Eclipse and $128,054.05 to Intervenor, *see* ECF No. 236 at 6, Kmart had already filed a Notice of Bankruptcy Filing and Imposition of Automatic Stay, *see* ECF No. 229, and therefore failed to pay the remaining $77,639.64 due to Eclipse or $64,027.46 due to Intervenor by the payment deadline. *See* ECF No. 230 at 4; ECF No. 234 at 5. Following Target's refusal to pay the remaining $141,667, Eclipse and Intervenor requested that the Court order Target to pay the amounts owing under the Settlement Agreement, plus interest and daily penalties. *See generally* ECF Nos. 230, 234.

On May 21, 2019, the Court denied Eclipse's and Intervenor's motions, concluding that "the plain language of [section 3 of the Settlement Agreement] does not impose joint and several liability on Target and Kmart" because they each agreed to pay a portion of a collective sum. *See* ECF No. 240 at 5. Further, "[t]o the extent that there is any ambiguity in the provision . . . , thereby allowing the Court to accept the Parties' extrinsic evidence . . . , that evidence bolsters the conclusion that the Parties did not intend for Target and Kmart to be jointly (or jointly and severally) liable for the $425,000 settlement payment." *Id.* at 5 (citing *Wolf v. Super. Ct.*, 114 Cal. App. 4th 1343, 1351 (2004)).

Following the Court's denial of Eclipse's and Intervenor's motions, Target filed a motion for attorneys' fees under the Settlement Agreement on June 3, 2019. *See* ECF No. 241. In relevant part, the Settlement Agreement provides:

15-CV-1411 JLS (BLM)

> The Parties agree that the prevailing Party or Parties in any action arising out of this Agreement shall be entitled to recover from the other Party or Parties to such action all costs and reasonable attorney's fees incurred in connection with such action.

Settlement Agreement § 19.

On June 10, 2019, Eclipse filed a motion for reconsideration of the Court's May 21, 2019 Order, *see generally* ECF No. 242, in which Intervenor joined on July 15, 2019. *See generally* ECF No. 246. The Court therefore denied without prejudice as moot Target's motion for attorneys' fees pending resolution of the motion for reconsideration. *See* ECF No. 244. On February 10, 2020, the Court denied Eclipse and Intervenor's motion for reconsideration. *See* ECF No. 248.

"Following entry of the February 10 Order, . . . Target proposed a walkaway compromise, in which Target would agree to forego [a r]enewed [m]otion [for attorneys' fees] and, in exchange, Plaintiff and Intervenor would both forego any appeal of the Court's February 10 Order, bringing this litigation to a close." ECF No. 249 at 3 (citing ECF No. 249-1 ¶ 4). Eclipse declined, *see id.*, and Intervenor's and Eclipse's appeal of the May 21, 2019 and February 10, 2020 Orders still is pending before the Ninth Circuit. *See* ECF No. 250.

On February 21, 2020, Target renewed its request for its "reasonable attorney's fees" pursuant to the Settlement Agreement. *See* ECF No. 249. The Court granted in part Target's motion in that Target had established that it was the prevailing party and, therefore, was entitled to an award of attorneys' fees; however, the Court denied without prejudice the motion as to the amount of fees to which Target is entitled. *See* ECF No. 257 at 6. The Court therefore ordered Target to file supplemental briefing and/or evidence to substantiate the amount and reasonableness of the fees it seeks. *See id.* On May 14, 2020, Target filed the instant supplemental briefing in support of its renewed motion for attorney's fees. *See generally* Supp. Br.

/ / /

/ / /

# ANALYSIS

Target seeks to recover $73,959.00 in attorneys' fees incurred in defending against Eclipse's and Intervenor's post-Settlement Agreement motion practice.  *See* Supp. Br. at 2.  In addition, Target requests a capped expert fee of $5,000 for expenses incurred in preparing and substantiating its Supplemental Brief.  *Id.* at 4.  Intervenor challenges Target's fee submission on the grounds that the amount sought is unreasonable for thirty-five pages of underlying briefing and "too top-heavy for the straightforward issues for presentation to this Court."  Opp'n at 4–5.  Based on these objections, Intervenor requests that the fees should be denied or, at the very least, reduced to a maximum of $25,000.  *See id.* at 5.

