1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ECLIPSE GROUP LLP, a California limited-liability partnership, Plaintiff, v. TARGET CORPORATION, et al., Defendants. | Case No.:  15-CV-1411 JLS (BLM) **ORDER DENYING INTERVENOR'S MOTION FOR RECONSIDERATION** (ECF No. 263) |

Presently before the Court is Intervenor Stephen M. Lobbin's Motion for Reconsideration ("Mot.," ECF No. 263).  Also before the Court are Defendant Target Corporation's ("Target") Opposition to Intervenor's Motion for Reconsideration ("Opp'n," ECF No. 265) and Intervenor's Reply re Motion for Reconsideration ("Reply," ECF No. 266).  Plaintiff The Eclipse Group LLP ("Eclipse") did not file any briefing on the Motion.  The Court vacated the hearing and took the Motion under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1).  *See* ECF No. 267.  Having carefully considered the Parties' arguments and the law, the Court **DENIES** Intervenor's Motion.

## BACKGROUND

The Parties and this Court are intimately familiar with the facts of this long-enduring matter, and accordingly the Court incorporates by reference the factual background as

1

detailed in the Court's May 21, 2019, *see* ECF No. 240 at 2–3; February 10, 2020, *see* ECF No. 248 at 1–3; June 23, 2020, *see* ECF No. 257 at 2–3; and September 24, 2020 Orders, *see* ECF No. 262 at 2–3; thus, the Court will set forth only those facts relevant to the present Motion.

On August 1, 2018, the Parties—including Intervenor—entered into a settlement agreement.  *See generally* ECF No. 212 (the "Settlement Agreement").  On June 3, 2019, Target filed a motion for attorneys' fees under the Settlement Agreement.  *See* ECF No. 241.  In relevant part, the Settlement Agreement provides:

> The Parties agree that the prevailing Party or Parties in any action arising out of this Agreement shall be entitled to recover from the other Party or Parties to such action all costs and reasonable attorney's fees incurred in connection with such action.

Settlement Agreement § 19.

On June 10, 2019, Eclipse filed a motion for reconsideration of the Court's May 21, 2019 Order, *see generally* ECF No. 242, in which Intervenor joined on July 15, 2019.  *See generally* ECF No. 246.  The Court therefore denied without prejudice as moot Target's motion for attorneys' fees pending resolution of the motion for reconsideration.  *See* ECF No. 244.  On February 10, 2020, the Court denied Eclipse and Intervenor's motion for reconsideration.  *See* ECF No. 248.

"Following entry of the February 10 Order, . . . Target proposed a walkaway compromise, in which Target would agree to forego [a r]enewed [m]otion [for attorneys' fees] and, in exchange, Plaintiff and Intervenor would both forego any appeal of the Court's February 10 Order, bringing this litigation to a close."  ECF No. 249 at 3 (citing ECF No. 249-1 ¶ 4).  Eclipse declined, *see id.*, and Intervenor and Eclipse appealed the May 21, 2019 and February 10, 2020 Orders.  *See* ECF No. 250.[1]

/ / /

---

[1] On March 9, 2021, the Ninth Circuit issued an order referring the case to mediation and holding the case in abeyance pending further order of the court.  *See* ECF No. 268.

On February 21, 2020, Target renewed its request for its "reasonable attorney's fees" pursuant to the Settlement Agreement. *See* ECF No. 249. The Court granted in part Target's motion in that Target had established that it was the prevailing party and, therefore, was entitled to an award of attorneys' fees; however, the Court denied without prejudice the motion as to the amount of fees to which Target is entitled. *See* ECF No. 257 at 6. The Court therefore ordered Target to file supplemental briefing and/or evidence to substantiate the amount and reasonableness of the fees it sought. *See id.* On May 14, 2020, Target filed supplemental briefing in support of its renewed motion for attorneys' fees. *See generally* ECF No. 260. Intervenor filed an opposition. *See* ECF No. 261.

