Teresa C. Chow, Bar No. 237694
*tchow@bakerlaw.com*
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90025-0509
Telephone:  310.820.8800
Facsimile:  310.820.8859

John S. Letchinger (Admitted *Pro Hac Vice*)
*jletchinger@bakerlaw.com*
**BAKER & HOSTETLER LLP**
One North Wacker Drive
Suite 4500
Chicago, IL 60606
Telephone:  312.416.6200
Facsimile:  312.416.6201

*Attorneys for Defendant*
TARGET CORPORATION

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# IN THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ECLIPSE GROUP LLP, a California limited-liability partnership,<br><br>    Plaintiff,<br><br>    v.<br><br>TARGET CORPORATION, a Minnesota corporation, *et al.,*<br><br>    Defendants. | Case No.: 3:15-cv-01411-TWR-BLM<br><br>**OPPOSITION TO INTERVENOR'S MOTION TO VACATE ORDER OF DISMISSAL AND OTHER SUBSTANTIVE RULINGS [DKT. 274]**<br><br>Date:        March 2, 2022<br>Time: :      1:30pm<br>Ctrm:        3A<br><br>Action Filed:  June 26, 2015 |

# TABLE OF CONTENTS

**Page(s)**

INTRODUCTION ........................................................................................... 1

FACTUAL BACKGROUND ........................................................................... 2

    I.    Eclipse's and Lobbin's Claims In This Case ...................................... 2

    II.    The Settlement ................................................................................... 3

    III.    Kmart's Bankruptcy Filing and Target's Settlement Payment ............. 4

    IV.    The District Court's Denials of Eclipse's Post-Settlement Motions .... 4

    V.    The Ninth Circuit Appeal And Judge Sammartino's Recusal ............. 5

    VI.    Lobbin's Separate Lawsuit Against Target ......................................... 8

    VII.    Lobbin's Rule 60(b)(6) Motion ......................................................... 8

ARGUMENT .................................................................................................. 9

    I.    Lobbin Fails To Demonstrate That Judge Sammartino Violated Section 455 ..................................................................................... 10

        A.    Judge Sammartino Had No Knowledge of Her Relative's Financial Interest at the Time She Presided ............................. 10

        B.    No Reasonable Person Would Question Judge Sammartino's Impartiality .................................................................................. 12

    II.    Even If A § 455 Violation Occurred, Lobbin Cannot Meet His Burden Under Rule 60(b)(6) ........................................................... 14

        A.    Lobbin Cannot Seek Rule 60 Vacatur of Non-Final Orders .... 14

        B.    In Light Of the 9th Circuit's Review, There is No Basis to Vacate Judge Sammartino's Final Orders Under Rule 60 ....... 15

        C.    There Is No Indication of Bias or Prejudice in Judge Sammartino's Attorneys' Fee Orders ....................................... 19

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Clemens v. United States District Court*,
   428 F.3d 1175 (9th Cir. 2005) .................................................................. 12, 13

*Daniels v. Securitas Security Servs. USA, Inc.*,
   No. 18-265, 2019 WL 12372058 (S.D. Cal. July 23, 2019) ........................... 14

*Davis v. Xerox*,
   811 F.2d 1293 (9th Cir. 1987) .............................................................. 11, 12, 14

*Higganbotham v. Oklahoma ex rel. Oklahoma Tranps. Com'n*,
   328 F.3d 638 (10th Cir. 2003) ...................................................................... 16

*Liljeberg v. Health Servs. Acquisitions Corp.*,
   486 U.S. 847 (1988) ............................................................................... 10, 15

*Meas v. City and County of San Francisco*,
   681 F. Supp. 2d 1128 (N.D. Cal. 2010) ......................................................... 14

*Monica v. Williams*,
   No. 15-4857, 2017 U.S. Dist. LEXIS 83473 (N.D. Cal. May 31,
   2017) ................................................................................................................ 13

*Moore v. Intuitive Surgical, Inc.*,
   No. 15-56, 2019 WL 10784552 (M.D. Ga. Oct. 16, 2019) ............................. 11

*Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*,
   886 F.3d 803 (9th Cir. 2018) .......................................................................... 14

*Parker v. Connors Steel Co.*,
   855 F.2d 1510 (11th Cir. 1988) ....................................................................... 16

*Patterson v. Mobil Oil Corp.*,
   335 F.3d 476 (5th Cir. 2003) .......................................................................... 16

*Polaroid Corp. v. Eastman Kodak Co.*,
   867 F.2d 1415 (Fed. Cir. 1989) ...................................................................... 18

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

ii

*Roe v. White*,
   No. 03-4035, 2008 WL 1808497, at *4 (N.D. Cal. Apr. 22, 2008) .................. 18

*San Francisco Herring Ass'n v. Dep't of the Interior*,
   946 F.3d 564 (9th Cir. 2019) ........................................................................... 18

*Senqui v. Qualcomm Tech., Inc.*,
   No. 19-2034, 2021 WL 4806509 (S.D. Cal. Oct. 14, 2021) ............................. 15

*Sivak v. Hardison*,
   658 F.3d 898 (9th Cir. 2011) ........................................................................... 10

*Szanto v. Marina Marketplace 1, LLC*,
   No. 11-cv-394, 2014 U.S. Dist. LEXIS 146993 (D. Nev. Oct. 15,
   2014) ................................................................................................................. 13

*United States v. Alpine Land & Reservoir Co.*,
   984 F.2d 1047 (9th Cir. 1993) ......................................................................... 10

*United States v. Kellington*,
   217 F.3d 1084 (9th Cir. 2000) ......................................................................... 18

*United States v. Thrasher*,
   483 F.3d 977 (9th Cir. 2007) ........................................................................... 18

*Williamson v. Indiana Univ.*,
   345 F.3d 459 (7th Cir. 2003) ........................................................................... 16

