# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ECLIPSE GROUP, LLP, a California limited-liability partnership,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, et al.,<br><br>Defendants. | Case No.: 3:15-cv-1411-RBM-BLM<br><br>**ORDER RE: INTERVENOR PLAINTIFF STEPHEN M. LOBBIN'S MOTION TO VACATE DISMISSAL & SUBSEQUENT RULINGS FOLLOWING DISTRICT JUDGE'S RECUSAL**<br><br>**[Doc. 278]** |

## INTRODUCTION

On August 3 and 6, 2021, the Clerk of Court notified the parties that District Judge Janis L. Sammartino had financial interests in Target Corporation and Amazon that would have required recusal under the Code of Conduct for United States Judges and invited the parties to respond. (Docs. 270, 271.)  Intervenor-Plaintiff Stephen M. Lobbin ("Lobbin") filed a response on September 10, 2021. (Doc. 272.)  The following day Judge Sammartino recused from the case.  The case was then reassigned to District Judge Todd W. Robinson.

(Doc. 273.) Judge Robinson directed Lobbin to identify which orders, if any, he believed require de novo review by the Court.[1] (Doc. 274.)

On October 28, 2021, Lobbin filed a motion to vacate Judge Sammartino's dismissal order (Doc. 228) and other substantive rulings (including but not limited to Docs. 127, 146, 240, 248, 257, 262, and 269) pursuant to Federal Rule of Civil Procedure 60(b)(6). (Doc. 278.) On November 30, 2021, Defendant Target Corporation ("Defendant") filed a response in opposition to the motion to vacate. (Doc. 279.) Lobbin filed a reply on February 23, 2022. (Doc. 280.) Judge Robinson held a hearing on the motion on March 2, 2022, where the motion was taken under submission. (Doc. 281.) On April 7, 2022, Judge Robinson transferred this case to the undersigned for all further proceedings in accordance with Civil Local Rule 40.1(b). (Doc. 282.) To maximize efficiency, the undersigned took this matter under submission without oral argument. (*See* Docs. 283-284.)

## BACKGROUND

This case has been pending since 2015, when the initial complaint was filed. (Doc. 1.) There have been nearly three hundred filings on the docket to date. Judge Sammartino issued many orders throughout the course of litigation, including issuing a May 30, 2018 order denying the parties' cross-motions for summary judgment. (Doc. 193.) On June 12, 2018, the Court issued an order setting a final pretrial conference for August 9, 2018. (Doc. 197.) On June 27, 2018, Lobbin filed a motion for reconsideration as to the Court's May 30, 2018 summary judgment order. (Doc. 198.) On August 1, 2018, Plaintiff and Lobbin entered into a putative settlement agreement with Defendants Target and Kmart. (Doc.

---

[1] The Clerk's letters invited the parties to respond to Judge Sammartino's disclosure of the conflict within thirty days, which would have been September 2, 2021, as to the August 3 letter. The Court's September 28, 2021 order directing the parties to identify orders subject to de novo review, by implication, excused any timeliness argument as to Lobbin's September 10 response letter. (Doc. 274.)

212.)  On August 9, 2018, the parties[2] filed a motion to approve the settlement notwithstanding a lien and abstract of judgment. (Doc. 208.)  On September 28, 2018, Judge Sammartino granted Plaintiff's motion to approve the settlement, dismissed the action with prejudice, and denied as moot Lobbin's motion for reconsideration of the summary judgment ruling. (Doc. 228.)  Shortly thereafter, Defendant Kmart filed for bankruptcy on October 18, 2018. (Doc. 229.)  On November 14, 2018, pursuant to the settlement agreement, Target paid $155,279.28 to Plaintiff and $128,054.05 to Lobbin. (Doc. 236 at 9.)  On December 14, 2018, Lobbin filed a motion for contempt against Defendants Target and Kmart for an alleged breach of the settlement agreement, on the grounds that Kmart did not pay its portion of the settlement to Plaintiff or Intervenor. (Doc. 231.)  Eclipse filed a motion to enforce the settlement agreement against Target on January 29, 2019. (Doc. 234.)  On May 21, 2019, Judge Sammartino denied Lobbin's motion for contempt and Plaintiff's motion to enforce the settlement agreement against Target. (Doc. 240.)  On February 10, 2020, Judge Sammartino denied Plaintiff's motion for reconsideration of its May 21 ruling.[3] (Doc. 248.)  Plaintiff filed a notice of appeal as to Judge Sammartino's orders dated May 21, 2019 (Doc. 240) and February 10, 2020 (Doc. 248). (Doc. 250.)

