UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ECLIPSE GROUP, LLP, a California limited-liability partnership,<br><br>                              Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, et al.,<br><br>                          Defendants. | Case No.:  3:15-cv-1411-RBM-BLM<br><br>**ORDER:**<br><br>**(1) DENYING INTERVENOR PLAINTIFF STEPHEN M. LOBBIN'S MOTION FOR RECONSIDERATION (Doc. 287);**<br><br>**(2) SETTING BRIEFING SCHEDULE AND HEARING ON PENDING MOTIONS; and**<br><br>**(3) DIRECTING PARTIES TO COMPLY WITH CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 708.440**<br><br>**[Doc. 287]** |

On February 1, 2023, the Court issued an order granting Intervenor-Plaintiff Stephen M. Lobbin's ("Lobbin") motion to vacate certain rulings issued by U.S. District Judge Janis L. Sammartino due to a financial interest which would have required Judge Sammartino to

1

recuse herself from the case under 28 U.S.C. § 455(b)(4).  (Doc. 285.)  Pursuant to its February 1 Order, the undersigned vacated Judge Sammartino's orders issued at Docket Nos. 228, 240, 248, 257, 262, and 269[1] and stated it will conduct a *de novo* review of all motions underlying the above-vacated orders. (*Id.* at 9 n. 9.)  One of the orders vacated by the undersigned's February 1 ruling was Judge Sammartino's September 28, 2018 Order Granting Plaintiff's Motion to Approve Settlement, Dismissing Action with Prejudice, and Denying as Moot Intervenor's Motion for Reconsideration (Doc. 228).

On February 15, 2023, Lobbin filed a motion for reconsideration of the undersigned's February 1 Order on the basis that he no longer joins the Motion to Approve Settlement underlying Judge Sammartino's now-vacated September 28, 2018 Order "because of the problems resulting from the ambiguity of the parties' prior August 2018 putative settlement agreement."[2]  (Doc. 287 at 2.)  Lobbin's contention that he no longer joins the Motion to Approve Settlement does not present new or different facts and circumstances to support reconsideration of the undersigned's vacatur order.  *See* CivLR 7.1(i)(1).   The undersigned's vacatur order merely examined whether or not Judge Sammartino had a conflict of interest while presiding over the case and what orders, if any, required vacatur.   Accordingly, Lobbin's motion for reconsideration (Doc. 278) is **DENIED**.

---

[1] The vacatur of Judge Sammartino's orders is not a reversal of her rulings.

[2] Lobbin cites an August 2, 2018 motion to approve settlement issued at Docket 206 as the motion he no longer joins.  (Doc. 287 at 2.)  Judge Sammartino denied the August 2, 2018 motion without prejudice because the parties did not follow California Code of Civil Procedure § 708.440 and did not provide the underlying settlement agreement for the Court's review.  (Doc. 207.)  On August 9, 2018, Plaintiff The Eclipse Group LLP filed a motion to approve settlement which was joined by Defendants Target Corporation and Kmart Corporation and Intervenor Lobbin.  (Doc. 208.)  On September 28, 2018, Judge Sammartino granted the August 9, 2018 motion (Doc. 208).  (Doc. 228.)  The undersigned vacated Judge Sammartino's September 28, 2018 order approving the settlement.  (Doc. 285.)  It appears Lobbin erroneously referenced the August 2, 2018 motion at Docket 206 as opposed to the August 9, 2018 motion at Docket 208 as the motion he "no longer joins."

The Court permits, but does not require, the parties to submit optional supplemental briefing, not to exceed fifteen pages in total, in support of their briefing on the motions that are now pending (Docs. 208, 215, 222, 230, 234, 236, 238, 239, 242, 246, 249, 253, 254, 255, 260, 261, 263, 265, 266) due to the undersigned's vacatur of Judge Sammartino's orders.  The supplemental briefing, if any, must be filed no later than **April 3, 2023**. Judgment creditor Burkhalter Kessler Clement and George, LLP may file optional supplemental briefing in response to The Eclipse Group LLP's August 9, 2018 Motion to Approve Settlement (Doc. 208), which must be filed no later than **April 3, 2023**.  Only the merits of the respective motions and why the Court should rule in favor of Plaintiff, Defendants, Intervenor, and/or Judgment creditor Burkhalter Kessler Clement and George, LLP, respectively, shall be addressed in these supplemental briefs.  The parties may address whether and why Judge Sammartino's rulings issued at Docket Nos. 228, 240, 248, 257, 262, and 269 were legally or factually incorrect, but the Court will not entertain argument as to her disqualification or violation of 28 U.S.C. § 455.  A hearing on the pending motions (Docs. 208, 215, 222, 230, 234, 236, 238, 239, 242, 246, 249, 253, 254, 255, 260, 261, 263, 265, 266) is **HEREBY SET** for **April 12, 2023 at 1:30pm** in Courtroom 5B.

Given that The Eclipse Group LLP's August 9, 2018 Motion to Approve Settlement is pending a ruling by the undersigned, the parties are **DIRECTED** to comply with California Code of Civil Procedure § 708.440.  The parties are **DIRECTED** to serve the following documents on Burkhalter Kessler Clement & George LLP and its counsel of record: (1) a copy of this order; (2) a copy of the Court's February 1, 2023 Order re: Intervenor Plaintiff Stephen M. Lobbin's Motion to Vacate Dismissal & Subsequent Rulings Following District Judge's Recusal (Doc. 285); (3) a copy of The Eclipse Group LLP's August 9, 2018 Motion to Approve Settlement (Doc. 208); and (4) any supplemental briefing filed in response to this Order.

/ / /

/ / /

/ / /

3

1       **IT IS SO ORDERED**.

2 DATE:  March 23, 2023

3

4           HON. RUTH BERMUDEZ MONTENEGRO

5           UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28