The Court calculates a reasonable fee award using a two-step process.  *See Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).  "First, the court must calculate the 'lodestar figure' by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate."  *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  "Second, the court must decide whether to enhance or reduce the lodestar figure based on an evaluation of the *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992) factors that are not already subsumed in the initial lodestar calculation."  *Fischer*, 214 F.3d at 1119 (citing *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000); *Morales v. City of San Rafael*, 96 F.3d 359, 363–64 (9th Cir. 1996)).

## I. Lodestar Method

"'The lodestar determination has emerged as the predominate element of the analysis' in determining a reasonable attorney's fee award."  *Morales*, 96 F.3d at 363 (quoting *Jordan v. Multnomah Cty.*, 815 F.2d 1258, 1262 (9th Cir. 1987)).  "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate."  *Id.* (citing *McGrath v. Cty. of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995)).

/ / /

### A.      Reasonableness of Target's Counsels' Hourly Rates

"[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).   "[T]he relevant community is the forum in which the district court sits." *Id.*  (citing *Barjon v. Dalton*, 132 F.2d 496, 500 (9th Cir. 1997)).   "[A]ffidavits of the plaintiffs' attorney[s] and other attorneys regarding prevailing fees in the community, and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." *Id.* at 980 (second and third alterations in original) (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990)).   The Court may also consider cases setting reasonable rates during the time period in which the fees in the present action were incurred, *see Camacho*, 523 F.3d 973, 981 (9th Cir. 2008) (citing *Bell v. Clackamas Cty.*, 341 F.3d 858, 869 (9th Cir. 2003)), which—in this case—is between 2018 and 2020.  *See* Supp. Br. at 4; *see also Bell*, 341 F.3d at 869 (holding that district court abused its discretion in applying "market rates in effect more than two years *before* the work was performed") (emphasis in original).   "Once the fee applicant has proffered such evidence, the opposing party must produce its own affidavits or other evidence to rebut the proposed rate." *Cortes v. Metro Life Ins. Co.*, 380 F. Supp. 2d 1125, 1129 (C.D. Cal. 2005) (citing *Phelps Dodge Corp.*, 896 F.2d at 407).

Here, Target's counsel seeks approval of the following hourly rates, which are themselves discounted from the attorneys' standard rates: $475 (November 2018 through January 2020) and $570 (February 2020 through present) for Matthew Caccamo, an of-counsel attorney 16 years of experience; $520 for Teresa Chow, a partner with 14 years of experience; and $550 (2018 through January 2020) and $700 (February 2020 through present) for John Letchinger, a partner with 29 years of experience.  Decl. of William Hensley in Support of Supp. Br. ("Hensley Decl.," ECF No. 260-2) ¶ 15.  Target

substantiates Mr. Letchinger's, Ms. Chow's, and Mr. Caccamo's extensive litigation experience, *see* Hensley Decl. Exs. 1–3, and introduces the declaration of William Hensley, a fee expert, who opines that Target's counsels' hourly rates are reasonable based on his familiarity with the San Diego market, publications, and prior orders issued by this Court and other judges in this District. *See generally* Hensley Decl. ¶¶ 17–21.

Intervenor opposes these hourly rates, specifically urging that Mr. Caccamo's rate of $570 per hour between February 2020 and present is "much too high for a junior attorney." Opp'n at 5. The evidence indicates, however, that Mr. Caccamo is no "junior attorney"; rather, he is an of-counsel attorney with sixteen years of legal experience. *See* Hensley Decl. ¶ 10(B) & Ex. 3.