On September 24, 2020, the Court granted in part and denied in part Target's fee motion, awarding a capped expert fee of $5,000 and $66,563.10 in attorneys' fees, for a total award of $71,563.10, to be paid jointly and severally by Eclipse and Intervenor. *See* ECF No. 262 at 1, 11. Intervenor subsequently filed the instant Motion. *See* ECF No. 263.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits a party to move a court to alter or amend its judgment. In the Southern District of California, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." Civ. L.R. 7.1(i)(1). The moving party must provide an affidavit setting forth, *inter alia*, "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.*

"A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks omitted) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)) (emphasis in original). "Clear error or manifest injustice occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Young v. Wolfe,* CV 07-03190 RSWL-AJWx, 2017 WL

2798497, at *5 (C.D. Cal. June 27, 2017) (quoting *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013)).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883). A party may not raise new arguments or present new evidence if it could have reasonably raised them earlier. *Kona Enters.*, 229 F.3d at 890 (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

## ANALYSIS

Intervenor argues that the Court erred in (1) permitting Target to file supplemental briefing providing the evidentiary substantiation for its requested fees, and (2) failing to consider Intervenor's financial means in assessing the amount of reasonable fees; accordingly, Intervenor asks the Court to reconsider and revise the fee award to "a fair, reasonable amount of fee-shifting which a local San Diego individual and family with small children could possibly afford—*i.e.*, at most, $25,000." *See generally* Mot.; *id.* at 7.

As to the first point, Intervenor argues that "[t]his Court cited no precedent for allowing supplementation, nor does the balance of applicable authority allow it," *id.* at 4 (citations omitted), and accordingly "this Court should have denied Target's procedurally-deficient motion requesting fees, without any leave to supplement the record," *id.* at 5 (footnote omitted). Target counters that Intervenor failed to make this argument in his opposition to Target's fee motion, and accordingly the argument is waived and not appropriately raised in a motion for reconsideration. Opp'n at 2 (citing *Stemple v. QC Holdings, Inc.*, No. 12-CV-01997-BAS WVG, 2015 WL 1344906, at *3 (S.D. Cal. Mar. 20, 2015); *Garcia v. Honeywell Int'l, Inc.*, No. 13CV2399 DMS (WVG), 2014 WL 12199982, at *1 (S.D. Cal. Feb. 11, 2014)). In the alternative, Target contends Intervenor's argument is wrong on the merits. *See id.* at 3.

The Court agrees with Target on both counts.  First and foremost, this argument was available to Intervenor at the time he opposed Target's supplemental briefing on fees, yet Intervenor failed to raise the argument at that time.  Accordingly, the argument is waived. *See, e.g.*, *CG Tech. Dev., LLC v. 888 Holdings PLC*, No. 216CV00856RCJVCF, 2017 WL 10259732, at *2 (D. Nev. Oct. 5, 2017) ("Because Plaintiffs failed to raise this issue earlier, Plaintiffs have waived this argument on reconsideration.").  But even were that not so, the Court does not find that this issue gives rise to "the definite and firm conviction that a mistake has been committed."  *Young,* 2017 WL 2798497, at *5 (citation and internal quotation marks omitted).  Federal Rule of Civil Procedure 54(d)(2)(C) explicitly states, with regard to attorneys' fees: "The court may decide issues of liability for fees before receiving submissions on the value of services."  Further, the Ninth Circuit has recognized, consistent with Target's position and the Court's September 24, 2020 Order, that, "under Rule 54, motions for attorney's fees must 'state the amount sought or provide a fair estimate of it,' . . . ; however, the fee motion need not 'be supported at the time of filing with the evidentiary material bearing on the fees.'"  *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 676 (9th Cir. 2017) (quoting Fed. R. Civ. P. 54(d)(2)(B)(iii); Fed. R. Civ. P. 54, 1993 Advisory Comm. Notes).  Accordingly, the Court finds that it was neither clearly erroneous nor manifestly unjust to permit Target to file supplemental briefing evidencing the amount of reasonable fees to which it was entitled, given that Target fairly estimated its fees in the original fee motion.

As to the second point, Intervenor argues that this Court erred in relying on *Walker v. Ticor Title Company of California*, 204 Cal. App. 4th 363 (2012), for the proposition that it would be improper to consider Intervenor's financial status in determining the amount of fees, as *Walker* "is not binding on this Court," applies a provision of California law rather than Federal Rule of Civil Procedure 54, is inconsistent with federal authorities, "is explicitly narrow," and "makes little sense" in drawing a distinction "between statutory and contractual fee-shifting."  Mot. at 6–7 (citations omitted).  Target argues that the Court properly relied on *Walker*, as Target's fee request is governed by the same California

statute, California Civil Code § 1717, at issue in *Walker*, given that the Settlement Agreement is governed by California law. *See* Opp'n at 4; *id.* at 4 n.2. Target further contends that the federal authorities cited by Intervenor, all of which involve fee requests pursuant to federal statutes, are inapposite. *See id.* at 4. Intervenor counters that "'[e]quitable considerations must prevail over both the bargaining power of the parties and the technical rules of contractual construction.'" Reply at 2 (quoting *C & C Props. v. Shell Pipeline Co.*, No. 1:14-CV-01889-DAD-JLT, 2019 WL 6341047, at *5 (E.D. Cal. Nov. 27, 2019) (citing *Hjelm v. Prometheus Real Estate Grp.*, 3 Cal. App. 5th 1155, 1168 (2016)).[2]