**Statutes**

28 U.S.C. 1291 ........................................................................................................ 14

28 U.S.C. § 455 .................................................................................................. *passim*

28 U.S.C. § 455(a) ............................................................................................. *passim*

28 U.S.C. § 455(b)(4) ......................................................................... 9, 10, 11, 12

**Rules**

Fed. R. App. P. 41(a) ............................................................................................... 8

LR 7.1(j)(2) .............................................................................................................. 9

Rule 60 ............................................................................................................... *passim*

Baker & Hostetler llp
Attorneys at Law
Los Angeles

iii

Rule 60(b) ......................................................................................... 14

Rule 60(b)(6) ........................................................................... 8, 10, 14, 15

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

iv

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# INTRODUCTION

The parties settled this case in August 2018.  Several months later, a dispute arose over the payment provision in the parties' settlement agreement, specifically over what portion of the settlement amount the two defendants – Target Corporation ("**Target**") and Kmart Corporation ("**Kmart**") – were responsible for paying in the wake of Kmart's October 2018 bankruptcy filing.  Plaintiff The Eclipse Group LLP ("**Eclipse**") and Intervenor Stephen Lobbin ("**Lobbin**") moved to enforce the settlement agreement, asking the Court to order Target to pay the full settlement amount of $425,000.

Judge Sammartino denied those motions, finding that the settlement agreement did not make Target jointly liable for the full settlement amount.  Judge Sammartino subsequently also denied Eclipse's and Lobbin's motions for reconsideration. Eclipse appealed those denials to the Ninth Circuit; Lobbin did not.  The Ninth Circuit, after reviewing the issues, affirmed Judge Sammartino's rulings and remanded the case to this Court.  The Ninth Circuit also rejected Lobbin's attempts to participate in the appeal after failing to file a notice of appeal.

While the appeal was pending, Judge Sammartino disclosed a potential basis for recusal under 28 U.S.C. § 455 – namely that, unbeknownst to her, a family member owned stock in Target when the case was pending before her.  Neither Eclipse nor Lobbin raised this issue with the Ninth Circuit when they sought rehearing of their appeal.  Instead, Lobbin belatedly asked the District Court Clerk to transfer the case to a new judge and then, after transfer to the Honorable Todd W. Robinson, filed a motion to vacate Judge Sammartino's rulings, asking that the settlement be unwound and the case returned to its status in mid-2018.

Lobbin's motion is an improper use of both § 455 and Rule 60 to try to re-litigate – for the third time – arguments that have already been rejected by Judge Sammartino and the Ninth Circuit.  As explained below, Lobbin fails to meet any of his considerable burdens under § 455 and Rule 60.  He has not shown that Judge

1

Sammartino violated § 455.  To the contrary, Judge Sammartino was not aware of the family member's stock holding while the case was pending, and there can be no argument that any decision in this relatively small –low six-figure dollar value case – could have impacted Target's stock price or her family member's stock holdings. Moreover, even if Lobbin could demonstrate a violation of § 455, he cannot satisfy the standard for vacating Judge Sammartino's rulings under Rule 60, particularly in light of the Ninth Circuit's subsequent plenary review.

Lobbin's arguments lack merit, are untethered to the applicable standards under § 455 and Rule 60, and rely on nothing more than conclusory speculation and innuendo.  The motion should be denied accordingly.

## FACTUAL BACKGROUND

### I.    Eclipse's and Lobbin's Claims In This Case

Eclipse, a now inactive law firm, filed this lawsuit in June 2015 to recover legal fees purportedly owing from several retailers, including Target and Kmart, for Eclipse's work defending the retailers, pursuant to contractual vendor indemnity obligations, in various intellectual property and false advertising lawsuits.  (ECF 1). Lobbin, at all relevant times a partner at Eclipse, intervened and asserted similar claims against the retailer defendants, including Target and Kmart.  (ECF 49, 58).

These retailers – including Amazon, Toys R Us, Menard, and Fingerhut – had been sued in the underlying lawsuits because they each had resold allegedly infringing products manufactured by a common vendor, Manley.  The underlying lawsuits were filed by in multiple jurisdictions, with different combinations of retailer defendants.  Manley, pursuant to its defense and indemnity obligations to the retailers, contracted directly with Eclipse to defend these lawsuits against the retailers.  Manley, however, stopped paying Eclipse's fees, and, well after these underlying cases were resolved, Eclipse filed this lawsuit to recover from the retailers the fees that Manley allegedly refused to pay.  Lobbin claimed that he was entitled to a portion of those fees.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

2

OPPOSITION TO INTERVENOR'S MOTION TO VACATE ORDER OF
DISMISSAL AND OTHER SUBSTANTIVE RULINGS [DKT. 274]; CASE NO. 3:15-CV-01411-TWR-BLM

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1   Target was a defendant in two of the underlying cases, referred to as the
2   "**Worldslide Litigation**" and the "**Adams Litigation**." (ECF 1 at ¶¶ 12, 21; ECF 58
3   at ¶¶ 10, 22).  Kmart was a defendant in a third case, referred to as the "**Aviva**
4   **Litigation**." (ECF 1 at ¶ 17; ECF 58 at ¶ 16).  Eclipse alleged that Target owed a
5   total of $342,008.37 in legal fees –  $91,418.71 for the Worldslide Litigation and
6   $250,589.66 for the Adams Litigation, based on the separate invoicing for each of
7   the respective cases.  (ECF 50 at ¶¶ 11, 20).  Eclipse alleged that Kmart owed
8   $145,629.41 in legal fees for the Aviva Litigation, also based on invoicing for that
9   case.  (*Id.* at ¶ 16).  Lobbin sought to recover a portion of these amounts, likewise,
10   delineating by matter and party per the invoices.  (ECF 58 at ¶¶ 13, 19, 24).