On February 21, 2020, Target filed a motion for attorney fees, given that it was the prevailing party for litigation arising out of the settlement agreement. (Doc. 249.)  Judge Sammartino granted Target's motion for fees in part, finding Target as the prevailing party, but denied the request as to the amount of fees owed. (Doc. 257.)  The Court ordered Target to file supplemental briefing as to its fees. (*Id.*)  On September 24, 2020, the Court

---

[2] Although this motion was filed by Plaintiff Eclipse, the motion states Plaintiff, Intervenor Plaintiff, and Defendants Target and Kmart sought "an Order from the Court, pursuant to California Code of Civil Procedure . . . . § 708.440, authorizing a settlement between all the parties to this action . . . notwithstanding the Notice of Lien and Abstract of Judgment filed with the court on December 8, 2016[.]" (Doc. 208 at 2.)

[3] Lobbin filed a brief in support of Plaintiff's motion for reconsideration. (Doc. 246.)

3

ordered Eclipse and Lobbin, jointly and severally, to pay Target's fees in the amount of $71,563.10. (Doc. 262 at 11.) On October 22, 2020, Lobbin filed a motion for reconsideration as to the September 24, 2020 order, and Judge Sammartino denied the motion on April 5, 2021. (Docs. 263, 269.) The Clerk notified the parties of Judge Sammartino's financial interests in Target and Amazon by letters dated August 3 and 6, 2021. (Docs. 270-271.)

## MOTION TO VACATE

Lobbin's motion to vacate seeks several forms of relief: (1) potential recusal of the undersigned; (2) disclosure and discovery of the circumstances surrounding Judge Sammartino's financial interest conflict; and (3) vacatur of several orders issued by Judge Sammartino. (*See generally* Doc. 278.) Lobbin seeks vacatur of the following orders:

- May 12, 2017 Order Granting in Part and Denying in Part Defendants' Motion to Compel Deposition and for Sanctions[4] (Doc. 127 at 10);
- July 6, 2017 Order Denying Intervenor's Ex Parte Motion for Reconsideration of Sanctions (Doc. 146);[5]
- September 28, 2018 Order Granting Plaintiff's Motion to Approve Settlement, Dismissing Action with Prejudice, and Denying as Moot Intervenor's Motion for Reconsideration (Doc. 228);
- May 21, 2019 Order Denying Intervenor's Motion re: Defendants' Contempt and Plaintiff's Motion to Enforce Settlement against Defendant Target (Doc. 240);
- February 10, 2020 Order Denying Plaintiff and Intervenor's Motion for Reconsideration re: Motion to Enforce Settlement Agreement (Doc. 248);
- June 23, 2020 Order Granting in Part Defendant Target Corporation's Motion for Attorney Fees (Doc. 257);

---

[4] U.S. Magistrate Judge Barbara L. Major issued this May 12 order. (Doc. 127.) It appears Lobbin only seeks reconsideration of the portion of the ruling that ordered Lobbin to reimburse defense counsel in the amount of $2,992.50 for defense counsel's costs and attorney fees in bringing the motion to compel. (Doc. 278 at 12.) Notably, Lobbin did not seek reconsideration of Magistrate Judge Major's May 12 order to the district judge on grounds that it was clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A).
[5] Magistrate Judge Major issued this July 6 order. (Doc. 146.) Lobbin also did not seek reconsideration of this ruling. *See* 28 U.S.C. § 636(b)(1)(A).