Target asserts its counsels' hourly rates are "commensurate for federal litigation work by San Diego practitioners." Supp. Br. at 3 (quoting Hensley Decl. ¶ 15–19). Given the Court's own familiarity with the San Diego legal market and the substantiation offered by Target through the Hensley Declaration, the Court agrees. For example, Mr. Hensley references the TyMetrix 2017 Real Rate Report Snapchat, published by Wolters Kluwer/ELM Solutions, which indicates that "San Diego attorneys (usually partners) in the third quartile with 21-plus years of experience (more sophisticated litigation) billed $762.53/hour, while San Diego attorneys with less than 21 years of experience in the same quartile billed $695.31/hour (although the latter amount is decreased one experience level)." Hensley Decl. ¶ 19. Consistent with the TyMetrix report, Mr. Caccamo and Ms. Chow, who each have less than 21 years of experience, billed between $475 and $570 per hour, which is below the report's 2016 metric of $695 per hour. *See id.* Mr. Letchinger's hourly rates of $550 and $700 were also lower than the $762.53 for attorney's with more than 21 years of experience cited by TyMetrix. *See id.* Target's counsels' rates are all the more reasonable taking into account the annual inflation in billing rates since 2016. *See id.* ¶ 18.

Target also cites several of this Court's prior decisions approving rates similar to those Ms. Chow, Mr. Letchinger, and Mr. Caccamo seek here. *See* Hensley Decl. ¶ 20

(citing *Crossfit, Inc. v. Nat'l Strength & Conditioning Ass'n*, No. 14-CV-1191 JLS (KSC), 2019 WL 6527951, at *24 (S.D. Cal. Dec. 14, 2019); *LG Corp. v. Huang Xiaowen dba Top-Uushop*, No. 16-CV-1162 JLS (NLS), 2017 WL 3877741 at *2–3 (S.D. Cal. Sept. 5, 2017) (finding hourly rates of $850–890 for a lead attorney/partner, $695 for the average partner, and $370–488 for associates reasonable); *Martinez v. Berryhill*, No. 13-CV-272, 2017 WL 4700078, at *3 (S.D. Cal. Oct. 19, 2017) (finding a de facto hourly rate of $886.52 for a Social Security specialist with sixteen years' experience reasonable)). Mr. Hensley also identifies orders from other judges in this District finding reasonable rates similar to those Target seeks here.  *See* Hensley Decl. ¶ 21 (citing *Zest IP Holdings, LLC v. Implant Direct Mfg., LLC*, No. 10-CV-0541-GPC (WVG), 2014 WL 6851612, at *5–6 (S.D. Cal. Dec. 3, 2014) (Curiel, J.) (finding reasonable Mayer Brown's hourly rates between $170 to $895 for work in a patent matter); *San Diego Comic Convention v. Dan Farr Prods.*, Case No. 14-cv-1865-AJB-JMA (S.D. Cal. Aug. 23, 2018), ECF No. 541 (Battaglia, J.) (awarding attorneys with over 28 years of experience $675/hour to $760/hour and 16 years of experience $525/hour to $580/hour)).

Based on the evidence introduced by Target, the Court concludes that the hourly rates charged by Target's attorneys are reasonable in light of their experience and the prevailing market rates in this District for the relevant time period.

## B. *Reasonableness of the Hours Expended*

"The party seeking an award of fees should submit evidence supporting the hours worked." *Hensley*, 461 U.S. at 434.  "The district court . . . should exclude . . . hours that were not 'reasonably expended'" and "hours that are excessive, redundant, or otherwise unnecessary." *Id.*  "[T]he [opposing party] bears the burden of providing specific evidence to challenge the accuracy and reasonableness of the hours charged." *McGrath*, 67 F.3d at 255 (citing *Blum*, 465 U.S. at 892 n.5; *Gates v. Gomez*, 60 F.3d 525, 534–35 (9th Cir. 1995)).  "Overlitigation deemed excessive does not count towards the reasonable time component of a lodestar calculation," *Puccio v. Love*, No. 16-CV-02890 W (BGS), 2020 WL 434481, at *6 (S.D. Cal. Jan. 28, 2020) (citing *Tomovich v. Wolpoff & Abramson, LLP*,