Again, the Court agrees with Target. This Court properly considered *Walker* in awarding fees, for the reasons set forth in the very authority Intervenor cites:

> "Rule 54 provides a federal procedural mechanism for moving for attorney's fees that are due under state law." Where, as here, a federal district court exercises jurisdiction over a state law claim, the law of the forum state regarding the award of attorneys' fees should generally be followed "so long as state law does not run counter to a valid federal statute or rule of court[.]"
>
> Awards of attorneys' fees in actions on a contract are governed by California Civil Code § 1717.

*C & C Props.*, 2019 WL 6341047, at *3 (citing *Cheffins v. Stewart*, 825 F.3d 588, 597 (9th Cir. 2016); *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1281 (9th Cir.

---

[2] In his Reply, Intervenor also raises the new argument that "it would be additionally unfair to include Intervenor in any fee-shifting award" because it "is undisputed" that "***Intervenor had no involvement in the parol discussions*** relied on by Target and this Court for the underlying interpretation of the Settlement Agreement." Reply at 2 (emphasis in original) (citing ECF No. 236-1). The Court declines to address an argument improperly raised for the first time on reply. *See Autotel v. Nev. Bell Tel. Co.*, 697 F.3d 846, 852 n.3 (9th Cir. 2012) ("'[A]rguments raised for the first time in a reply brief are waived.'") (alteration in original) (quoting *Turtle Island Restoration Network v. U.S. Dep't of Commerce*, 672 F.3d 1160, 1166 n.8 (9th Cir. 2012)); *United States v. Boyce*, 148 F. Supp. 2d 1069, 1085 (S.D. Cal. 2001), *amended* (Apr. 27, 2001) (collecting cases declining to consider arguments first raised in reply briefs and "noting that considering arguments raised for first time in reply brief deprives opposing party of adequate opportunity to respond") (citations omitted), *aff'd*, 36 F. App'x 612 (9th Cir. 2002).

1999)).  The language Intervenor cites from *C & C Properties* concerns only the general principle, embodied by section 1717, that a contract that provides for fee shifting to only one party should be construed to apply to both parties.

Even if *Walker* is not "binding" on the Court, absent a decision from the California Supreme Court addressing this issue, the Court finds *Walker*'s holding—which has been adopted by other federal district courts applying California law in assessing fee awards made pursuant to a contract—highly persuasive.  *See, e.g.*, *Lemberg v. San Francisco Opera Ass'n*, No. 17-CV-06641-MMC, 2020 WL 5291877, at *3 (N.D. Cal. Sept. 4, 2020) (refusing to consider financial circumstances in fee award in light of the "persuasive . . . reasoning" of *Walker*); *Tate v. Matteo*, No. 18-CV-03535-EDL, 2019 WL 7878592, at *3 (N.D. Cal. Aug. 9, 2019) (citing *Walker* for the proposition that "[f]inancial hardship is not a recognized consideration in a contract dispute" fee motion); *Venture Corp. v. Barrett*, No. 13-CV-03384-HRL, 2018 WL 1524080, at *4 (N.D. Cal. Mar. 28, 2018) (citing *Walker* for the principle that "a court may not consider the losing party's inability to pay when setting an award under § 1717"); *Omega v. Wells Fargo & Co.*, No. C-11-02621 EDL, 2012 WL 2249820, at *5 (N.D. Cal. June 15, 2012) (citing *Walker* in stating that "the losing party's financial condition should not be considered in connection with contractual attorneys fees").  Accordingly, the Court does not believe applying the clearest authority addressing this issue to the facts of this case was clear error or manifestly unjust.

## CONCLUSION

In light of the foregoing, the Court **DENIES** Intervenor's Motion (ECF No. 263).

**IT IS SO ORDERED.**

Dated:  April 5, 2021

Hon. Janis L. Sammartino
United States District Judge