11   Eclipse and Lobbin, in short, sought a total of $487,637.78 in legal fees from
12   Target and Kmart, of which, based on the invoiced amounts alleged, Target was
13   allegedly responsible for approximately 70% and Kmart for approximately 30%.
14   Target and Kmart were not co-defendants in any of these three cases, and neither
15   Eclipse nor Lobbin alleged in their subsequent claims against Target and Kmart that
16   Target and Kmart should be jointly liable for each other's allegedly unpaid legal fees
17   arising out of different underlying actions.

18   **II.    The Settlement**

19   In May 2018, this Court denied the parties' cross-motions for summary
20   judgment.[1]  (*See* ECF 193).  In June and July 2018, the parties reached a settlement
21   and negotiated a formal settlement agreement, which was signed on August 1, 2018.
22   (ECF 236-6).  Section 3 of the Settlement Agreement, which governed consideration,
23   specified that "Target and Kmart agree to cause Eclipse and Lobbin to be paid a
24   collective sum of $425,000" and included the following language: "Eclipse and
25   Lobbin recognize that Target and Kmart will each pay a portion of the Settlement

26   ────────────────────────
27   [1] Judge Sammartino issued a tentative ruling granting Defendants' motion for
     summary judgment and denying Eclipse's and Lobbin's motions.  After oral
28   argument, she reversed her tentative ruling in favor of Target and Kmart and,
     ultimately, denied all parties' motions.

3

Payment and Eclipse and Lobbin may receive their payments in one or more checks/wire payments from Target and/or Kmart." (ECF 236-6 at p. 2).

### III. Kmart's Bankruptcy Filing and Target's Settlement Payment

On September 28, 2018, this Court approved the parties' settlement, on an unopposed (including Lobbin) motion brought by Eclipse. (ECF 228). On October 15, 2018, Kmart declared bankruptcy, and this case was automatically stayed as to Kmart before payment by either Defendant was due. (ECF 229).

On November 14, 2018, Target made its timely settlement payment of $283,333 – $155,279.28 of which went to Eclipse, with the remaining $128,054.05 to Intervenor. (ECF 240 at p. 3). Because of its bankruptcy filing, Kmart did not pay its $141,667 portion of the settlement amount. (*Id*.).

### IV. The District Court's Denials of Eclipse's Post-Settlement Motions

On January 29, 2019, Eclipse and Lobbin filed separate motions seeking to enforce the Settlement Agreement arguing that, by refusing to pay the full settlement sum of $425,000, Target was in breach of the Settlement Agreement. (ECF 230, 234). More specifically, Eclipse and Lobbin argued that Section 3 of the Settlement Agreement was unambiguous in making both Defendants jointly liable for the full settlement amount. Eclipse and Lobbin asked the Court, in the wake of the bankruptcy filing by Kmart, to order Target to take on Kmart's payment obligations and pay the remaining $141,667 (with $77,639.64 to Eclipse and $64,027 to Intervenor).

On May 21, 2019, the Court entered an Order denying both Motions. (ECF 240). The denial was premised on a layered, two-part opinion by the Court with respect to the disputed Section 3 of the Settlement Agreement. First, the Court rejected Eclipse's and Lobbin's arguments that the Section 3 made both Defendants jointly liable for the entire settlement amount. Reading Section 3 as a whole, the Court held "that the plain language of this provision does not impose joint and several liability on Target and Kmart," as Eclipse and Lobbin had argued, because each

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

4

Defendant agreed to pay a portion of a collective sum and was obligated to make separate settlement payments.  (*Id.* at p. 5).  Second, and in the alternative, the Court found that, at best for the Eclipse and Lobbin, Section 3 was ambiguous on joint and several liability, and ultimately concluded that "[t]o the extent there is any ambiguity in" Section 3 on the issue of joint and several liability, the uncontested extrinsic evidence submitted by both Eclipse and Target "bolsters the conclusion that the Parties did not intend for Target and Kmart to be jointly (or jointly and severally) liable for the \$425,000 settlement payment."  (*Id.*).

On June 10, 2019, Eclipse filed an Application for Reconsideration of the District Court's First Denial Order.  (ECF 242).  Lobbin belatedly joined Eclipse's Application for Reconsideration.  (ECF 246).  On February 10, 2020, the District Court denied the Application.  (ECF 248).

## V.    The Ninth Circuit Appeal And Judge Sammartino's Recusal

On February 25, 2020, Eclipse filed a notice of appeal as to the Court's orders denying Eclipse's Motion to Enforce and denying Eclipse's Application for Reconsideration (hereinafter referred to as the "**Final Orders**").  (ECF 250).  Lobbin did not file a notice of appeal.

On June 6, 2020, Eclipse filed its opening brief as the appellant on June 6, 2020.  (9th Cir. ECF 11).  Target filed its answering brief as the appellee on September 8, 2020.  (9th Cir. ECF 19).  Also on September 8, 2020, Lobbin filed a brief before the Ninth Circuit, which he called a "Response Brief of Intervenor-Plaintiff-Appellee."  (9th Cir. ECF 22).