- September 24, 2020 Order Granting in Part and Denying in Part Defendant Target Corporation's Supplemental Motion for Attorney Fees (Doc. 262); and
- April 5, 2021 Order Denying Intervenor's Motion for Reconsideration re: Target Corporation's Supplemental Motion for Attorney Fees (Doc. 269).

(*See generally* Doc. 278.)

### A. Recusal of the Undersigned

The motion to vacate questions "whether this Court is in an appropriately independent position" to address this motion. (Doc. 276 at 5 (citing *Driscoll v. Metlife Ins.*, Case No. 15-cv-1162-CAB-LL, Doc. 145 (S.D. Cal. Oct. 8, 2021).) In *Driscoll*, a plaintiff sought to vacate Judge Sammartino's summary judgment order after she disclosed a financial interest that would have required her recusal. *Driscoll v. Metlife Ins.*, Case No. 15-cv-1162-CAB-LL, Doc. 140 (S.D. Cal. Aug. 17, 2021). District Judge Barry Ted Moskowitz determined he was required to recuse himself from deciding any motion to vacate, reasoning that he had a disqualifying conflict himself. *Driscoll v. Metlife Ins.*, Case No. 15-cv-1162-BTM-LL, 2021 WL 4710852 (Oct. 8, 2021). In his recusal order, Judge Moskowitz held that "the question before the Court is whether a reasonable person would conclude from the circumstances that Judge Sammartino knew of the disqualifying family member's stock holding in Metlife during the time she presided over the case." *Id.* at *2. Judge Moskowitz, however, declined to answer this question on the grounds that "the relationship between the district court judges and spouses [in this District] is sufficiently close that a reasonable person would question whether the undersigned judge could impartially determine [her] credibility or determine what discovery to order in as much as that would implicate her privacy." *Id.* at 3. Upon reassignment of the case District Judge Cathy Ann Bencivengo, the Court respectfully disagreed that "every judge in this [D]istrict has a relationship with Judge Sammartino that would preclude rendering a decision on whether Plaintiff is entitled to relief from judgment pursuant to [Federal Rule of Civil Procedure] Rule 60(b)(6)." *Driscoll v. Metlife Ins.*, Case No. 15-cv-1162-CAB-LL, 2021 WL 5323962, *1 (S.D. Cal. Oct. 19, 2021). This Court agrees with Judge Bencivengo's

analysis in *Driscoll*, and finds the circumstances do not require recusal of the undersigned. The Court will now turn to the whether relief from Judge Sammartino's orders is warranted.

B. <u>Relief from Court Orders</u>

As an initial matter, Lobbin requests the Court to grant relief from two rulings issued by Magistrate Judge Major: a May 12, 2017 order imposing sanctions against Lobbin related to a motion to compel filed by Defendants (Doc. 127 at 10); and a July 6, 2017 order denying Lobbin's motion for reconsideration as to Magistrate Judge Major's sanctions ruling (Doc. 146). (Doc. 278 at 2, 12.) Lobbin has made no inference that Magistrate Judge Major had any interest which would require her disqualification. Nor did Lobbin seek reconsideration of Judge Major's rulings before the disclosure Judge Sammartino's financial interest in Target. *See* 28 U.S.C. § 636(b)(1)(A). Accordingly, Lobbin's Motion is denied as to vactatur of Magistrate Judge Major's orders. The Court will now turn to whether vacatur of Judge Sammartino's orders (i.e., Docs. 228, 240, 248, 257, 262, and Doc. 269) is appropriate.

The disqualification of judges is governed by 28 U.S.C. § 455, which requires disqualification in cases where impartiality may reasonably be questioned. *See* 28 U.S.C. § 455(a) ("Any justice, judge, or magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned."). Under § 455(b)(4), a judge shall disqualify herself when "[s]he knows that [s]he, individually or as a fiduciary, or [her] spouse or minor child residing in [her] household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." Additionally, § 455(b)(5)(iii) provides that a judge shall disqualify herself if "[s]he or [her] spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person [i]s known by the judge to have an interest that could be substantially affected by the outcome of the proceeding."