No. 08cv1428-JM (BLM), 2009 WL 2447710, at *4–5 (S.D. Cal. Aug. 7, 2009)), although the Ninth Circuit has also instructed that, "[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

Here, Target seeks to recover fees for 144.8 hours billed, over the nine-month period between November 2018 and January 2020, in opposing four motions filed by Plaintiff and Intervenor and preparing its several requests for attorneys' fees. *See* Hensley Decl. ¶ 22; *see also* Decl. of John S. Letchinger in Support of Supp. Br. ("Letchinger Decl.," ECF No. 260-1) Ex. A. Target asserts it has properly excluded "invoice fees for Ninth Circuit appeal activities or for alter ego/veil piercing time, which total an additional 15.8 hours for $8,332.50." *Id.* at ¶ 16. Target also has provided the Court forty-one pages of redacted account statements for this matter detailing the billing entries for the hours claimed. *See generally* Letchinger Decl. Ex. A. The total on the invoices, exclusive of the Ninth Circuit and alter ego/piercing work, reflects 144.8 hours of work, totaling $73,959.00. *See id.*

Intervenor urges "the work Target's counsel expended, as reflected in its billing records, was much too top-heavy for the straightforward issues for presentation in this court" and was "entirely excessive." *See* Opp'n at 5. Intervenor further argues that Mr. Caccamo's "98.2 hour on this matter for a total of $55,974.00 [] is entirely excessive for the straightforward nature of these proceedings during that time," especially when compared to Intervenor's "only 41.3 hours on this matter during the same period . . . total[ing] $16,520 for equivalent work." *Id.* at 5. Intervenor therefore requests that "the Court award only a fair, reasonable amount which a local San Diego individual and family with small children could possibly pay–*i.e.*, at most, under $25,000." *Id.*

Intervenor has "offered no evidence to support either the reductions or its claim that the hours originally charged were unnecessary." *See McGrath*, 67 F.3d at 255. Instead, Intervenor offers a comparison to the amount of time he himself devoted to the underlying motions. *See* Opp'n at 5. Having reviewed Target's billing statements, the Court finds

them devoid of clerical and duplicative work.  *See generally* Letchinger Decl. Ex. A. Further, Mr. Hensley conducted a detailed, month-by-month audit of the invoices and concluded that the hours billed were reasonable.  *See* Hensley Decl. ¶¶ 22–24.  Target also has made "a good faith effort to exclude from [its] fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.  For all these reasons, the Court concludes that the hours expended by Target's counsel were reasonable and declines to deduct any hours from those billed by Mr. Caccamo or any of Target's other counsel.

Accordingly, the Court calculates the lodestar figure as follows:

| Attorney | Reasonable Rate | Reasonable Hours | Fee |
|---|---|---|---|
| Mr. Caccamo | $475 | 89.6 | $42,560.00 |
| | $570 | 8.6 | $4,902.00 |
| Ms. Chow | $520 | 3.1 | $1,612.00 |
| Mr. Letchinger | $550 | 37.1 | $20,405 |
| | $700 | 6.4 | $4,480 |
| **Total** | --- | 144.8 | **$73,959.00** |

## II. *Kerr* Factors

"[I]n appropriate cases, the district court may adjust the 'presumptively reasonable' lodestar figure based upon the factors listed in Kerr." *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993) (citing *D'Emmanuele v. Montgomery Ward & Co.*, 904 F.2d 1379, 1383 (9th Cir. 1990)*, overruled on other grounds by* <u>Dague</u>, 505 U.S. 557). The Kerr factors are:

> (1) the time and labor required[;] (2) the novelty and difficulty of the questions involved[;] (3) the skill requisite to perform the legal service properly[;] (4) the preclusion of other employment by the attorney due to acceptance of the case[;] (5) the customary fee[;] (6) whether the fee is fixed or contingent[;] (7) time limitations imposed by the client or the circumstances[;] (8) the amount involved and the results obtained[;] (9) the experience, reputation, and ability of the attorneys[;] (10) the 'undesirability'

of the case[;] (11) the nature and length of the professional relationship with the client[;] and (12) awards in similar cases.