Target moved to strike Lobbin's "Response Brief."  (9th Cir. ECF 29).  In the motion to strike, Target argued that Lobbin was neither an appellant (since he did not file a notice of appeal) nor an appellee (since Eclipse, as the appellant, had raised no issues in the appeal that were adverse to Lobbin) in the appeal and, as such, was not a party to the appeal and was not entitled to file a "Response Brief."  (*Id.*).  Lobbin responded to the motion to strike.  (9th Cir. ECF 30).  The Ninth Circuit did not rule

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

5

OPPOSITION TO INTERVENOR'S MOTION TO VACATE ORDER OF
DISMISSAL AND OTHER SUBSTANTIVE RULINGS [DKT. 274]; CASE NO. 3:15-CV-01411-TWR-BLM

1   on the motion to strike before taking oral argument.  The Ninth Circuit held oral

2   argument on the appeal on March 5, 2021.  Counsel for Eclipse and Target, and

3   Lobbin (representing himself), participated in the oral argument.

4        On August 3, 2021, before the Ninth Circuit issued a decision, the Clerk of

5   Court for the Southern District of California (the "**Clerk**") issued a letter to the

6   parties, notifying them that Judge Sammartino had informed him "that it has recently

7   been brought to her attention that while she presided over the case a family member

8   owned stock in Target Corporation." (ECF 270 at p. 1).  The Clerk noted that "Judge

9   Sammartino was not aware of this financial interest at the time the case was pending"

10  and that it "was brought to her attention after her decisions in this case."  (*Id*.).  He

11  also stated that "this financial interest neither affected nor impacted her decisions in

12  the case."  (*Id*.)  Nonetheless, the Clerk invited the parties to "respond to Judge

13  Sammartino's disclosure of a conflict in this case." (*Id*. at p. 2).  If any party chose

14  to respond, the Clerk set a deadline of 30 days – by September 2, 2021 – for such a

15  response to be filed.  (*Id*.).

16       On August 20, 2021, the Ninth Circuit issued its Memorandum opinion (the

17  "**Opinion**") in the appeal.  (ECF 276; *see also* 9th Cir. ECF 49-1).  The Ninth Circuit

18  held, as a matter of law, that (1) the language of the settlement agreement does not

19  plainly impose joint and several liability on Target and Sears, as Eclipse argued, but

20  was instead ambiguous on that point (*see* Opinion at pp. 2-3); and (2) the District

21  Court did not err in considering extrinsic evidence and finding that undisputed

22  evidence supported Target's interpretation of the settlement agreement (*id*. at pp. 4-

23  / / /

24  / / /

25  / / /

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

6

OPPOSITION TO INTERVENOR'S MOTION TO VACATE ORDER OF
DISMISSAL AND OTHER SUBSTANTIVE RULINGS [DKT. 274]; CASE NO. 3:15-CV-01411-TWR-BLM

6).[2]  The Ninth Circuit affirmed the Final Orders.  (*Id*. at p. 6).  With respect to Lobbin, the Ninth Circuit granted Target's motion to strike Lobbin's brief, finding that "Lobbin did not file a notice of appeal, and Eclipse raised no arguments that were adverse to Lobbin in its briefing."  (*Id*.).

On September 3, 2021, Eclipse timely filed a Petition for Panel Rehearing or Rehearing *En Banc*.  (9th Cir. ECF 50).  On September 9, 2021, Lobbin filed his own petition to intervene to seek reconsideration and panel rehearing, which was untimely, as it was filed more than 14 days after the Opinion was issued on August 20.  (9th Cir. ECF 52).  Nowhere in either petition did Eclipse or Lobbin mention the August 3 letter from the Clerk of Court notifying the parties of Judge Sammartino's disclosure.  They did not make any argument to the Ninth Circuit about Judge Sammartino's disclosure or any alleged violation of § 455.

One day later, on September 10, 2021, after remaining silent on the issue before the Ninth Circuit, Lobbin filed a letter to the Clerk of Court regarding Judge Sammartino's disclosure – again late.  (ECF 272).  Lobbin filed the letter eight days after the September 2 deadline the Clerk set in his August 3 letter.[3]  (*See* ECF 270 at p. 2).  In his letter, Lobbin argued that Judge Sammartino's disclosure "requires setting aside the Court's prior substantive rulings," without identifying any such rulings.  (ECF 272 at p. 2).

On September 28, 2021, after this case had been transferred to Judge Robinson for consideration of Lobbin's tardy letter, the Court entered an order directing Lobbin

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

---

[2] The Ninth Circuit noted that any factual findings by the District Court would be reviewed under a clear error standard.  (ECF 276 at p. 4).  But, later, the Ninth Circuit indicated that the evidence was "unchallenged" and that, even if the District Court had clearly erred in applying the facts, Eclipse had nevertheless waived the only remedy available – rescission of the settlement agreement.  (*Id*. at pp. 5-6).

[3] Lobbin tried to obscure his late filing by backdating the letter to September 2, 2021.  (*See* ECF 272 at p. 1).  But, Lobbin's letter was not filed or served until September 10, as reflected on the ECF docket.

to submit, within 30 days, "a pleading that identifies which orders, if any, [Lobbin] believes require de novo review by the Court." (ECF 274).

On October 1, 2021, the Ninth Circuit denied Eclipse's Petition for Rehearing and Lobbin's Petition to Intervene. (9th Cir. ECF 53). The Ninth Circuit subsequently issued its Mandate, pursuant to Fed. R. App. P. 41(a). (ECF 276; *see also* 9th Cir. ECF 54).

## VI. Lobbin's Separate Lawsuit Against Target

On October 18, 2021, after losing on appeal and initiating this Court's review of Judge Sammartino's disclosure, Lobbin filed a separate lawsuit (the "**2021 Lawsuit**") in this District against Target and Kmart, alleging two tort claims and one statutory claim arising out of the same settlement payment dispute already addressed by Judge Sammartino and the Ninth Circuit and currently before this Court. (A copy of Lobbin's Complaint in the 2021 Lawsuit is attached hereto as **Exhibit A**). The 2021 Lawsuit is currently pending before the Honorable Anthony J. Battaglia. Lobbin has not yet served Target in that case.

## VII. Lobbin's Rule 60(b)(6) Motion

On October 28, 2021,[4] Lobbin filed a motion (the "**Motion**"), pursuant to Fed. R. Civ. P. 60(b)(6), asking this Court to vacate not only Judge Sammartino's two Final Orders (ECF 240, 248), but also six other orders issued earlier in the case:

- Magistrate Judge Major's May 12, 2017 Order Granting in Part and Denying in Part Defendants' Motion to Compel Depositions and for Sanctions (ECF 127);

- Magistrate Judge Major's July 6, 2017 Order Denying Lobbin's *Ex Parte* Motion for Reconsideration of Sanctions (ECF 146);

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

---

[4] Despite filing in October, Lobbin set the hearing for March 2022, in what appears to be an effort at further delay. Target has filed this Opposition months early in the hopes of bringing this matter to a close in short order.