There is no dispute that Judge Sammartino's family member owned stock in Target

Corporation[6] while Judge Sammartino presided over this case. (Docs. 270-271.) Upon discovery of this stock holding, Judge Sammartino was required to recuse herself from this case under 28 U.S.C. § 455(b)(4). *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 867 (1988) (holding that the district judge should have recused himself when he acquired actual knowledge of his conflict and that his failure to do so was a violation of section 455(b)(4)). Although Judge Sammartino later recused herself in response to Lobbin's September 10, 2021 letter, "that she did not do so sua sponte as soon as she discovered the disqualifying conflict was a violation of section 455(b)(4)." *Driscoll*, 2021 WL 5323962, *1 (finding violation of section 455(b)(4) under similar circumstances).

Additionally, the disqualifying family member's stock holding also resulted in a violation of 28 U.S.C. § 455(a). Regardless of Judge Sammartino's actual knowledge of the conflict, the Court finds that the public might reasonably believe that Judge Sammartino knew of her or her immediate family's stock holdings. *See Liljeberg*, 486 U.S. at 859-860 ("[s]cienter is not an element of a violation of § 455(a)," and "advancement of the purpose of the provision —to promote public confidence in the integrity of the judicial process . . .—does not depend upon whether or not the judge actually knew of facts creating an appearance of impropriety so long as the public might reasonably believe that he or she knew."). Even if Judge Sammartino did not actually know of her disqualifying interest in the litigation, she should have known in light of the requirements of 28 U.S.C. § 455(b)(4) and (c). *See Driscoll*, 2021 WL 5323962, *1 (citing *Liljeberg*, 486 U.S. at 867-68).

Having concluded that statutory violations occurred, the Court next considers whether relief upon is appropriate pursuant to Federal Rule of Civil Procedure 60(b)(6). "[I]n determining whether a [decision] should be vacated for a violation of § 455(a), it is appropriate to consider the risk of injustice to the parties in the particular case, the risk that

---

[6] Lobbin's motion does not appear to take issue with Judge Sammartino's interest in Amazon stock, therefore, the Court will focus its analysis on Judge Sammartino's interest in Target stock. (*See* Doc. 278.)

the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." *Liljeberg*, 486 U.S. at 864.

Considering the three factors above, the Court finds it necessary to vacate Judge Sammartino's orders issued at Docket Nos. 228, 240, 248, 257, 262, and 269. First, Defendant has not made a showing of special hardship by reason of their reliance upon any order. *Liljeberg*, 486 U.S. at 869. Rather, Defendant implies there is an appearance of gamesmanship, in that Lobbin only sought relief from Judge Sammartino's orders (on September 10, 2021) after the Ninth Circuit affirmed her order enforcing the parties' settlement agreement (on August 20, 2021). (Doc. 279 at 11-12.) Defendant also highlights Plaintiff and Lobbin's failure to raise this issue "with the Ninth Circuit when they sought rehearing of their appeal" on September 3, 2021, and September 9, 2021, respectively. (*Id*. at 12.) While the timing of the Ninth Circuit order on appeal (August 20, 2021) and Lobbin's Ninth Circuit rehearing briefing (September 9, 2021) occurred near in time to the disclosure of Judge Sammartino's financial interests, this does not necessarily imply gamesmanship as Lobbin's response to the Clerk's letter was due on September 2, 2021.[7] The Court finds Lobbin acted with reasonable diligence by responding to the conflict within thirty-five days of receipt of notice of the conflict. *Compare Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, No. 19-56514, Doc. 185 (Apr. 8, 2022) (*en banc*) (finding no disqualifying conflict by district judge and balance of equities did not support vacating class certification order order when party waited *over ninety days* to raise issue of alleged § 455 violation and failed to raise the issue on *two* separate occasions). The Court also does not find persuasive Defendant's argument that the Ninth Circuit order affirming Judge Sammartino's orders on appeal resolves any possible risk of prejudice, as Defendant did not cite any binding authority to support this

---

[7] The Court's September 28, 2021 order directing the parties to identify orders subject to de novo review, by implication, excused any timeliness argument as to Lobbin's September 10 response letter. (Doc. 274.)

argument. (Doc. 279 at 20-21.)