526 F.2d at 70. "The lodestar amount presumably reflects the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation." *Intel Corp.*, 6 F.3d at 622 (citing *D'Emanuele*, 904 F.3d at 1383). While the court may rely on any of these factors to increase or decrease the lodestar figure, there is a "'strong presumption' that the lodestar is the reasonable fee." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir.2009) (quoting *City of Burlington*, 505 U.S. at 562); *accord Harman v. City & Cty. of San Francisco*, 158 Cal. App. 4th 407, 416 (2007).

Target does not seek any adjustment to counsels' fees based on the *Kerr* factors, *see generally* Supp. Br., and, although Intervenor filed an opposition, he failed explicitly to address the *Kerr* factors. *See generally* Opp'n. Nonetheless, Intervenor opposes the lodestar figure because "Target's effort for which it claims attorney's fees [was] to avoid paying Lobbin's remaining settlement amount of $64,027.03" and "awarding more than a small fraction of that would be unfair, unequitable, unjust." *Id.* at 4 n. 3. Intervenor further underscores that Target has "unlimited resources" while "Lobbin and this Court do not." *Id.* While trial courts are guided by equitable principles in determining a reasonable award, "it is inappropriate to consider the losing party's financial status as an equitable factor." *Walker v. Ticor Title Co. of Cal.*, 204 Cal. App. 4th 363, 373 (2012).

Nonetheless, the Court is persuaded by Intervenor's argument that "the contract interpretation issues briefed are familiar to any first-year associate." Opp'n at 4. Given the relative simplicity of the underlying contractual dispute in this case, the Court, in its discretion, reduces Target's requested fees by ten percent. *See Moreno*, 534 F.3d at 1112 ("The district court can impose a small reduction, no greater than 10 percent—a 'haircut'— based on its exercise of discretion and without a more specific explanation"); *see also Klein v. Gordon*, No. 8:17-cv-00123-AB (JPRx), 2019 WL 1751839, at *4 (C.D. Cal. Feb. 12, 2019) (exercising discretion to impose a ten percent "haircut" reduction for clerical work,

conferences calls, conversations amongst co-counsel, and preparation of submissions); *Rosenfeld v. U.S. Dep't of Justice*, 904 F. Supp. 2d 988, 1008 (N.D. Cal. 2012) (reducing the plaintiff's lodestar amount by ten percent after factoring in all of the other deductions); *Parkinson v. Hyundai Motor Am.*, 796 F. Supp. 2d 1160, 1173 (C.D. Cal. 2010) (reducing the plaintiff's final fees with a ten percent "haircut" to the lodestar amount taking into account the defendant's objections regarding excessive hours and rates).

Having considered the *Kerr* factors, the Court therefore concludes in its discretion that the lodestar amount of $73,959.00 should be reduced by ten percent to account for the relative simplicity of the underlying motion practice.  The Court therefore awards Target $66,563.10 for attorney's fees and the capped expert fee of $5,000 for the additional legal fees Target incurred in the preparation and submission of its Supplemental Brief.

## CONCLUSION

In light of the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Defendant Target's Supplemental Motion for Attorney's Fees (ECF No. 260).  Eclipse and Intervenor, jointly and severally, shall pay Target's fees in the amount of $71,563.10.

**IT IS SO ORDERED.**

Dated:  September 24, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

15-CV-1411 JLS (BLM)