8

OPPOSITION TO INTERVENOR'S MOTION TO VACATE ORDER OF
DISMISSAL AND OTHER SUBSTANTIVE RULINGS [DKT. 274]; CASE NO. 3:15-CV-01411-TWR-BLM

1
2
3

- Judge Sammartino's September 18, 2018 Order Granting Plaintiff's Motion to Approve Settlement and Dismissing Action with Prejudice (ECF 228);

4
5
6

- Judge Sammartino's orders awarding Target attorneys' fees pursuant to the attorney-fee provision in the Settlement Agreement (ECF 257, 262, and 269).

7  Lobbin asks the Court to vacate each of these orders and "return this action to
8  its status as of June 12, 2018" (ECF 278 at p. 14), before the parties reached a
9  settlement and before Target paid Eclipse and Lobbin a combined amount of
10 $283,333 – $155,279.28 to Eclipse and $128,054.05 to Lobbin.  Lobbin does not
11 commit to returning the settlement money paid to him and Eclipse, which of course
12 would be required to "return this action to its status as of June 12, 2018."

13 Notably, Lobbin says nothing in his Motion about the Ninth Circuit's Opinion.
14 Nor does he mention the separate lawsuit he filed against Target and Kmart in
15 October.[5]

16 ## ARGUMENT

17 Disqualification of a judge is governed by 28 U.S.C. § 455.  Lobbin's Motion
18 appears to implicate two subparts of that statute -- § 455(a) and § 455(b)(4).[6]

19 Under § 455(a), "any justice, judge, or magistrate judge of the United States
20 shall disqualify himself in any proceeding in which his impartiality might reasonably
21 be questioned."  28 U.S.C. § 455(a).  In addition, under § 455(b)(4), a judge shall

22

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

23  [5] Lobbin asserts in a footnote that Eclipse "hereby joins this Motion," citing to LR
24  7.1(j)(2).  (*See* Motion at p. 2 n.1).  But, Eclipse has not filed a Joinder, as is required
25  under the cited local rules, or taken any other action.  As such, Eclipse is not a party
to the Motion.

26  [6] Lobbin does not specify in his Motion which subsections of § 455 he believes Judge
27  Sammartino violated.  In fact, he says very little at all about § 455 in his Motion.
That said, in his prior letter to the Court, Lobbin identified both §§ 455(a) and
28  455(b)(4) as grounds for recusal.  (ECF 272 at p. 1).  As such, Target addresses both
subsections in this Opposition brief.

9

OPPOSITION TO INTERVENOR'S MOTION TO VACATE ORDER OF
DISMISSAL AND OTHER SUBSTANTIVE RULINGS [DKT. 274]; CASE NO. 3:15-CV-01411-TWR-BLM

disqualify himself where he "knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceedings." 28 U.S.C. § 455(b)(4). In order to prevail on a claim of judicial bias, a litigant must overcome a "strong presumption that a judge is not biased or prejudiced." *Sivak v. Hardison*, 658 F.3d 898, 924 (9th Cir. 2011).

As the Supreme Court has noted, "[s]ection 455 does not, on its own, authorize the reopening of closed litigation." *Liljeberg v. Health Servs. Acquisitions Corp.*, 486 U.S. 847, 863 (1988). Litigants wishing to raise a late challenge under § 455 must use the procedures provided in Rule 60(b)(6). *Id.*

Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice" and "only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). "Rule 60(b)(6) relief is accordingly neither categorically available nor categorically unavailable for all § 455(a) violations." *Liljeberg v. Health Servs. Acquisitions Corp.*, 486 U.S. 847, 864 (1988).

Thus, in order to prevail on his Motion, Lobbin must demonstrate both that Judge Sammartino violated § 455 and that such violation, if it occurred, merits vacating Judge Sammartino's Final Orders under Rule 60(b)(6). As explained further below, Lobbin does neither.

## I.   Lobbin Fails To Demonstrate That Judge Sammartino Violated Section 455

### A.   Judge Sammartino Had No Knowledge of Her Relative's Financial Interest at the Time She Presided

By its own terms, § 455(b)(4) requires recusal only where the district judge "knows" that her family member has a financial interest in a party. *Liljeberg*, 486

Baker & Hostetler llp
Attorneys at Law
Los Angeles

U.S. at 859 ("A careful reading of the respective subsections makes clear that Congress intended to require knowledge under subsection (b)(4) and not to require knowledge under subsection (a)"); *Davis v. Xerox*, 811 F.2d 1293, 1295 (9th Cir. 1987) (knowledge required under § 455(b)).

Here, Lobbin cannot demonstrate, and the record does not otherwise reflect, that Judge Sammartino knew her family member held a financial interest in Target at the time she entered the Final Orders.[7]  To the contrary, the Clerk's Notice expressly states that Judge Sammartino was not aware of the financial interest at the time the case was pending before her, that she learned of the financial interest after disposition of the case,  and that "the financial interest neither affected nor impacted her decisions in this case."  (ECF 270 at p. 1).  Judge Sammartino therefore lacked the requisite knowledge of her relative's financial interest in Target at the time she presided over this case and entered the Final Orders.

The Ninth Circuit addressed an analogous circumstance in *Davis v. Xerox,* holding that a district judge's ruling need not be vacated where the evidence supported the conclusion that he was not aware of his own disqualifying financial interests at the time he was presiding over the case.  811 F.2d at 1296.  The alleged basis for recusal is even more attenuated here because the financial interest at issue belonged to a family member, not to Judge Sammartino herself.  *See also Moore v. Intuitive Surgical, Inc.*, No. 15-56, 2019 WL 10784552, at *3 (M.D. Ga. Oct. 16, 2019) (no violation of § 455(b)(4) where there was no evidence that judge knew her spouse held a financial interest in the defendant).

Moreover, even if Judge Sammartino's lack of knowledge were not itself dispositive, § 455(b)(4) applies only where the judge or family member has a

---

[7] Nor can this knowledge be imputed to Judge Sammartino, as Lobbin suggests. "Because of the harsh consequences that can result, knowledge of facts requiring recusal should not be lightly imputed to a judge," particularly where, as here, § 455 "is not to be applied prospectively, but to be applied retrospectively to ruling the judge has already made."  *Davis,* 811 F.2d at 1296.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1   financial interest "that could be substantially affected by the outcome of the

2   proceedings."  Regardless of how much Target stock Judge Sammartino's family

3   member owned, a decision in Target's favor in this case, with no more than a few

4   hundred thousand dollars at issue, could not possibly affect the share price of Target,

5   a company with a market value of over $117 billion as of November 2021.  *See, e.g.,*

6   *Davis*, 811 F.2d at 1295 ("No reasonable person, however, would suppose that the

7   value of Xerox stock subject to the warrant or the warrant itself or the financial

8   stability of Xerox as a debtor would be affected one thimbleful by the outcome of the

9   present suit.")

10       For these reasons, Judge Sammartino did not violate § 455(b)(4).

11   **B.   No Reasonable Person Would Question Judge Sammartino's**

12   **Impartiality**

13       The standard under § 455(a) is an objective test that asks "whether a reasonable

14   person with knowledge of all the facts would conclude that that the judge's

15   impartiality might reasonably be questioned."  *Clemens v. United States District*

16   *Court*, 428 F.3d 1175, 1178 (9th Cir. 2005).  The "reasonable person" in this context

17   means a "well-informed, thoughtful observer," as opposed to a "hypersensitive or

18   unduly suspicious person."  *Id.*

19       It is unclear why Lobbin believes § 455(a) applies here, and he makes no effort

20   to apply his factual assertions to § 455(a) in his Motion.  Lobbin appears to argue

21   that Judge Sammartino's rulings in this case alone establish a lack of impartiality

22   under § 455(a).  More specifically, Lobbin claims that Judge Sammartino

23   "demonstrated increasing bias ***against Plaintiffs*** – strangely – rather than Target or

24   Kmart or their joint counsel."  (Motion at p. 11) (emphasis in original).  Lobbin

25   identifies only one such instance of this "increasing bias," arguing that, when Judge

26

27

28

Sammartino denied the parties' cross-motions for summary judgment, she showed bias against Plaintiffs on their quantum meruit claim.[8]  (*Id.* at pp. 11-12).

It is unclear how denial of cross-motions for summary judgment could be indicative of bias to a reasonable observer.  Moreover, the Ninth Circuit has made clear that bias under § 455 must derive from "an extrajudicial source," and "unfavorable rulings alone are legally insufficient to require recusal."  *In re Beverly Hills* Bancorp, 752 F.2d 1334, 1341 (9th Cir. 1984); *see also Clemens*, 428 F.3d at 1178-79 (impartiality under § 455(a) cannot be demonstrated by simply pointing to "prior rulings in the proceeding, or another proceeding, solely because they were adverse"); *Monica v. Williams*, No. 15-4857, 2017 U.S. Dist. LEXIS 83473, at *15 (N.D. Cal. May 31, 2017) ("Plaintiff's claim that the Court improperly applied the wrong legal standard in evaluating the evidence at summary judgment is not grounds for a new trial based on judicial bias"); *Szanto v. Marina Marketplace 1, LLC*, No. 11-cv-394, 2014 U.S. Dist. LEXIS 146993, at *9-10 (D. Nev. Oct. 15, 2014) ("Even assuming for the sake of argument that the Court made legal errors in this case, legal error does not constitute grounds for recusal without a showing of external personal bias.")

Finally, to the extent Lobbin is relying solely on the family member's stock ownership in Target to justify §455(a) recusal, that is also meritless.  As explained above, Judge Sammartino did not know of the financial interest in Target at the time she presided and issued the Final Orders.  And, even if she did know, there is no credible argument that the outcome of this case could have "substantially impacted" that financial interest, given the small amount at stake in this case relative to the size

---

[8] Lobbin also takes issue, again, with Judge Sammartino's rulings in the Final Orders, claiming she "misapplied basic, black-letter principles and presumptions of contract law" and that this was further evidence of her impartiality.  (Motion at p. 12).  But, if Judge Sammartino demonstrated impartiality in these rulings, they would not have been affirmed on appeal by the Ninth Circuit.  As such, no reasonable observer, with the benefit of the Ninth Circuit's Opinion, would view the Final Orders as evidence of impartiality,

13

OPPOSITION TO INTERVENOR'S MOTION TO VACATE ORDER OF
DISMISSAL AND OTHER SUBSTANTIVE RULINGS [DKT. 274]; CASE NO. 3:15-CV-01411-TWR-BLM

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

of Target's market value. As the Ninth Circuit held in *Davis*, no well-informed, thoughtful observer would believe that Judge Sammartino ruled in Target's favor in order to positively impact the stock holdings of her family member. *See, e.g., Davis*, 811 F.2d at 1295 (given that the outcome of the suit was unlikely to impact Xerox's share price, "[t]he judge's own financial welfare [and interest in Xerox] would be advanced not one whit whichever way he decided. No reasonable person would suspect bias in the judge. He did not violate § 455(a)").

Lobbin, in short, presents this Court with no evidence that could satisfy his burden of demonstrating that Judge Sammartino violated § 455(a).

## II.   Even If A § 455 Violation Occurred, Lobbin Cannot Meet His Burden Under Rule 60(b)(6)

### A.   Lobbin Cannot Seek Rule 60 Vacatur of Non-Final Orders

As an initial matter, Lobbin's Motion is procedurally improper as to two of challenged Orders – ECF 127 and 146 – because they are non-final orders issued by the magistrate judge, the Honorable Barbara L. Major, not Judge Sammartino.

"Rule 60(b) provides grounds for relief "from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). An order is "final" if it terminates the litigation and is subject to appeal. *Daniels v. Securitas Security Servs. USA, Inc.*, No. 18-265, 2019 WL 12372058, at *3 (S.D. Cal. July 23, 2019); *see also Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 886 F.3d 803, 816 (9th Cir. 2018). "Rule 60(b) does not provide relief from judgments, orders, or proceedings that are not final decisions within the meaning of 28 U.S.C. 1291, which generally cannot be appealed immediately." *Meas v. City and County of San Francisco*, 681 F. Supp. 2d 1128, 1142 (N.D. Cal. 2010).[9]

---

[9] *See also* Fed R. Civ. P. 60(b), Advisory Committee Notes, 1946 Amendment ("The addition of the qualifying word 'final' emphasizes the character of the judgments, orders, or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule...").

Both ECF 127 and 146 are rulings in connection with the parties' discovery motions, issued by the magistrate judge. They are not final or appealable. And, they were not issued by Judge Sammartino. As such, those orders are not subject to Rule 60 and have no relevance to Judge Sammartino's alleged violation of § 455. Lobbin's Motion should be denied outright as to those orders.

**B.    In Light Of the 9th Circuit's Review, There is No Basis to Vacate Judge Sammartino's Final Orders Under Rule 60**

Even where a judge has violated the recusal statute, vacatur is not always appropriate or required. "As in other areas of the law, there is surely room for harmless error committed by busy judges who inadvertently overlook a disqualifying circumstance." *Liljeberg v. Health Servs. Acquisitions Corp.*, 486 U.S. 847, 862 (1988). "There need not be a draconian remedy for every violation of § 455(a)." *Id.* In determining whether a judgment should be vacated pursuant to Rule 60(b)(6) for a failure to recuse under § 455, "it is appropriate to consider the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." *Liljeberg v. Health Servs. Acquisitions Corp.*, 486 U.S. 847, 864 (1988); *see also Senqui v. Qualcomm Tech., Inc.*, No. 19-2034, 2021 WL 4806509, at *2 (S.D. Cal. Oct. 14, 2021).

There are no such risks here because of the subsequent appellate review of the Finals Orders by the Ninth Circuit. As explained above, Eclipse challenged both Final Orders on appeal. After full briefing and oral argument, the Ninth Circuit affirmed the Final Orders. The parties, in short, have had the benefit of a full, plenary review by the Ninth Circuit of the legal issues in the Final Orders, thus negating any

/ / /

/ / /

/ / /

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

risk of prejudice to the parties that could have existed from a failure to recuse under § 455.[10]

Federal courts have consistently held that, in cases like this one, where an appellate court reviews a district judge's challenged actions and affirms them on them on the merits, either before or after a § 455 issue is raised, there is no risk of injustice to the parties, particularly if the review of the merits was plenary. *See, e.g.*, *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 485 (5th Cir. 2003) ("Because we review a summary judgment ruling *de novo*, using the same standards as the district court, the parties are guaranteed a fair, impartial review of the merits of the ruling," rendering any failure to recuse under § 455 harmless.); *Williamson v. Indiana Univ.*, 345 F.3d 459, 464-65 (7th Cir. 2003) (holding that there was no injustice to the parties as a result of the district judge's failure to recuse because "[o]n appeal, this court reviews the grant of summary judgment de novo, and therefore Williamson has received a full review by an impartial panel") (internal citations omitted); *Higganbotham v. Oklahoma ex rel. Oklahoma Tranps. Com'n*, 328 F.3d 638 (10th Cir. 2003) (failure to recuse under § 455 was harmless error because summary judgment ruling involved questions of law and appellate court "independently reviewed these issues de novo and concluded that plaintiff's complaint was properly dismissed"); *Parker v.*

---

[10] In his Motion, Lobbin also seeks vacatur of Judge Sammartino's September 18, 2018 Order granting Eclipse's motion to approve the parties' settlement agreement. (*See* Motion at pp. 2, 14) ("Plaintiffs request that the Court's dismissal order" be vacated). It is unclear why Lobbin believes this Orders should be vacated. Eclipse's motion was unopposed by Target and Lobbin. (*See* ECF 228). And, Lobbin makes no argument in his Motion as to why an unopposed motion to approve a settlement agreement involving all of the parties, including Lobbin himself, could be called into question because of an alleged violation of § 455. Furthermore, in affirming Judge Sammartino's rulings in the Final Orders, the Ninth Circuit signed off on the enforcement of the parties' Settlement Agreement. By asking this Court to vacate the order approving the Settlement Agreement, Lobbin is effectively asking the Court to undo the Ninth Circuit's Opinion enforcing the Settlement Agreement, in violation of the Ninth Circuit's Mandate. This should be denied outright.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*Connors Steel Co.*, 855 F.2d 1510, 1526 (11th Cir. 1988) (holding that, even though district judge should have recused under § 455(a), it would "be ridiculous to remand this case and reassign it to another judge after we have already exercised plenary review and have concluded that summary judgment was proper").

For all the same reasons, the denial of Lobbin's Motion would not risk injustice in other cases or of undermining the public's confidence in the judicial process. There is no evidence of actual bias here. To the contrary, Judge Sammartino has represented she was unaware of her family member's stock holding in Target at the time she presided over the case. (ECF 270). Moreover, Judge Sammartino, through the District Court Clerk, promptly notified the parties of the financial interest, once she discovered it. (*Id*.). And, the Ninth Circuit has already reviewed and affirmed her rulings, which, by itself, protects parties in other cases and the public trust. *See, e.g., Curves*, 685 F.3d at 1288 ("[B]ecause of our de novo review . . . the risk of injustice to other parties is non-existent . . . [and] the public's confidence in the judicial process cannot be said to be undermined . . . . The law does not require us to vacate [the judge's] summary judgment decision.").

Lobbin, of course, ignores this procedural history, and says nothing whatsoever about the Ninth Circuit's Opinion or its impact on his Rule 60 arguments. Instead, he tries to impugn Judge Sammartino's reputation generally and points to a recent decision to vacate Judge Sammartino's summary judgment ruling in another case, *Driscoll v. Metlife Insurance*.[11] (Motion at pp. 3-5). But, *Driscoll* did not

---

[11] Lobbin also digresses for over a page on how the judicial system should not favor "Goliaths" over "Davids," the many cases he has pending in this District at any time (including some before Judge Sammartino), and his own purported reputation and friendships in this District and in the San Diego legal community more generally. (Motion at pp. 12-13). None of this is relevant to the Court's considerations under Rule 60. To the extent there is any relevance, one would think that Lobbin's experience and reputation in this District would benefit him, not be a basis to claim that he was prejudiced because of alleged impartiality by Judge Sammartino.

17

involve a subsequent Ninth Circuit appeal, as occurred here. As such, the decision to vacate the final order in *Driscoll* is inapposite.

The Ninth Circuit has spoken in this case. Lobbin is attempting to use Judge Sammartino's disclosure, and Rule 60, to take a third shot at the same arguments he has already lost before both Judge Sammartino and the Ninth Circuit. Indeed, even as Lobbin pursues this Motion before this Court, he is already trying to setup a fourth shot at the same arguments, this time in a separate lawsuit filed in October 2021 and pending before Judge Battaglia.

Given the procedural history in this case, and Lobbin's repeated and ongoing efforts to undo prior rulings, vacating the Final Orders would create a risk of injustice, not protect against it, by potentially creating a conflict with the Ninth Circuit's ruling and Mandate,[12] unwinding a settlement in which Eclipse and Lobbin have already been paid, and unnecessarily prolonging and multiplying these proceedings. *Roe v. White*, No. 03-4035, 2008 WL 1808497, at *4 (N.D. Cal. Apr. 22, 2008) ("The only risk of injustice in this case arises from White's request that the Court vacate a final judgment that was affirmed by the Ninth Circuit following a binding settlement agreement knowingly entered into by White."). This Court should deny Lobbin's Motion accordingly. *See, e.g., Polaroid Corp. v. Eastman Kodak Co.*, 867 F.2d 1415, 1421 (Fed. Cir. 1989) (affirming denial of Rule 60 motion for district court judge's failure to recuse where moving party "availed itself fully of the judicial process

---

[12] By seeking to vacate Judge Sammartino's Final Orders, both of which have been affirmed on appeal, Lobbin is effectively asking this Court to ignore the Ninth Circuit's Mandate, which is not proper. "Under the 'rule of mandate,' a lower court is unquestionably obligated to "execute the terms of a mandate." *United States v. Kellington*, 217 F.3d 1084, 1092 (9th Cir. 2000); *see also United States v. Thrasher*, 483 F.3d 977, 981 (9th Cir. 2007). Compliance with the rule of mandate preserv[es] the hierarchical structure of the court system, and thus constitutes a basic feature of the rule of law in an appellate scheme." *San Francisco Herring Ass'n v. Dep't of the Interior*, 946 F.3d 564, 574 (9th Cir. 2019) (internal citations omitted).

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1   through a fair and complete trial and a full consideration of its arguments on appeal

2   . . .").

3   **C.    There Is No Indication of Bias or Prejudice in Judge Sammartino's**

4   **Attorneys' Fee Orders**

5          Lobbin also asks the Court to vacate Judge Sammartino's orders awarding

6   Target the attorneys' fees it incurred responding to Eclipse's and Lobbin's

7   unsuccessful motions to enforce the Settlement Agreement.  (Motion at pp. 1, 2, 14;

8   *see also* ECF 257, 262, and 269).  Lobbin offers no argument as to why any of these

9   orders was, or even could be, the result of bias.  And, neither he nor Eclipse sought

10  to appeal these orders when they were entered, as Judge Sammartino did nothing

11  more than apply the attorneys' fee provision in the Settlement Agreement, which

12  reads as follows:

13          The Parties agree that the prevailing Party or Parties in any action
            arising out of this Agreement shall be entitled to recover from the
14          other Party or Parties to such action all costs and reasonable
            attorney's fees incurred in connection with such action.
15

16  (ECF 257 at p. 2).

17         This is a straightforward fee provision.  There was no discretion here and no

18  potential for bias.  Once Judge Sammartino denied Eclipse's and Lobbin's motions

19  to enforce the Settlement Agreement – denials that have now been affirmed by the

20  Ninth Circuit – she simply enforced the terms of the fee provision and awarded Target

21  its fees as the prevailing party.  No reasonable person would suspect that impartiality

22  / / /

23  / / /

24  / / /

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

19

1    played a role in these decisions.   Lobbin's Motion as to these attorney fee orders
2    should be denied accordingly.

3                                              Respectfully Submitted,

4    Dated:  November 30, 2021        **BAKER & HOSTETLER LLP**

5

6                                          By:    */s/ John S. Letchinger*
7                                                  John S. Letchinger

8                                          *Attorneys for Defendant*
      TARGET CORPORATION

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

OPPOSITION TO INTERVENOR'S MOTION TO VACATE ORDER OF
DISMISSAL AND OTHER SUBSTANTIVE RULINGS [DKT. 274]; CASE NO. 3:15-CV-01411-TWR-BLM