Second, denial of relief in this case could produce injustice in other cases because "it could discourage litigants from examining the grounds for disqualification of judges under the belief that courts are disinterested in enforcing § 455." *Driscoll*, 2021 WL 5323962, *2. Third, the public's confidence in the judicial process would be undermined if relief is not awarded. Regardless of Judge Sammartino's actual knowledge of her family's financial interests in Target, there is no dispute Judge Sammartino issued rulings in this case while she was disqualified under § 455(a). Her lack of knowledge of the conflict does not excuse her in light of her obligations under § 455(c) to be informed about her "personal and fiduciary interests, and make a reasonable effort to inform [her]self about the personal financial interests of [her] spouse and minor children residing in [her] household." *Driscoll*, 2021 WL 5323962, *2. Moreover, the many publicly reported instances of federal judges presiding over cases in violation of § 455[8] creates a particular risk of undermining public opinion in the judicial process if relief is not provided. Accordingly, Plaintiff is entitled to relief under Rule 60(b)(6) as to Judge Sammartino's orders issued at Docket Nos. 228, 240, 248, 257, 262, and 269).[9]

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** as follows:

1. Intervenor Plaintiff's motion to recuse the undersigned is **DENIED**;
2. Intervenor Plaintiff's motion to vacate Judge Sammartino's September 28, 2018 Order Granting Plaintiff's Motion to Approve Settlement, Dismissing Action with

---

[8] *See* James V. Grimaldi, Coulter Jones, Joe Palazzolo, *131 Federal Judges Broke the Law by Hearing Cases Where They Had a Financial Interest*, Wall Street Journal, Sept. 28, 2021, https://www.wsj.com/articles/131-federal-judges-broke-the-law-by-hearing-cases-where-they-had-a-financial-interest-11632834421 (last visited Feb. 1, 2023).

[9] The vacatur of Judge Sammartino's orders is not a reversal of her rulings. The Court will independently consider the briefing underlying the orders issued at Docket Nos. 228, 240, 248, 257, 262, and 269, and will issue de novo rulings.

|   |   |
|---|---|
| 1 | Prejudice, and Denying as Moot Intervenor's Motion for Reconsideration (Doc. |
| 2 | 228), May 21, 2019 Order Denying Intervenor's Motion re: Defendants' Contempt |
| 3 | and Plaintiff's Motion to Enforce Settlement against Defendant Target (Doc. 240), |
| 4 | February 10, 2020 Order Denying Plaintiff and Intervenor's Motion for |
| 5 | Reconsideration re: Motion to Enforce Settlement Agreement (Doc. 248), June 23, |
| 6 | 2020 Order Granting in Part Defendant Target Corporation's Motion for Attorney |
| 7 | Fees (Doc. 257), September 24, 2020 Order Granting in Part and Denying in Part |
| 8 | Defendant Target Corporation's Supplemental Motion for Attorney Fees (Doc. 262), |
| 9 | and April 5, 2021 Order Denying Intervenor's Motion for Reconsideration re: Target |
| 10 | Corporation's Supplemental Motion for Attorney Fees (Doc. 269) is **GRANTED**. |
| 11 | The Court will issue an order as to the motions underlying the above-vacated orders. |
| 12 | Such motions are taken under submission without oral argument pursuant to Civil |
| 13 | Local Rule 7.1(d)(1).  No need for supplemental briefing; |

3. Intervenor Plaintiff's motion to vacate Judge Major's May 12, 2017 Order Granting in Part and Denying in Part Defendants' Motion to Compel Deposition and for Sanctions (Doc. 127 at 10), and July 6, 2017 Order Denying Intervenor's Ex Parte Motion for Reconsideration of Sanctions (Doc. 146) is **DENIED**; and

4. Intervenor Plaintiff's request for discovery about the circumstances of Judge Sammartino's conflict is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DATE:  February 1, 2023

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE